UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SIERRA CLUB, CLEAN WATER ACTION,
GULF RESTORATION NETWORK, CHRIS LOY,
and RICHARD SOMMERVILLE

       Plaintiffs,

v.                                         Civ. No. 1:07-cv-01756

LT. GEN. ROBERT L. VAN ANTWERP,
in his official capacity as Chief of Engineers,
U.S. Army Corps of Engineers,
DIRK KEMPTHORNE, in his official capacity
as Secretary, U.S. Department of the Interior, and
H. DALE HALL, in his official capacity as
Director,  U.S. Fish and Wildlife Service,

       Defendants.
_____/

## FEDERAL DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

### INTRODUCTION

In this case, Plaintiffs seek judicial review of, and allege injury resulting from, agency action concerning the construction of a shopping mall located <u>entirely</u> in Pasco County, Florida. Thus, there is a strong public interest in having Plaintiffs' claims adjudicated in the Middle District of Florida. Plaintiffs oppose Defendants' transfer motion, yet offer scant justification for maintaining this action within the District of Columbia. For the reasons set forth below, Plaintiffs' choice of forum should be afforded little or no weight where, as here, any ties to the chosen forum are attenuated as compared to the transferee forum.

1

**ARGUMENT**

I. **The Middle District of Florida is a Home Forum to the Individually-Named Plaintiffs.**

Plaintiffs assert that the District of Columbia is their "home forum" because Sierra Club and Clean Water Action are resident here. DE # 7 at 8. However, the three other Plaintiffs do not reside here. The individually named Plaintiffs, Chris Loy and Richard Sommerville, reside in the Middle District of Florida. DE # 1, Compl. ¶¶ 17, 26. Thus, the question is not whether Plaintiffs are entitled to maintain a lawsuit within their home forum but whether Plaintiffs' choice between two different home forums should be afforded any deference.

Because the Middle District of Florida is a home forum to two of the named Plaintiffs, the reasoning in the various cases involving transfer to a Plaintiffs' home forum remains applicable here. E.g., DE # 7 at 9 (citing California Farm Bureau Fed'n v. Badgley, No. CIV 02-2328(RCL) 2005 WL 1532718 (D.D.C. June 29, 2005); Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13 (D.D.C. 1996); Hawksbill Sea Turtle v. FEMA, 939 F. Supp. 1 (D.D.C. 1996); Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991); Harris v. Republic Airlines, 699 F. Supp. 961, 963, 964 (D.D.C. 1988); Citizen Advocates for Responsible Expansion v. Dole ("I-CARE"), 561 F. Supp. 1238 (D.D.C. 1983)). For example, in Trout Unlimited, one of the plaintiff organizations was a resident of Arlington, Virginia. 944 F. Supp. at 17. Yet the Court nonetheless transferred the case to Colorado because Colorado had a dominant interest in the suit: the challenged agency decision was made there; two other plaintiffs resided there; and the effects of the agency action directly impacted Colorado. Id. at 17-20.

The geographic distribution of Plaintiffs here also mirrors that in I-CARE, where three plaintiffs were residents of the transferee forum, and a fourth was a District of Columbia resident.  561 F. Supp. 1238.  In transferring the case to Texas, this Court noted that the District of Columbia plaintiff (National Trust for Historic Preservation) relied "on the status of approximately 900 of their members as residents of the Fort Worth area who would be adversely [a]ffected by the actions challenged here."  Id. at 1239-40.  The reliance demonstrated that the "organization[,] too[,] is closely connected to that forum."  Id. at 1240.  The Court found the connection sufficient to "substantially diminish" the defendant's burden for the transfer motion, despite the organization's residency in the District of Columbia.  Id.

Here, Plaintiffs Sierra Club and Clean Water Action both rely on their Florida membership to articulate their interest in the challenged federal action.  Compl. ¶¶ 9-15, 21-30. Moreover, on information and belief, Clean Water Action maintains an office in the Middle District of Florida at 2002 E. 5th Avenue, Unit 101, Tampa, FL 33605.  Sierra Club has a Tampa Bay Group, with a mailing address of P.O. Box 1948, Tampa, FL 33601-1948.  Though a resident of New Orleans, Plaintiff Gulf Restoration Network ("GRN") also notes the potential impacts on its membership base near the permit subject area.  Compl. ¶¶ 17-20.  Thus, despite residency elsewhere, Sierra Club, Clean Water Action, and GRN are closely connected to the Middle District of Florida.  Accordingly, considering the individually named Plaintiffs' residency in the Tampa area and the Plaintiff environmental groups' substantial ties to the Middle District of Florida, Plaintiffs' choice of the District of Columbia as forum should be afforded no meaningful weight here.

