**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————————
)
SIERRA CLUB, et al.,                )
)
    Plaintiffs,                )
)
    v.                        )          Civ. No. 1:07-cv-01756 (RCL)
)
LT. GEN. ROBERT L. VAN ANTWERP, et al.,   )
)
    Defendants.                )
———————————————————————)

**PLAINTIFFS' RESPONSE TO SIERRA PROPERTIES I, LLC, PASCO 54, LTD.,
PASCO RANCH, INC., AND JG CYPRESS CREEK LLC'S
MOTION TO INTERVENE**

    The proposed intervenors in this case are national real estate developers seeking to build the Cypress Creek Town Center ("CCTC"). They assert they are the "true parties of interest to this action." See Memorandum of Points and Authorities in Support of the Motion to Intervene of Sierra Properties I, LLC, Pasco 54, LTD, Pasco Ranch, Inc., and JG Cypress Creek LLC ("Mem.") at 2. And they voluntarily appear before the Court seeking to intervene and participate in Plaintiffs' challenge, here in the District of Columbia, to the United States Army Corps of Engineers' ("Corps'") issuance of the CCTC section 404 permit, and the United States Fish and Wildlife Service's ("Service's") concurrence therein.

    More specifically, the proposed intervenors/developers include: a) JG Cypress Creek LLC, an Ohio company, Mem. at Ex. C, Judson E. Smith Affidavit, at ¶¶ 1-2, that is an affiliate of the Richard E. Jacobs Group, Inc., "a prominent national developer of shopping centers" headquartered in Ohio, http://www.rejacobsgroup.com/index.aspx?id=32 (emphasis added); and

b) Sierra Properties I, LLC, Pasco 54, Ltd., and Pasco Ranch, Inc., all affiliates and/or doing business under the name of "Sierra Properties," Mem. at Ex. B, John H. Sierra, Jr., Affidavit at ¶ 1, <u>a real estate development company whose projects span "11,000 acres of land located across the United States</u>," <u>http://www.sierra-properties.com/corporate/index.php?page_id=12</u> (emphasis added) (collectively "Proposed Intervenors"). Perhaps not surprisingly, given the nation-wide nature of the business operations of Proposed Intervenors, their counsel is White and Case, an international law firm whose attorneys here in White and Case's Washington, D.C., office signed and filed Proposed Intervenors' brief. Mem. at 13.

All interested parties - national developers, national environmental organizations, and United States governmental agencies - are now present before the Court to litigate Plaintiffs' challenge to the Corps' CCTC permit. All of the parties have counsel here in Washington D.C., and the government has already begun producing the administrative record. The Motion to Intervene therefore further highlights why the Court should reject the government's request for transfer - asserting that the case belongs in Florida because it purportedly concerns local interests particular to Florida - since the case in fact involves national parties and national interests in protecting wetlands and endangered and threatened species.

Plaintiffs do not object to Proposed Intervenors' permissive intervention under Fed. R. Civ. P. ("Rule") 24(b). However, as discussed below, Proposed Intervenors have not met their burden of demonstrating inadequate representation by the government, and thus they are not entitled to intervene as of right under Rule 24(a).

**BACKGROUND**

Plaintiffs in this case are national and large regional environmental organizations with headquarters and/or other significant offices and work in the District of Columbia, and two individual Plaintiffs. <u>See</u> Complaint at pp. 4-13. Plaintiffs challenge actions by two federal agencies, the United States Army Corps of Engineers and the United States Fish and Wildlife Service, both headquartered in the District of Columbia.

Plaintiffs contend that the Corps' and Service's actions are contrary to several federal environmental laws. More specifically, Plaintiffs assert that the Corps' issuance of a permit for the construction of the Cypress Creek Town Center in federally protected wetlands and occupied habitat of federally listed species violates the Endangered Species Act, 16 U.S.C. § 1532 et seq. ("ESA"); the Clean Water Act, 33 U.S.C. § 1344 et seq. ("CWA"); and the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. ("NEPA").

