UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, CLEAN WATER ACTION, GULF RESTORATION NETWORK, CHRIS LOY, and RICHARD SOMMERVILLE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LT. GEN. ROBERT L. VAN ANTWERP, in his official capacity as Chief of Engineers, U.S. Army Corps of Engineers, DIRK KEMPTHORNE, in his official capacity as Secretary, U.S. Department of the Interior, and H. DALE HALL, in his official capacity as Director, U.S. Fish and Wildlife Service,<br><br>　　　　Defendants. | Civil Action No. 1:07-cv-01756 (RCL) |

## SIERRA PROPERTIES I, LLC, PASCO 54, LTD., PASCO RANCH, INC., AND JG CYPRESS CREEK LLC'S REPLY IN SUPPORT OF MOTION TO INTERVENE

Sierra Properties I, LLC, Pasco 54, Ltd., Pasco Ranch, Inc., and JG Cypress Creek LLC (collectively, "Movant-Intervenors") file this reply in support of their Motion to Intervene (D.E. 8).

I.  **INTRODUCTION**

Plaintiffs concede that Movant-Intervenors should be allowed to intervene in this action. While Plaintiffs argue that such intervention should be permissive, as opposed to as of right, Plaintiffs set forth no legitimate grounds for making this distinction. Plaintiffs' sole argument in opposition to Movant-Intervenors' intervention as of right is their contention that Federal Defendants adequately represent the interests of the permittee/project developer, a position that has been uniformly and consistently rejected by the courts of this Circuit.

Plaintiffs' response is nothing more than a thinly-veiled attempt to provide further argument in opposition to Federal Defendants' Motion to Transfer Venue ("Motion to Transfer"). Indeed, what is striking about Plaintiffs' memorandum is how desperate they are to avoid a transfer of venue to the Middle District of Florida. Most of their memorandum is devoted to addressing the venue issue. Missing from their discussion is any acknowledgment that they have engaged in a game of forum-shopping, having filed this case only after filing and dismissing a nearly identical lawsuit in the Middle District of Florida. Movant-Intervenors need separate intervention in this case so that they can directly confront Plaintiffs' tactics in a way that Federal Defendants cannot.

As there is no principled basis to deny intervention as of right to Movant-Intervenors – the permittee and property-owners – and Plaintiffs have advanced none, the Court should allow Movant-Intervenors to intervene as of right.

## II.    DISCUSSION

### A.    Movant-Intervenors Are Entitled To Intervene As Of Right

Plaintiffs agree that Movant-Intervenors should be allowed to intervene in this action. Opp'n at 2. Furthermore, they concede that the first three factors supporting intervention as of right are met here, basing their opposition on their contention that Federal Defendants will adequately represent Movant-Intervenors' private interests. Opp'n at 4. This position is inconsistent with the cases in the D.C. Circuit, which have held that governmental entities do not adequately represent the interests of intervention-applicants with private interests at stake in the action, such as Movant-Intervenors. *See Fund for Animals v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (holding that U.S. Fish and Wildlife Service ("FWS") and District of Columbia could not adequately represent the interests of the Mongolian ministry in action challenging listing of

central Asian argali sheep as threatened because FWS represents the "interests of the American people, as expressed by the ESA, while the [Mongolian ministry's] concern is for Mongolia's people and natural resources" and the District of Columbia "is charged by law with representing the public interests of its citizens"); *Natural Res. Def. Council v. Costle*, 561 F.2d 904, 912-13 (D.C. Cir. 1977) (rubber and chemical companies allowed to intervene in action against the Environmental Protection Agency ("EPA") where settlement agreement required EPA to establish regulations for various pollutants because intervention-applicants' interests were "more narrow and focused than EPA's"); *Smuck v. Hobson*, 408 F.2d 175, 181 (D.C. Cir. 1969) (school board did not adequately represent interests of intervening parents because the "board represents all parents," while the intervening parents were concerned with their own individual children); *see also Friends of Animals v. Kempthorne*, 452 F. Supp. 2d 64, 70 (D.C. Cir. 2006) (finding that Department of Interior would not adequately represent interests of intervening hunting organizations in action challenging decision to exclude certain species of antelope from prohibition of killing and selling endangered species).

