UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SIERRA CLUB, CLEAN WATER ACTION,
GULF RESTORATION NETWORK, CHRIS LOY,
and RICHARD SOMMERVILLE

          Plaintiffs,

v.                                     Civ. No. 1:07-cv-01756

LT. GEN. ROBERT L. VAN ANTWERP,
in his official capacity as Chief of Engineers,
U.S. Army Corps of Engineers,
DIRK KEMPTHORNE, in his official capacity
as Secretary, U.S. Department of the Interior, and
H. DALE HALL, in his official capacity as
Director,  U.S. Fish and Wildlife Service,

          Defendants.

_____/

## FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (DE # 1)

    Federal Defendants, Lt. Gen. Robert L. Van Antwerp, in his official capacity as Chief of

Engineers, United States Army Corps of Engineers ("the Corps"), Dirk Kempthorne, in his

official capacity as Secretary of the U.S. Department of the Interior, and H. Dale Hall, in his

official capacity as Director, U.S. Fish and Wildlife Service ("the Service" or "FWS"), hereby

answer the allegations in the Complaint of Plaintiffs, Sierra Club, Inc., Clean Water Action, Gulf

Restoration Network, Chris Loy and Richard Sommerville (hereinafter collectively "Sierra

Club").  All averments not specifically admitted are denied.  The numbered paragraphs in this

Answer correspond to the numbered paragraphs in Sierra Club's Complaint.

    1.    This paragraph characterizes Plaintiffs' complaint, and no response is required.

To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

1

2.      Federal Defendants admit that the Cypress Creek Town Center ("CCTC") site contains suitable habitat for the eastern indigo snake and marginal habitat for the Wood Stork, but deny the remaining allegations in the first sentence of this paragraph.  The second sentence of this paragraph purports to characterize or paraphrase a designation made by Pasco County, Florida, which speaks for itself and is the best evidence of its content, and consequently no response is required.  With regard to the third sentence of this paragraph, Federal Defendants admit that Cypress Creek is adjacent to the site and that it is a tributary of the Hillsborough River.  The third sentence of this paragraph also purports to characterize or paraphrase a designation made by the State of Florida, which speaks for itself and is the best evidence of its content, and consequently no response is required.  The allegations in the fourth sentence of this paragraph are admitted in the sense that on-site stormwater will flow into on-site wetlands and ultimately into Cypress Creek, but the water will be treated to remove pollutants before it enters these receiving waters.  Federal Defendants admit that the CCTC project will result in the paving of some groundwater recharge areas but deny the remaining allegations in the fifth sentence of this paragraph.

3.      The allegations of this paragraph are denied.

4.      This paragraph characterizes Plaintiffs' complaint, and no response is required. To the extent that any further response is necessary, Federal Defendants deny the allegations in this paragraph.

5.      This paragraph characterizes Plaintiffs' complaint, and no response is required. To the extent that any further response is necessary, Federal Defendants deny the allegations in this paragraph.

6.      Plaintiffs' Complaint omits a numbered paragraph 6.

**Jurisdiction**

7.      This paragraph states legal conclusions, to which no response is required.

**Parties**

8.      Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

9.      Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny the same.  With regard to the second sentence of this paragraph, Federal Defendants admit that manatees and Wood Storks depend on habitat that exists in and around waters of the United States, but deny that Florida Scrub Jays and Eastern Indigo snakes depend on habitat that exists in and around waters of the United States.  Federal Defendants admit that Wood Storks utilize habitat in Cypress Creek, but deny that Florida Scrub Jays, Eastern Indigo snakes or manatees utilize Cypress Creek.  Federal Defendants admit that Wood Storks, Florida Scrub Jays, Eastern Indigo snakes utilize the watershed basin, but deny that manatees utilize the watershed basin. Federal Defendants admit that manatees and Wood Storks utilize the lower Hillsborough River, but deny that Florida Scrub Jays or Eastern Indigo snakes utilize the lower Hillsborough River. Federal Defendants admit that the CCTC site contains marginal habitat for Wood Storks. Federal Defendants deny the remaining allegations in the second sentence of this paragraph.