**II.     The Middle District of Florida Is Sufficiently Convenient for the Plaintiffs.**

Plaintiffs fail to demonstrate that it would be inconvenient to litigate this case if it were transferred to the Middle District of Florida.  Certainly, it was not inconvenient for Plaintiffs' counsel, only a few months ago, to commence a substantially similar action challenging the Cypress Creek Town Center development.  See Citizens for Sanity.Com v. Van Antwerp, Case No. 8:07-cv-01106-SDM-MSS (M.D. Fla. filed June 26, 2007) (DE # 5 Exhibit 1).  Convenience did not preclude Plaintiffs' counsel from litigating Fund for Animals, Inc. v. Rice, Case No.8:94-cv-01913-SDM (M.D. Fla. 1995) (DE # 5 Exhibit 5), aff'd 85 F.3d 535 (11th Cir. 1996).

Straining to contrive a justification for maintaining this case in the District of Columbia, Plaintiffs contend that the subject matter of this litigation complements the work done by Plaintiffs Sierra Club and Clean Water Action in their offices here.  DE # 7 at 8-9.  This is not a compelling rationale.  As evidenced by the numerous decisions granting motions to transfer venue, see generally DE # 5 (Memorandum in Support of Motion to Transfer) at 8-14, this Court does not allow the Sierra Club and other environmental groups to maintain every lawsuit in the District of Columbia regardless of how attenuated the facts of the case are to this forum.

**III.    Convenience of Potential Witnesses and the Intervenor-Applicant Favors Transfer.**

Federal Defendants concur in Plaintiffs' assessment that this case may, theoretically, proceed to summary judgment based on an administrative record without an evidentiary hearing. However, Plaintiffs themselves have included a request for preliminary injunctive relief in their Complaint.  If Plaintiffs file a motion seeking such preliminary injunctive relief, it may be necessary for the Court to receive limited extra-record evidence, for example, to assess Plaintiffs' allegations of any irreparable harm.  See, e.g. Esch v. Yeutter, 876 F.2d 976, 991

(D.C. Cir. 1989) (consideration of extra-record evidence may be appropriate in cases where relief is at issue, especially at the preliminary injunction stage).  Under those circumstances, it may be necessary for agency staff located in the Middle District of Florida to provide testimony.  Transfer of venue to the Middle District of Florida would facilitate such participation.

Transfer of venue would also facilitate participation by the Intervenor Applicants (Sierra Properties I, LLC, Pasco 54, Ltd., Pasco Ranch, Inc., and JG Cypress Creek LLC).  As stated in Intervenor-Applicants' venue papers, the project site is located in Pasco County, which is within the Middle District of Florida.  See DE # 8-4 at 1.  Transfer of venue would facilitate participation, if necessary, by staff and consultants who have worked on state and federal permitting for the Cypress Creek Town Center development.  See generally id. at 3 (referring to local, state, and Federal permitting processes).

Assuming for the sake of argument that Plaintiffs are correct in their assumption that this case can be resolved in its entirety based on the administrative record without resort to evidentiary proceedings, it would not be inconvenient for the parties to litigate this case in the Middle District of Florida.  The Middle District of Florida uses the same ECF filing system as this Court, and it is conceivable that the case may be decided without requiring any of the parties or their attorneys to physically appear in the Middle District of Florida.  However, transfer of venue would ensure that it would be convenient for local agency staff to participate in proceedings in the event that evidentiary or oral argument proceedings are required.