Proposed Intervenors are large national real estate developers, their subsidiaries and/or their affiliates. <u>See</u> <u>http://www.rejacobsgroup.com/</u> (describing the Richard E Jacobs Group as "<u>one of the nation's premier developers of commercial real estate</u>") (emphasis added); <u>http://www.rejacobsgroup.com/index.aspx?id=35</u> (discussing the Richard E. Jacobs Group's CCTC development, which will "combine elements of a power center with that of a lifestyle center, creating a diverse offering of department stores, discount stores, entertainment, restaurants, and specialty stores in a lushly landscaped setting"); Mem. at Ex. B, John H. Sierra, Jr., Affidavit at ¶ 1 (describing corporate relations between Proposed Intervenors and Sierra Properties); <u>http://www.sierra-properties.com/corporate/index.php?page_id=12</u> (noting that Sierra Properties "<u>is working on over 11,000 acres of land located across the United States</u>" with

projects spanning from Tampa to Bozeman, Montana);

http://www.sierra-properties.com/projects/new/project.php?id_proj=9 (describing Sierra

Properties' CCTC development).  Proposed Intervenors seek to intervene because they contend

that if the Corps' permit is set aside, Proposed Intervenors' business operations and financial

interests, which are supposedly in part reliant on the permit, will be threatened.  E.g. Mem. at 7,

8.

## ARGUMENT

Plaintiffs do not object to permissive intervention under Rule 24(b).  However,

intervention as of right under Rule 24(a) should be denied because Proposed Intervenors have not

established the inadequacy of the government's representation, as required by Rule 24(a).

Rule 24(a) provides for intervention as of right when four criteria are met: (1) timeliness;

(2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation

by existing parties.  Smoke v. Norton, 252 F.3d 468, 470 (D.C. Cir. 2001).  Proposed Intervenors

must demonstrate each of these elements, as well as constitutional standing to intervene as of

right.  Fund For Animals v. Norton, 322 F.3d 728, 731-32 (D.C. Cir. 2003).

In assessing the adequacy of existing representation, courts look to whether the interests

of the intervener and the existing parties might diverge.  Id. at 736 (analyzing whether "the

interests of the [intervener] and those of the FWS might diverge during the course of litigation").

Whether or not existing representation is adequate, the issue in this case, is a determination

subject to the Court's discretion.  Id. at 732.

Here, Proposed Intervenors have not demonstrated how their interests and the interests of

the government might diverge.  The government seeks to defend its actions in issuing the CCTC

4

permit as consistent with federal law. And the very interest Proposed Intervenors assert that they have in this case is a financial harm that would allegedly result if the permit is set aside. See Mem. at 7 ("[Proposed Intervenors'] interests will be adversely affected by the relief requested by Plaintiffs, i.e., the setting aside of the Cypress Creek Town Center permit" which would allegedly cause the loss of "their significant investments . . . .") (emphasis added).

Rather than identifying a true divergence of interest, Proposed Intervenors proffer two entirely speculative hypotheticals as to when they assert they "may disagree" with the government. Mem. at 9. First, the government "may agree to place conditions on the permit that will negatively impact [Proposed Intervenors]," and second, "[Proposed Intervenors] may wish to advance a timetable for these proceedings" that differs from the government's timetable. Id. Not only are both of these scenarios pure conjecture, but Proposed Intervenors, as permissive intervenors, could still protect their interests in either hypothetical, and if for some reason they believed they could not, and these speculative events came to pass, Proposed Intervenors could seek intervention as of right at that time. See State v. U.S. Fish and Wildlife Service, 262 F.3d 13, 21 (1st Cir. 2001) (citing cases and upholding denial of intervention as of right and directing the court to "revisit the matter of intervention" should the government at some subsequent date fail to adequately represent the interests of would be intervenors).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Proposed Intervenors' application for intervention as of right under Rule 24(a). Plaintiffs do not oppose, however, Proposed Intervenors' application for permissive intervention under Rule 24(b).

5

Respectfully submitted,

_____/S/_____
Joshua R. Stebbins
(D.C. Bar. No. 468542)


_____/S/_____
Howard M. Crystal
(D.C. Bar No. 446189)


Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W.
Suite 700
Washington, D.C.  20009
(202) 588-5206


Dated:  October 24, 2007

6

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

————————————————————————

| | |
|---|---|
| SIERRA CLUB, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Civ. No. 1:07-cv-01756 (RCL) |
| | ) |
| LT. GEN. ROBERT L. VAN ANTWERP, et al., | ) |
| | ) |
| Defendants. | ) |

————————————————————————

**PROPOSED ORDER**

This matter is before the Court on the Motion to Intervene of Sierra Properties I, LLC,

Pasco 54, LTD, Pasco Ranch, Inc., and JG Cypress Creek LLC ("Proposed Intervenors'")

("Motion").  Upon consideration of Proposed Intervenors' Motion, Plaintiffs' opposition thereto,

as well as the entire record in this case, it is, by the Court, this __ day of ____, 2007, hereby

ORDERED that

Proposed Intervenors are granted permissive intervention under Rule 24(b), and

Proposed Intervenors are denied intervention as of right under Rule 24(a).


_____

Royce C. Lamberth
United States District Judge


Dated: _____