Federal Defendants' obligations "[are] to represent the interests of the American people," while Movant-Intervenors' obligation is to represent their own private business interests. *Fund for Animals*, 322 F.3d at 736; *see also Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986) ("A government entity such as the District of Columbia is charged by law with representing the public interest of its citizens. State Farm, on the other hand, is seeking to protect a more narrow 'parochial' financial interest not shared by the citizens of the District of Columbia."). Federal Defendants would not be fulfilling their statutory obligations if they advanced the private interests of Movant-Intervenors over the interests of the American people, to the extent these interests may differ. Moreover, Federal Defendants are not privy to the

interests or positions of Movant-Intervenors, or the evidence supporting such interests or positions. Therefore, even if Federal Defendants were inclined to advance Movant-Intervenors' interests or positions, they are not in a position to adequately advance such interests or positions.

Federal Defendants and Movant-Intervenors' agreement on the validity of the permit Plaintiffs seek to set aside does not demonstrate that Federal Defendants will represent all of Movant-Intervenors' private interests throughout the proceedings. *See Costle*, 561 F.2d at 912 (holding that EPA may not adequately represent interests of chemical and rubber companies after finding that "a shared general agreement [by EPA] with appellants that the regulations should be lawful does not necessarily ensure agreement in all particular respects about what the law requires . . . appellants may well have honest disagreements with EPA on legal and factual matters."); *Nuesse v. Camp*, 385 F.2d 694, 703 (D.C. Cir. 1967) ("[t]he tactical similarity of the present legal contentions of the [parties] does not assure the adequacy of representation or necessarily preclude the [intervenors] from the opportunity to appear on [their] own behalf"); *see also County of San Miguel, Colorado v. MacDonald*, No. 06-1946, 2007 WL 2367759, at *10 (D.D.C. Aug. 21, 2007) (allowing trade associations to intervene in action challenging decision of FWS not to list the Gunnison sage-grouse as "endangered" or "threatened" because FWS would not represent the interests of trade associations' members).

Plaintiffs assert that Federal Defendants adequately represent the interests of Movant-Intervenors because the potential differences between Movant-Intervenors and Federal Defendants are "hypothetical." Opp'n at 5. The Supreme Court has recognized the typically hypothetical nature of this inquiry, holding that the "adequate representation" factor is a "minimal" burden that is satisfied if the movants "show[] that representation of [their] interest[s] '*may be*' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)

(emphasis added) (quoting Moore's Federal Practice).  Movant-Intervenors have more than met this minimal burden.

Plaintiffs argue that the Court should grant permissive intervention now, and should address intervention as of right later in the proceedings when the concrete differences between Federal Defendants and Movant-Intervenors become evident.  Such a two-stage process is not contemplated by Rule 24 and has never been approved by the D.C. Circuit.  Moreover, such a process will unnecessarily delay and complicate the intervention process.  Plaintiffs cite only *Maine v. U.S. Fish and Wildlife Service*, 262 F.3d 13, 21 (1st Cir. 2001), in support of their proposed two-stage intervention process, *see* Opp'n at 5, but that case actually supports Movant-Intervenors' intervention in this case.  In *Maine v. U.S. Fish and Wildlife Service*, the First Circuit never adopted or approved a two-stage intervention process, and never addressed intervention as of right versus permissive intervention.  262 F.3d at 21.  In affirming the district court's denial of intervention to several environmental groups that had moved to intervene to defend federal agency decisions designating Atlantic salmon as an endangered species, the First Circuit distinguished the environmental groups from successful intervention-applicants who, like Movant-Intervenors, had "direct private interests" that the "government had and could have no interest in protecting." *Id.* at 20.

Movant-Intervenors are entitled to intervene as of right pursuant to Rule 24(a) because all four of the requisite factors are present here.  But, regardless of whether Movant-Intervenors intervene as of right, or are allowed to intervene permissively, Movant-Intervenors request that the Court place no conditions or limitations on the scope of their intervention because of the significant interests that even Plaintiffs concede Movant-Intervenors have in this action.

B.   **Venue Should Be Transferred To The Middle District Of Florida**

Plaintiffs primarily utilize their response to the Motion to Intervene as another vehicle to challenge Federal Defendants' Motion to Transfer, distracting from the unopposed intervention issue by rearguing the transfer issue. This discussion is in addition to Plaintiffs' memorandum in opposition to Federal Defendants' Motion to Transfer, and a subsequent gratuitous "notice" filed by Plaintiffs (D.E. 11), which contains further argument against a transfer of venue. Plaintiffs clearly believe that they must avoid a transfer of venue. The obvious reason why Plaintiffs want to avoid a transfer of venue is that it would undo their blatant effort to forum shop.

This issue of venue demonstrates why it is important that Movant-Intervenors be allowed to separately intervene. While the government has correctly pointed out many of the reasons why venue should be transferred to the Middle District of Florida, Movant-Intervenors are able to provide a level of clarity that Federal Defendants may be reluctant to offer.