10.     Federal Defendants deny the allegations in this paragraph.

11.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

12.     Federal Defendants deny the allegations in this paragraph.

13.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

14.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

15.     Federal Defendants deny the allegations in this paragraph.

16.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

17.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

18.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

19.     Federal Defendants deny the allegations in this paragraph.

20.     Federal Defendants deny the allegations in this paragraph.

21.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

22.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

23.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

24.     Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in first, second, third, fourth, and fifth sentences of this

paragraph and therefore deny the same.  As to the allegations in the fourth sentence, Federal

Defendants aver that the Cypress Creek Preserve site, which is located approximately 1.3 miles

south of the CCTC site, includes a water feature with a small island.

      25.     Federal Defendants deny the allegations in this paragraph.

      26.     Federal Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore deny the same.

      27.     Federal Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore deny the same.

      28.     Federal Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore deny the same.

      29.     Federal Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph and therefore deny the same.

      30.     Federal Defendants deny the allegations in this paragraph.

      31.     Federal Defendants admit that Lt. Gen. Robert L. Van Antwerp is the Chief of

Engineers for the United States Army Corps of Engineers.  The remaining allegations in this

paragraph are legal conclusions, to which no response is required.

      32.     Federal Defendants admit that Dirk Kempthorne is the Secretary of the

Department of the Interior.  The remaining allegations in this paragraph are legal conclusions, to

which no response is required.

      33.     Federal Defendants admit that Dale Hall is the Director of the U.S. Fish and

Wildlife Service.  The remaining allegations in this paragraph are legal conclusions, to which no

response is required.

**Statutory Scheme Relating to Plaintiffs' Claims**

**A.      Endangered Species Act**

34.     This paragraph purports to characterize or paraphrase the Endangered Species Act ("ESA") and its implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

35.     This paragraph purports to characterize or paraphrase the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

36.     This paragraph purports to characterize or paraphrase the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

37.     This paragraph purports to characterize or paraphrase the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

**B.      The Clean Water Act**

38.     This paragraph purports to characterize or paraphrase the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.

39.     This paragraph purports to characterize or paraphrase the CWA, Environmental Protection Agency's ("EPA") 404 guidelines, and the Corps section 404 regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

40.     This paragraph purports to characterize or paraphrase the EPA's 404 guidelines, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

41.     This paragraph purports to characterize or paraphrase the EPA's 404 guidelines, and Federal Register notices, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

42.     This paragraph purports to characterize or paraphrase the EPA's 404 guidelines, and a Federal Register notice, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

43.     This paragraph purports to characterize or paraphrase the EPA's 404 guidelines, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

44.     This paragraph purports to characterize or paraphrase the EPA's 404 guidelines, and a Federal Register notice, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

45.     This paragraph purports to characterize or paraphrase the EPA's 404 guidelines, and a Federal Register notice, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

46.     This paragraph purports to characterize or paraphrase Corps regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

47.     This paragraph purports to characterize or paraphrase Corps regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

48.     This paragraph purports to characterize or paraphrase Corps regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

**C.      The National Environmental Policy Act**

49.     This paragraph purports to characterize or paraphrase the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

50.     This paragraph purports to characterize or paraphrase the NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

8

51.     This paragraph purports to characterize or paraphrase NEPA implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

52.     This paragraph purports to characterize or paraphrase NEPA implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

53.     This paragraph purports to characterize or paraphrase NEPA implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

54.     This paragraph purports to characterize or paraphrase NEPA implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

55.     This paragraph purports to characterize or paraphrase NEPA implementing regulations, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

## **Alleged Facts Giving Rise to Plaintiffs' Claims**

### I.     **Cypress Creek Town Center**

A.     **The Cypress Creek Town Center Site - Location**

56.     The first and the second sentences of this paragraph purport to characterize or paraphrase the Corps' Environmental Assessment ("EA"), which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.  Federal Defendants admit the allegations in the third sentence of this paragraph.  Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the allegations in the fourth sentence of this paragraph and therefore deny them.

57.     This paragraph purports to characterize or paraphrase the Corps' EA, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph and therefore deny the same.