**IV.     Defendants' Preferred Forum is the Tampa Division of the Middle District of Florida.**

Defendants specified that they were seeking transfer to the Middle District of Florida. To the extent that it is necessary to identify a specific transferee division within the Middle District of Florida, Defendants would recommend transfer to the Tampa Division, where the Cypress Creek Town Center project site is located. Transfer to the Tampa Division would be consistent with the imperative that cases should be decided in the region where they have local impact. See Oil, Chem. & Atomic Workers Local Union No. 6-148 v. N.L.R.B., 694 F.2d 1289 (D.C. Cir. 1982). Indeed, the Tampa Division is precisely where Plaintiffs' counsel filed the substantially similar lawsuit, only a few months ago, challenging the very same permit authorizing construction of the Cypress Creek Town Center shopping mall. See Citizens for Sanity.Com, Case No. 8:07-cv-01106-SDM-MSS (DE # 5 Exhibit 1).

**V.      The Transferee Court's Familiarity with Governing Law and the Relative Congestion of the Courts Warrants Transfer.**

Plaintiffs essentially concede that neither familiarity with governing law nor the relative congestion of the courts justifies continuing this action in the District of Columbia. Indeed, these factors slightly favor transfer to the Middle District of Florida. As Plaintiffs acknowledge, the Middle District of Florida has a slightly shorter median time between filing and final termination of a case. DE # 7 at 14-15. As to familiarity with governing law, Plaintiffs correctly note that all federal courts are presumed to be equally familiar with federal law. Id. at 14. The U.S. District Court for the Middle District of Florida has specific experience applying federal environmental law to factual disputes concerning endangered species and lands within Florida. E.g. Sierra Club v. U.S. Army Corps of Eng'rs, 295 F.3d 1209 (11th Cir. 2002) (affirming

decision in National Environmental Policy Act ("NEPA") and Endangered Species Act ("ESA") case from U.S. District Court for the Middle District of Florida); Fund for Animals v. Rice, 85 F.3d 535, 541 (11th Cir. 1996) (same). To the extent that familiarity with governing law and relative congestion of the courts weigh in either direction, they weigh in favor of transfer to the Middle District of Florida.

### VI. Location Where the Claims Arose and Local Interests in This Litigation Both Strongly Favor Transfer.

As detailed in Defendants' opening memorandum, there is a strong public interest in hearing this action in the locality where the claims arose. See DE # 5 at 8-14. Plaintiffs do not dispute that the project site is located entirely within the Middle District of Florida. Plaintiffs do not allege that the environmental effects of the challenged activities will extend to the District of Columbia. Instead, Plaintiffs erroneously suggest that this case will have "national interest and impact in the District of Columbia," DE # 7 at 16, to the extent that Plaintiffs allege possible effects on endangered species. Defendants do not dispute that Congress has declared that endangered species have unique value to the Nation and its people. 16 U.S.C. § 1531(a). However, it does not follow that the United States District Court for the District of Columbia should hear every case involving an endangered species. Similarly, there is no credible basis for Plaintiffs to assert that this Court should hear every case involving alleged impacts on wetlands or other waters of the United States. Defendants previously cited numerous decisions in which courts have exercised their discretion to transfer environmental cases to venues where the claims arose. See DE # 5 at 9-12.

It is of no moment that the United States, in its discretion, sometimes consents to litigation of claims in the District of Columbia in certain other cases where there may be grounds

to request transfer to another forum.  Plaintiffs have failed to rebut the key facts supporting transfer to the Middle District of Florida.  It is indisputable that Plaintiffs' claims in this case are based on the alleged environmental effects of a shopping mall development located entirely within Pasco County, Florida.  Thus, it is surprising that Plaintiffs would insinuate that Defendants' motion to transfer is "a tactical ploy to advance forum shopping," DE # 7 at 15, where Plaintiffs have failed to explain why their counsel commenced a substantially similar lawsuit in the Middle District of Florida and dismissed it the very next day, after it was assigned to Judge Merryday.

     Plaintiffs are unpersuasive in their efforts to draw parallels with past cases in which transfer motions were denied.  See DE # 7 at 18-21.  Cases cited by Plaintiffs indicate that this Court has been willing to overlook local impacts and concerns only when the facts demonstrate some clear national interest at stake, a factor which is lacking here.