As set forth by Federal Defendants in their Motion to Transfer (D.E. 5) and their Reply in Support of Motion to Transfer (D.E. 9), Pasco County, in the Middle District of Florida, is where the project at issue is located, where the actions at issue took place, where the local agency staff who made the decisions being challenged are located, where the impacts are, where the named Plaintiffs reside, and where the environmental group Plaintiffs, *i.e.* the Sierra Club, Clean Water Action, and Gulf Restoration Network, have members. Moreover, Movant-Intervenors are the owner and developers of Cypress Creek Town Center, which is located in the Middle District of Florida.

In addition to the factors identified by Federal Defendants, Plaintiffs' obvious forum shopping is another critical factor supporting transfer of this action to the Middle District of Florida. Three months prior to filing this action, the same lawyers who filed this action filed

essentially the same action in the Middle District of Florida. *See Citizens for Sanity.Com., Inc. and Daniel Rametta v. Antwerp and Hall*, Case No. 8:07-cv-01106-SDM-MSS, a copy of which was attached as Exhibit 1 to Federal Defendants' Motion to Transfer. One day after the case was assigned to the Honorable Judge Steven D. Merryday, Plaintiffs' counsel immediately dismissed the case. They filed this virtually identical action three months later.

There is no real difference between *Citizens for Sanity.Com* and this action. Both lawsuits were filed by the same law firm. Both lawsuits bring the same three claims under the National Environmental Policy Act, Clean Water Act, and Endangered Species Act. Both lawsuits attack Cypress Creek Town Center, and name the same agency defendants.

The only "difference" between the two suits is the technical names of the Plaintiffs, but, even then, Plaintiffs in this case are linked to the plaintiffs in *Citizens for Sanity.Com*. Named as Plaintiffs in this case are the Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy, and Richard Sommerville. Plaintiffs' counsel did not inform the Court that Daniel Rametta, a named plaintiff in *Citizens for Sanity.Com*, is a member of the Sierra Club, a plaintiff in this case. In addition, Richard Sommerville, a named plaintiff in this case, acted as a representative of Citizens for Sanity.Com., Inc., a plaintiff in the first case, during the administrative proceedings regarding the Cypress Creek Town Center permit. It is clear that the same group of people is involved on the Plaintiffs' side in both cases, and that they simply changed the nominal plaintiffs in an effort to hide the connection between the two lawsuits. It would be disingenuous to suggest that there is any meaningful difference between the plaintiffs in the two cases.

Plaintiffs' blatant forum shopping weighs heavily in favor of transfer. *See Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 5 (D.D.C. 2006) (granting motion to transfer after finding that, "[t]o the extent that plaintiffs are engaging in forum shopping, it weighs in favor of

transfer"); *Schmid Labs. v. Hartford Accident and Indem. Co.*, 654 F. Supp. 734, 736 (D.D.C. 1986) (granting motion to transfer after finding that, "[d]efendants' second and much more persuasive argument is that transfer is warranted in the interest of justice because [plaintiff] engaged in forum shopping in choosing to file this lawsuit in the District of Columbia").

Movant-Intervenors respectfully submit that they should be allowed to intervene as of right in this case, so that they can defend their rights directly and candidly lay out the facts regarding the case.

## **CONCLUSION**

Based on the foregoing, and the reasons set forth in the Motion to Intervene, Movant-Intervenors respectfully request that this Court grant their Motion to Intervene.

Dated: November 5, 2007.

Respectfully Submitted,

WHITE & CASE LLP

_/s/ Eric Grannon_
Eric Grannon (D.C. Bar No. 473778)
Erin M. Everitt (D.C. Bar No. 497407)
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

Of Counsel:

Douglas M. Halsey
T. Neal McAliley
Angela D. Daker
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, Florida 33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th of November, I caused Movant-Intervenors' Reply in Support of Motion to Intervene to be served upon the following parties by U.S. mail:

Eric Robert Glitzenstein
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Washington, DC 20009
(202) 588-5206
Fax:(202) 588-5049
Email: eric@meyerglitz.com

*Counsel for Plaintiffs' Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy and Richard Sommerville*

Mark Arthur Brown
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7369
Ben Franklin Station
Washington, DC 20044-7369
(202) 305-0204
Fax: (202) 514-0097
Email: mark.brown@usdoj.gov

*Counsel for Defendants' Robert van Antwerp, Dirk Kempthorne and Dale Hall*

_____
Erin M. Everitt