B.     **The Cypress Creek Town Center Development**

58.     This paragraphs purport to characterize or paraphrase the Corps' EA, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.

59.     Federal Defendants admit the first 3 sentences of this paragraph.  Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the allegations in the fourth sentence of this paragraph and therefore deny them.

C.     **Cypress Creek Town Center Development Site - Wetlands and Uplands**

60.    The first sentence of this paragraph purports to characterize or paraphrase the Corps' EA, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.  Federal Defendants admit the allegations in the second and third sentences of this paragraph.

61.    This paragraph purports to characterize or paraphrase the Corps' EA and a permit, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

62.    The first, second and third sentences of this paragraph purport to characterize or paraphrase the Corps' EA and a permit, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.  Federal Defendants deny the allegations in the fourth sentence of this paragraph.

63.    This paragraph purports to characterize or paraphrase the Corps' EA, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.

64.    The first, second, third, fourth and fifth sentences of this paragraph purport to characterize or paraphrase a permit, a BRA relocation report and the FWS's Multi-Species Recovery Plan, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.  Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the allegations in the sixth sentence of this paragraph and therefore deny them.

     **D.**    **Cypress Creek**

65.    Plaintiffs' Complaint omits a numbered paragraph 65.

66.    This paragraph purports to characterize or paraphrase the Corps' EA, Florida statutes, Florida regulations, and a State of Florida web site, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

67.    The first sentence of this paragraph purports to characterize or paraphrase the Corps' EA, which speaks for itself and is the best evidence of its contents, and consequently no response is required. Any allegations contrary to its plain language and meaning are denied. Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny them.

**II.**    **Federally Listed Species Alleged To Be Adversely Impacted By The Cypress Creek Town Center And Alleged Cumulative Impacts of Growth In The Area**

     **A.**    **The Threatened Eastern Indigo Snake**

68.    This paragraph purports to characterize or paraphrase a Multi-Species Plan, which speaks for itself and is the best evidence of its contents, and consequently no response is required. Any allegations contrary to its plain language and meaning are denied.

69.    This paragraph purports to characterize or paraphrase a Multi-Species Plan, which speaks for itself and is the best evidence of its contents, and consequently no response is required. Any allegations contrary to its plain language and meaning are denied.

70.    This paragraph purports to characterize or paraphrase a Multi-Species Plan, which speaks for itself and is the best evidence of its contents, and consequently no response is required. Any allegations contrary to its plain language and meaning are denied.

B. **<u>The Threatened Florida Scrub Jay</u>**

71.     This paragraph purports to characterize or paraphrase Federal Register notices and a Multi-Species Plan, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

72.     This paragraph purports to characterize or paraphrase a Multi-Species Plan, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.

C. **<u>The Endangered Wood Stork</u>**

73.     This paragraph purports to characterize or paraphrase a Federal Register notice and Multi-Species Plan, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

74.     This paragraph purports to characterize or paraphrase a Multi-Species Plan, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.

75.     This paragraph purports to characterize or paraphrase a Federal Register notice, Wood Stork recovery Plan, and Multi-Species Plan, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

D. **<u>The Endangered West Indian Manatee</u>**

76.    Federal Defendants admit the allegations in the first sentence of this paragraph. The second sentence of this paragraph purports to characterize or paraphrase the Florida Manatee Recovery Accomplishments Annual Report, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.

77.    The first and third sentences of this paragraph purport to characterize or paraphrase the Florida Manatee Recovery Plan, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.  With regard to the second sentence of this paragraph, Federal Defendants admit that red tides are a threat to manatees.  With regard to remaining allegations in the second sentence of this paragraph, Federal Defendants state that there is inconclusive science on the issue of whether red tides are caused and/or exacerbated by human pollution of water ways.

III.    **The Corps' Implementation of Section 404 of the Clean Water Act.**

78.    The first sentence of this paragraph contains legal conclusions, to which no response is required.  Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore deny them.  With regard to the allegations in the third sentence of this paragraph, Federal Defendants admit that the United States General Accounting Office ("GAO") issued a report in 1988 concerning the Corps' implementation of section 404.  The remaining allegations in the third sentence of this paragraph purport to characterize or paraphrase the GAO report, which

speaks for itself and is the best evidence of its contents, and consequently no response is required. Any allegations contrary to its plain language and meaning are denied.