     For example, the Court's decision in Wilderness Soc'y v. Babbitt, on which Plaintiffs heavily rely, turned on the strong factual nexus between the District of Columbia and the dispute.  The Court specifically noted Secretary Babbitt's direct involvement in the challenged decision.  104 F. Supp. 2d 10, 14 (D.D.C. 2000) (noting in the denial of transfer that "[Secretary Babbitt] made a six-day visit to the area, and met with and was briefed by local Inupiaq Eskimo residents, government and industry officials, and scientists").  Secretary Babbitt also made public comments on his power to prevent the lease in question, and personally signed the record of decision and briefed the public in the District of Columbia.  Id.  The action's national impact was also illustrated by public comments received from all 50 states and public meetings held in the District of Columbia and San Francisco.  Id.  See also Akiachak Native Cmty. v. Department

of Interior, No. CIV 06-969 (RWR), 2007 WL 2367754 at *2 (D.D.C. Aug. 21, 2007) (Department of the Interior's decision-making process, complete with public meetings, took place in the District of Columbia).

By contrast, Plaintiffs do not allege that the Defendants or agency staff located in the District of Columbia played any direct role whatsoever in the challenged agency action. On information and belief, the challenged federal decisions were made by Corps and FWS offices in the Middle District of Florida. Thus, the case here more closely follows Trout Unlimited, where all the decision-making took place outside the District of Columbia and the transfer motion was granted. See Trout Unlimited, 944 F. Supp. at 17-18.

The other cases Plaintiffs cite in favor of their argument that transfer is unwarranted are similarly distinguishable from the present facts. See Fund for Animals v. Norton, 352 F. Supp. 2d 1 (D.D.C. 2005) (transfer denied where District Court for the District of Columbia was already involved in the controversy and had issued two prior decisions); Concerned Rosebud Area Citizens v. Babbitt, 34 F. Supp. 2d 775, 776 (D.D.C. 1999) (transfer denied where time constraints required a quick resolution); Defenders of Wildlife v. Babbitt, No. 99-206 (D.D.C. Oct. 12, 1999) (transfer denied where the challenged action was a failure to place the Atlantic Salmon on the nation's "threatened species" list) (DE # 7 Ex. D); National Wildlife Fed'n v. Westphal, No. 98-2700, 1999 WL 1567731, (D.D.C. Mar. 3, 1999) (transfer denied where the sole plaintiff was a District of Columbia resident) (DE # 7 Ex. F); Friends of the Earth v. U.S. Army Corps of Eng'rs, No. 98-0801 (D.D.C. Aug 10, 1998) (transfer denied where the court had previously decided a case with the same parties, facts, geographical location, and legal issues) (DE # 7 Ex. E).

**CONCLUSION**

This case challenges Federal agency action regarding the construction of a shopping mall located entirely within Pasco County, Florida. This case does not implicate national interests. For the reasons set forth herein and in Defendants' opening memorandum, this case should be transferred to the Tampa Division of the Middle District of Florida, where two of the individually named Plaintiffs reside.

Respectfully submitted this 22nd day of October, 2007.

                                              RONALD J. TENPAS
                                              Acting Assistant Attorney General
                                              Environment & Natural Resources Division

Date:   October 22, 2007                /s/ Mark A. Brown
                                              MARK A. BROWN (FL Bar No. 0999504)
                                              Senior Trial Attorney
                                              mark.brown@usdoj.gov
                                              U.S. Department of Justice
                                              Environment and Natural Resources Division
                                              Wildlife and Marine Resources Section
                                              P.O. Box 7369
                                              Washington, D.C. 20044-7369
                                              Telephone: (202) 305-0204
                                              Facsimile: (202) 305-0275

                                              ANDREW J. DOYLE
                                              Florida Bar No 84948
                                              andrew.doyle@usdoj.gov
                                              U.S. Department of Justice
                                              Environment and Natural Resources Division
                                              Environmental Defense Section
                                              P.O. Box 23986
                                              Washington, D.C. 20026-2986
                                              Telephone: (202) 514-4427
                                              Facsimile: (202) 514-8865
                                              Attorneys for Defendants

Of Counsel:

Dorothy L. Boardman
U.S. Army Corps of Engineers
Jacksonville District
P.O. Box 4970
Jacksonville, Florida 32232-0019
Tel: (904) 232-1165
Fax: (904) 232-3692
E-mail:  Dorothy.L.Boardman@saj02.usace.army.mil
Attorney for Federal Defendants

Delores Young
Department of the Interior
Office of the Regional Solicitor
Southeast Region
75 Spring St., S.W.
Suite 304
Atlanta, GA  30303
Telephone: (404) 331-3379
Facsimile: (404) 730-2682