79.     Federal Defendants admit that the National Academy of Sciences ("NAS") issued a report in 2001 concerning the Corps' implementation of section 404. The remaining allegations in this paragraph purport to characterize or paraphrase the NAS report, which speaks for itself and is the best evidence of its contents, and consequently no response is required. Any allegations contrary to its plain language and meaning are denied.

80.     Federal Defendants admit that the United States General Accounting Office ("GAO") issued a report in 2005 concerning the Corps' implementation of section 404. The remaining allegations in this paragraph purport to characterize or paraphrase the GAO report, which speaks for itself and is the best evidence of its contents, and consequently no response is required. Any allegations contrary to its plain language and meaning are denied.

81.     The allegations in this paragraph purport to characterize or paraphrase a St. Petersburg Times article, a NAS Study and a Florida Department of Environmental Regulation Study, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to the plain language and meaning of these documents are denied. Federal Defendants specifically deny the conclusions stated in the cited article. Federal Defendants aver that the statements in the article concerning the loss of 84,000 acres of wetlands does not account for wetlands required to be created or enhanced through the mitigation conditions of Corps permits.

IV.     **The Corps' Issuance of the CCTC Section 404 Permit and the FWS Concurrence Letter**

15

82.    The allegations in this paragraph purport to characterize or paraphrase the October 31, 2005 public notice and the EA, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to the plain language and meaning of these documents are denied.

83.    The allegations in this paragraph purport to characterize or paraphrase the October 31, 2005 public notice, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to its plain language and meaning are denied.

84.    The allegations in this paragraph purport to characterize or paraphrase public comments submitted in response to the October 31, 2005 public notice, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to the plain language and meaning of these documents are denied.

85.    The allegations in this paragraph purport to characterize or paraphrase public comments submitted in response to the October 31, 2005 public notice, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to the plain language and meaning of these documents are denied.

86.    The allegations in this paragraph purport to characterize or paraphrase public comments submitted in response to the October 31, 2005 public notice, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to the plain language and meaning of these documents are denied.

87.    The allegations in this paragraph purport to characterize or paraphrase public comments submitted in response to the October 31, 2005 public notice, which speak for

16

themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to the plain language and meaning of these documents are denied.

B.     **The Corps' EA, The Permit, And The FWS Concurrence Letter**

1.     **General Background Information**

88.     Federal Defendants admit that the Corps issued an environmental assessment and section 404 permit on May 15, 2007. The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA and permit, which speak for themselves and area the best evidence of their contents, and consequently no response is required. Any allegations contrary to the plain language and meaning of these documents are denied.

89.     With regard to the first sentence of this paragraph, Federal Defendants admit that the project will destroy some suitable habitat of the eastern indigo snake and marginal foraging habitat of the Wood Stork, but deny the remaining allegations in the first sentence of this paragraph. Federal Defendants deny the allegations in the second sentence of this paragraph. Federal Defendants deny the allegations in the third sentence of this paragraph and aver that the project design retains most of the wildlife linkages to neighboring conservation lands with the only impacts to 9.33 acres of the uppermost portions of Wetland J and small portions of the upland buffer that will be converted to storm water ponds.

90.     Federal Defendants admit the allegations in the first sentence of this paragraph and deny the allegations in the second sentence of this paragraph. Federal Defendants aver that the Corps evaluated four basic site plans on the selected project site. The Corps also evaluated downsizing of the project and replacing surface parking with parking garages. The Corps evaluated the following avoidance measures, but they were found to be impracticable: adding a

17

2,000-space parking garage, reducing the total number of parking spaces, and adding more multi-story buildings. The Corps found one avoidance measure to be practicable, that is, the use of retaining walls at multiple locations. Retaining walls were implemented and are reflected in the permitted plans. The Corps evaluated downsizing the project uses by 5%, 10%, 15%, and 20%, but downsizing was determined to impracticable. The Corps evaluated the alternative of building the mall over State Road 56 to minimize impacts, but this was found to be impracticable. The Corps evaluated alternatives to minimize the impacts to the upland buffer adjacent to Cypress Creek. The Corps found the applicant's minimization measures largely adequate, but also required the planting of native vegetation within stormwater ponds near Cypress Creek.

<blockquote>2.    <u>The Corps' and the Service's Review of Impacts on Endangered Species And The Agencies' Alleged Violation of the Endangered Species Act</u></blockquote>

91.    The first sentence of this paragraph purports to characterize or paraphrase the Corps' EA, which speak for itself and is the best evidence of its contents, and consequently no response is required. Federal Defendants admit the allegations in the second sentence of this paragraph. Federal Defendants deny the allegations in the third sentence of this paragraph. The allegations in the fourth sentence of this paragraph are legal conclusions, to which no response is required.

<blockquote>a.    <u>The Wood Stork</u></blockquote>

92.    This paragraph purports to characterize or paraphrase determinations made in the Corps' EA and the FWS's Concurrence letter, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to

18

their plain language and meaning are denied.

93.    Federal Defendants deny the allegations in the first sentence of this paragraph. Federal Defendants admit the allegations in the second sentence of this paragraph.  The third, fourth and fifth sentences of this paragraph purport to characterize or paraphrase determinations made in the Corps' EA and the FWS's Concurrence letter, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

**b.    The Eastern Indigo Snake**

94.    This paragraph purports to characterize or paraphrase the Corps' EA and the FWS's concurrence letter, which speak for themselves and are the best evidence of their content, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

95.    This paragraph purports to characterize or paraphrase the Corps' EA and the FWS's concurrence letter, which speak for themselves and are the best evidence of their content, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

96.    Federal Defendants admit that there is suitable eastern indigo snake habitat on the CCTC site.  The second and third sentences of this paragraph purport to characterize or paraphrase a Multi-Species Plan, Permit, Mitigation Plan, and BRA Relocation Report, which speak for themselves and are the best evidence of their contents, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.  Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the

allegations in the fourth sentence of this paragraph and therefore deny them. Federal Defendants aver that survey information transmitted to the Corps by the applicant's consultant on November 30, 2005 stated that no eastern indigo snakes were observed.

97.    This paragraph purports to characterize or paraphrase Standard Protection Measures for the Eastern Indigo Snake, which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

c.    <u>**The Florida Scrub Jay**</u>

98.    Federal Defendants admit that the Corps did not specifically seek consultation with the Service about the Florida scrub-jay prior to permit issuance but aver that such consultation was legally unnecessary. Federal Defendants further aver that, prior to commencement of this lawsuit, the Corps sought and obtained concurrence by the Service that the project will have no effect on the species. The second and third sentences of this paragraph purport to characterize or paraphrase the Corps' EA and the FWS's Concurrence Letter, which speak for themselves and are the best evidence of their contents, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

99.    Federal Defendants deny the allegations in the first, second, and fourth sentences of this paragraph. To the extent that the allegations in the third sentence of this paragraph constitute legal conclusions as to the necessity of consultation on the scrub jay, no response is required. To the extent that the allegations in the third sentence of this paragraph constitute factual allegations, Federal Defendants admit that the Corps identified habitat or possible habitat of the gopher tortoise and eastern indigo snake on the CCTC site. Federal Defendants deny the

remaining allegations in the third sentence of this paragraph.  Federal Defendants aver that the

Corps and FWS completed consultation as to the eastern indigo snake and that consultation as to

the gopher tortoise was unnecessary, because it is not a federally-listed threatened or endangered

species.  The fifth sentence of this paragraph purports to characterize or paraphrase the Corps'

EA and the FWS's concurrence letter, which speak for themselves and are the best evidence of

their content, and consequently no response is required.  Any allegations contrary to their plain

language and meaning are denied.

**d.     The West Indian Manatee**

100.    Federal Defendants deny the allegations in this paragraph.

**3.     The Corps' Clean Water Act and NEPA Analysis**

101.    Federal Defendants deny the allegations in the third sentence of this paragraph.

The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA

and other documents in the Corps' administrative record, which speak for themselves and are the

best evidence of their content, and consequently no response is required.  Any allegations

contrary to their plain language and meaning are denied.

102.    Federal Defendants deny the allegations in this paragraph.

103.    Federal Defendants deny the allegations in the first and second sentences of this

paragraph.  The remaining allegations in this paragraph purport to characterize or paraphrase the

Corps' EA and other documents in the Corps' administrative record, which speak for themselves

and are the best evidence of their content, and consequently no response is required.  Any

allegations contrary to their plain language and meaning are denied.

104.    Federal Defendants deny the allegations in the first sentence of this paragraph.

21

The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA and other documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

105.    As to the allegations in the first sentence of this paragraph, Federal Defendants admit that the Corps prepared an EA instead of an environmental impact statement ("EIS") but deny that an EIS was legally required.  Federal Defendants deny the remaining allegations of this paragraph.

a.    **Offsite Alternatives, Avoidance**

106.    Federal Defendants deny the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA and other documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

107.    Federal Defendants deny the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA and other documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required.  Any allegations contrary to their plain language and meaning are denied.

b.    **On Site Alternatives, Avoidance and Minimization**

108.    Federal Defendants deny the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA

and other documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied. Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the remaining allegations in the second sentence of this paragraph and therefore deny them.

109.     The allegations in the first sentence of this paragraph purport to characterize or paraphrase the Corps' EA, other documents in the Corps' administrative record, and agency guidance which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied. Federal Defendants deny the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required.

110.     Federal Defendants deny the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA and other documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

111.     This paragraph purports to characterize or paraphrase the Corps' EA and other documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied

112.     This paragraph purports to characterize or paraphrase the Corps' EA and other

documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

### c.  The Corps' Mitigation

113.    This paragraph purports to characterize or paraphrase the Corps' EA and other documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

114.    Federal Defendants deny the allegations in the first, second, and third sentences of this paragraph. The fourth sentence presumes facts not in evidence, to which no response is required. To the extent that any further response is necessary, Federal Defendants deny the allegations in the fourth sentence of this paragraph.

### d.  The Corps' Unlawful Determination That There Would Be No Significant Degradation of US Waters.

115.    Federal Defendants deny the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA and other documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

116.    As to the first sentence of this paragraph, Federal Defendants deny the allegation that the Corps' determination that the storm water treatment system would prevent substantial degradation of waters is unfounded and contrary to the evidence in the record. The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA and other

24

documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied. The third sentence of this paragraph states legal conclusions, to which no response is required

117.    Federal Defendants deny the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize or paraphrase the Corps' EA and other documents in the Corps' administrative record, which speak for themselves and are the best evidence of their content, and consequently no response is required. Any allegations contrary to their plain language and meaning are denied.

**IV.    Permit Issuance and Significant Events Post Permit Issuance**

118.    As to the allegations in the first sentence of this paragraph, Federal Defendants admit that the Corps mailed notices on May 14, 2007 to each person who requested a public hearing. The remaining allegations in the first sentence of this paragraph purport to characterize or paraphrase the public notice, which speaks for itself and is the best evidence of its content, and consequently no response is required. Any allegations contrary to its plain language and meaning are denied. As to the allegations in the second sentence of this paragraph, Federal Defendants admit that the Corps issued the CCTC permit on May 15, 2007. The remaining allegations in the second sentence of this paragraph purport to characterize or paraphrase the CCTC permit, which speaks for itself and is the best evidence of its content, and consequently no response is required. Any allegations contrary to its plain language and meaning are denied. Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the remaining allegations in the third sentence of this paragraph and therefore deny them.

119.    Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

120.    Federal Defendants admit that the Sierra Club provided the Corps with notice of its intent to sue on or around July 17, 2007.  The remaining allegations in the first sentence of paragraph 120 purport to characterize or paraphrase Plaintiffs' notice letter or constitute legal conclusions, to which no response is required.  Any allegations contrary to the plain language and meaning of this document are denied.  Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny them.

121.    Due to vagueness and ambiguity, Federal Defendants are unable to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them.  The second sentence of this paragraph states legal conclusions, to which no response is required.

122.    Federal Defendants admit that the Sierra Club wrote the Corps on or around September 6, 2007.  The remaining allegations in this paragraph purport to characterize or paraphrase Plaintiffs' letter, which speaks for itself and is the best evidence of its contents, and consequently no response is required.  Any allegations contrary to the plain language and meaning of this document are denied.

123.    Federal Defendants admit the allegations in this paragraph.

124.    Federal Defendants admit the allegations in the first and third sentences of this paragraph.  The allegations in the second sentence of this paragraph are legal conclusions, to which no response is required.

## **CLAIM ONE**

26

**THE CORPS AND THE FWS: ALLEGED VIOLATIONS OF THE ESA**

125.    Federal Defendants deny the allegations in this paragraph.

126.    Federal Defendants deny the allegations in this paragraph.

127.    Federal Defendants deny the allegations in this paragraph.

**CLAIM TWO**

**THE CORPS: ALLEGED VIOLATIONS OF THE CLEAN WATER ACT**

128.    Federal Defendants incorporate its answers to the allegations of paragraphs 1 -

123 above herein. Federal Defendants deny the remaining allegations in this paragraph.

129.    Federal Defendants deny the allegations in this paragraph.

**CLAIM THREE**

**THE CORPS: ALLEGED VIOLATIONS OF NEPA**

130.    Federal Defendants deny the allegations in this paragraph.

131.    Federal Defendants deny the allegations in this paragraph.

**PRAYER FOR RELIEF**

Federal Defendants deny that Plaintiffs are entitled to the relief requested in sections (1),

(2), (3) and (4) of this section.  Federal Defendants deny that Plaintiffs are entitled to any relief

whatsoever.

**ALL CLAIMS**

Federal Defendants deny any allegations contained in Plaintiffs' Complaint, whether

express or implied, that are not specifically admitted, denied, or qualified.  To the extent that any

allegations contained in Plaintiffs' Complaint remain unanswered, Federal Defendants deny such

allegations.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs fail to state a claim on which relief may be granted as to some or all claims.

2.      Venue is more appropriate in the United States District Court for the Middle District of Florida, Tampa Division.

3.      Plaintiffs' claims are barred by laches.

WHEREFORE, Federal Defendants ask the Court to deny all relief sought by Plaintiffs; to enter judgment in favor Federal Defendants; and to grant Federal Defendants any other appropriate relief.

Respectfully submitted this 30th day of November, 2007.

> RONALD J. TENPAS
> Acting Assistant Attorney General
> Environment & Natural Resources Division

Date: _____November 30, 2007_____        _____/s/ Mark Arthur Brown_____
> MARK ARTHUR BROWN
> Florida Bar No. 0999504
> Senior Trial Attorney
> mark.brown@usdoj.gov
> U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife and Marine Resources Section
> P.O. Box 7369
> Washington, D.C. 20044-7369
> Telephone: (202) 305-0204
> Facsimile: (202) 305-0275

> ANDREW J. DOYLE
> Florida Bar No 84948
> andrew.doyle@usdoj.gov
> U.S. Department of Justice
> Environment and Natural Resources Division
> Environmental Defense Section

28

P.O. Box 23986
Washington, D.C. 20026-2986
Telephone: (202) 514-4427
Facsimile: (202) 514-8865
Attorneys for Defendants

KRISTOFOR SWANSON
Colo. Bar No. 39378
kristofor.swanson@usdoj.gov
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone:  (202) 305-0248
Facsimile:  (202) 305-0274
Attorneys for Defendants


Of Counsel:

Dorothy L. Boardman
Dorothy.L.Boardman@usace.army.mil
U.S. Army Corps of Engineers
Jacksonville District
P.O. Box 4970
Jacksonville, Florida 32232-0019
Telephone: (904) 232-1165
Facsimile: (904) 232-3692
Attorney for Federal Defendants

Delores Young
Department of the Interior
Office of the Regional Solicitor
Southeast Region
75 Spring St., S.W.
Suite 304
Atlanta, GA  30303
Telephone: (404) 331-3379
Facsimile: (404) 730-2682
Attorney for Federal Defendants