UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIERRA CLUB, CLEAN WATER ACTION, GULF RESTORATION NETWORK, CHRIS LOY, and RICHARD SOMMERVILLE, | ) ) ) ) ) | Civil Action No.  1:07-cv-01756 (RCL) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LT. GEN. ROBERT L. VAN ANTWERP, in his official capacity as Chief of Engineers, U.S. Army Corps of Engineers, DIRK KEMPTHORNE, in his official capacity as Secretary, U.S. Department of the Interior, and H. DALE HALL, in his official capacity as Director, U.S. Fish and Wildlife Service, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | / | |

**ANSWER OF SIERRA PROPERTIES I, LLC, PASCO 54, LTD.,
PASCO RANCH, INC., AND JG CYPRESS CREEK LLC TO PLAINTIFFS'
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Intervening Defendants Sierra Properties I, LLC, Pasco 54, Ltd., Pasco Ranch, Inc., and

JG Cypress Creek LLC (collectively referred to hereinafter as "Intervening Defendants"), by and

through undersigned counsel, hereby assert defenses and answer the Complaint for Declaratory

and Injunctive Relief that has been filed by Plaintiffs Sierra Club, Clean Water Action, Gulf

Restoration Network, Chris Loy, and Richard Sommerville.

**Answer to the Allegations of the Complaint**

Intervening Defendants hereby answer the allegations made in each numbered paragraph

of Plaintiffs' Complaint as follows:

1.      The first sentence of this paragraph contains Plaintiffs' characterization of their lawsuit, to which no response is required.  To the extent that the first sentence is deemed to contain factual allegations, Intervening Defendants deny those facts.  The second sentence contains conclusions of law to which no response is required; however, to the extent the second sentence contains factual allegations, those allegations are denied.

2.      Due to the vagueness and ambiguity in the first sentence of this paragraph, Intervening Defendants lack sufficient knowledge or information to form a belief as to the truth of its allegations and therefore deny such allegations.  Intervening Defendants admit the allegations in the second sentence of this paragraph that the site's southern portion has been designated by Pasco County, Florida, as "critical wildlife linkage."  Intervening Defendants also admit the allegations in the third sentence in this paragraph that portions of Cypress Creek have been designated an "Outstanding Florida Water" by the State of Florida, that it flows into the Hillsborough River, and that Tampa obtains some water from the Hillsborough River.  Due to vagueness and ambiguity in the fourth sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.  Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in the fifth sentence, and therefore deny same.

3.      This paragraph contains Plaintiffs' characterizations and argument concerning the permit issued by the Corps on May 15, 2007, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to the permit for a true statement of its contents.

4.    This paragraph contains Plaintiffs' characterization of the relief they seek in this lawsuit, to which no response is required.  To the extent that this paragraph is deemed to contain factual allegations, Intervening Defendants deny those facts.

5.    This paragraph contains Plaintiffs' characterization of their lawsuit, to which no response is required.  To the extent that this paragraph is deemed to contain factual allegations, Intervening Defendants deny those facts.

6.    There is no paragraph 6 in the Complaint.

### Jurisdiction

7.    This paragraph contains conclusions of law to which no response is required.

### Parties

8.    Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

9.    Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and therefore deny same. Due to vagueness and ambiguity in the second sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations, and therefore deny same.

10.    This paragraph contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in this paragraph, Intervening Defendants deny those facts.

11.    Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

12.     This paragraph contains conclusions of law to which no response is required.   To the extent Plaintiffs are deemed to have pleaded factual allegations in this paragraph, Intervening Defendants deny those facts.

13.      Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

14.      Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

15.     The first sentence of this paragraph contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in this sentence, Intervening Defendants deny those facts.  The second sentence contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in the second sentence, Intervening Defendants deny those facts.  The third sentence contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in the third sentence, Intervening Defendants deny those facts.

16.     Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

17.     Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

18.     Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

19.     This paragraph contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in this paragraph, Intervening Defendants deny those facts.

20.     This paragraph contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in this paragraph, Intervening Defendants deny those facts.

21.     Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

22.     Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

23.     Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

24.     Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

25.     The first sentence of this paragraph contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in this sentence, Intervening Defendants deny those facts.  The second sentence contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in the second sentence of this paragraph, Intervening Defendants deny those facts.   The third sentence contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in the third sentence of this paragraph, Intervening Defendants deny those facts.

26.    Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

27.    Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

28.    Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

29.    Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

30.    The first sentence of this paragraph contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in this sentence, Intervening Defendants deny those facts.  The second sentence contains conclusions of law to which no response is required.  To the extent Plaintiffs are deemed to have pleaded factual allegations in the second sentence of this paragraph, Intervening Defendants deny those facts.

31.    Intervening Defendants admit that Lt. Gen. Robert L. Antwerp is currently the chief of Engineers for the United States Army Corps of Engineers ("Corps").  The remainder of this paragraph contains conclusions of law to which no response is required.

32.    Intervening Defendants admit that Dirk Kempthorne is currently the Secretary of the Interior.  The remainder of this paragraph contains conclusions of law to which no response is required.

33.    Intervening Defendants admit that Dale Hall is currently the Director of the United States Fish and Wildlife Service ("FWS").  The remainder of this paragraph contains conclusions of law to which no response is required.

6

## Statutory Scheme Relating to Plaintiffs' Claims

34.     This paragraph contains conclusions of law to which no response is required.

35.     This paragraph contains conclusions of law to which no response is required.

36.     This paragraph contains conclusions of law to which no response is required.

37.     This paragraph contains conclusions of law to which no response is required.

38.     This paragraph contains conclusions of law to which no response is required.

39.     This paragraph contains conclusions of law to which no response is required.

40.     This paragraph contains conclusions of law to which no response is required.

41.     This paragraph contains conclusions of law to which no response is required.

42.     This paragraph contains conclusions of law to which no response is required.

43.     This paragraph contains conclusions of law to which no response is required.

44.     This paragraph contains conclusions of law to which no response is required.

45.     This paragraph contains conclusions of law to which no response is required.

46.     This paragraph contains conclusions of law to which no response is required.

47.     This paragraph contains conclusions of law to which no response is required.

48.     This paragraph contains conclusions of law to which no response is required.

49.     This paragraph contains conclusions of law to which no response is required.

50.     This paragraph contains conclusions of law to which no response is required.

51.     This paragraph contains conclusions of law to which no response is required.

52.     This paragraph contains conclusions of law to which no response is required.

53.     This paragraph contains conclusions of law to which no response is required.

54.     This paragraph contains conclusions of law to which no response is required.

55.     This paragraph contains conclusions of law to which no response is required.

### Facts Giving Rise to Plaintiffs' Claims

56.     Intervening Defendants admit the allegations in the first sentence of this paragraph. Intervening Defendants deny the allegation in the second sentence of this paragraph that Cypress Creek Town Center "forms a 'bottleneck' for wildlife moving between the conservation lands." Intervening Defendants admit that Pasco County has designated parts of the Cypress Creek Town Center site a "critical wildlife linkage" and deny the remaining allegations in the second sentence of this paragraph. Intervening Defendants admit that the Cypress Creek Preserve is located more than a mile from the Cypress Creek Town Center site and deny the remaining allegations in the third sentence of this paragraph. Due to vagueness and ambiguity in the fourth sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.

57.     Intervening Defendants admit that the Corps prepared an Environmental Assessment for this project. This paragraph contains Plaintiffs' characterizations of, argument regarding, and citations to selective portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

58.     Intervening Defendants admit that the Corps prepared an Environmental Assessment for this project. This paragraph contains Plaintiffs' characterizations of, argument regarding, and citations to selective portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

59.     Intervening Defendants admit the allegations in the first, second, and third sentences of this paragraph. Due to vagueness and ambiguity in the fourth sentence of this

paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.

60.    Intervening Defendants admit that the Corps prepared an Environmental Assessment for this project.  This paragraph contains Plaintiffs' characterizations of, argument regarding, and citations to selective portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

61.    Intervening Defendants admit that the Corps prepared an Environmental Assessment for this project.  This paragraph contains Plaintiffs' characterizations of, argument regarding, and citations to selective portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

62.    The first sentence of this paragraph contains a conclusion of law to which no response is required.  The second sentence of this paragraph selectively cites to portions of Permit Attachment 3, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to the document for a true statement of its contents.   The third sentence of this paragraph cites to portions of the Environmental Assessment and Public Notice, documents which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents.  Due to vagueness and ambiguity in the fourth sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.

63.     Intervening Defendants deny the allegations in the first sentence of this paragraph. The second sentence of this paragraph selectively quotes from the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

64.     Intervening Defendants admit that the Corps prepared an Environmental Assessment for this project.  The first and second sentences of this paragraph selectively cite to portions of Permit Attachment 3, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  The third sentence of this paragraph selectively cites to portions of Permit Attachment 3, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  The fourth sentence in this paragraph selectively cites to portions of a July 7, 2007 Biological Research Associates Relocation Report, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  The fifth sentence in this paragraph selectively cites to portions of the FWS's Multi-Species Recovery Plan, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  Due to vagueness and ambiguity in the last sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.

65.     There is no paragraph 65 in the Complaint.

66.     Intervening Defendants admit the allegation in the first sentence of this paragraph that part of Cypress Creek runs near Cypress Creek Town Center.  Intervening Defendants also

admit the allegation in the first sentence that parts of Cypress Creek has been designated an

"Outstanding Florida Water" by the State of Florida.  The rest of the first sentence contains

conclusions of law to which no response is required.  The second sentence of this paragraph

contains Plaintiffs' characterizations of information contained on the website

www.dep.state.fl.use/water/wqssp/ofw.htm.  Intervening Defendants believe this website is the

best evidence of its contents and respectfully refer the Court to the website for a true statement of

its contents.  The third sentence is a conclusion of law to which no response is required.

67.     The first sentence of this paragraph selectively quotes from the Environmental

Assessment, a document which speaks for itself and is the best evidence of its contents.

Intervening Defendants respectfully refer the Court to this document for a true statement of its

contents.  Intervening Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in the second sentence of this paragraph and therefore deny same.

68.     This paragraph selectively cites to and quotes portions of the FWS's Multi-

Species Recovery Plan, a document which speaks for itself and is the best evidence of its

contents.  Intervening Defendants respectfully refer the Court to this document for a true

statement of its contents.

69.     This paragraph selectively cites to portions of the FWS's Multi-Species Recovery

Plan, a document which speaks for itself and is the best evidence of its contents.  Intervening

Defendants respectfully refer the Court to this document for a true statement of its contents.

70.     This paragraph selectively cites to portions of the FWS's Multi-Species Recovery

Plan, a document which speaks for itself and is the best evidence of its contents.  Intervening

Defendants respectfully refer the Court to this document for a true statement of its contents.

71.     The first sentence of this paragraph selectively quotes from a FWS report entitled "Threatened Status for the Florida Scrub Jay," a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  The second sentence of this paragraph quotes from portions of the FWS's Multi-Species Recovery Plan, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  The third sentence of this paragraph selectively quotes from a FWS report entitled "Threatened Status for the Florida Scrub Jay," a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  The fourth sentence of this paragraph selectively cites to portions of the FWS's Multi-Species Recovery Plan, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

72.     This paragraph selectively cites to and quotes portions of the FWS's Multi-Species Recovery Plan, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

73.     The first and second sentences of this paragraph selectively cite to and quote from a FWS report entitled "U.S. Breeding Population of the Wood Stork," a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  The third sentence of this paragraph selectively cites to and quotes portions of the FWS's Multi-Species Recovery Plan, a document

12

which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

74.     This paragraph selectively cites to and quotes portions of the FWS's Multi-Species Recovery Plan, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

75.     The first and second sentences of this paragraph selectively cite to and quote from a FWS report entitled "U.S. Breeding Population of the Wood Stork," a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents. The second sentence of this paragraph selectively cites to portions of the FWS's 1997 Wood Stork Recovery Plan and Multi-Species Recovery Plan, documents which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents. The third sentence selectively cites to and quotes from the FWS 1997 Wood Stork Recovery Plan, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to the document for a true statement of its contents.

76.     Due to vagueness and ambiguity in the first sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same. The second sentence of this paragraph selectively cites to and quotes from a 1998 Annual Report on Florida Manatee Recovery Accomplishments, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

77.    The first sentence of this paragraph selectively cites to and quotes from portions of the FWS's January 29, 1996 Florida Manatee Recovery Plan, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to the document for a true statement of its contents.  Due to vagueness and ambiguity in the second sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.  The third sentence selectively cites to and quotes from portions of the FWS's January 29, 1996 Florida Manatee Recovery Plan and the FWS's 2001 Manatee Recovery Plan, documents which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents.

78.    The first sentence of this paragraph contains a conclusion of law to which no response is required.  Due to vagueness and ambiguity in the second sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.  The third sentence contains Plaintiffs' selective citation to and characterization of portions of a 1988 report by the General Accounting Office entitled "The Corps Of Engineers' Administration of the Section 404 Program," a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to the document for a true statement of its contents.  Intervening Defendants affirmatively aver that this document is completely irrelevant to this case.

79.    Due to vagueness and ambiguity in the first sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.  The second and third sentences of this paragraph contain Plaintiffs' selective quotation from and characterization of a report entitled

14

"Compensation for Wetland Losses under the Clean Water Act" by the National Academy of Sciences, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to the document for a true statement of its contents. Intervening Defendants affirmatively aver that this document is completely irrelevant to this case.

80.    Due to vagueness and ambiguity in the first sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same. The second sentence of this paragraph contains Plaintiffs' selective citation to and characterization of a September 2005 General Accounting Office report entitled "Wetlands Protection: Corps Of Engineers Does Not Have an Effective Approach to Ensure That Compensatory Mitigation Is Occurring, What We Found," a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to the document for a true statement of its contents. Intervening Defendants affirmatively aver that this document is completely irrelevant to this case.

81.    The first and second sentences of this paragraph contain Plaintiffs' selective citation to and characterizations of portions of an article in the St. Petersburg Times entitled "Vanishing Wetlands," a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to the document for a true statement of its contents. The third and fourth sentences of this paragraph selectively quotes from and characterizes portions of a report entitled "Compensation for Wetland Losses under the Clean Water Act" by the National Academy of Sciences, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to the

document for a true statement of its contents.  Intervening Defendants affirmatively aver that this document is completely irrelevant to this case.

82.     Intervening Defendants admit that the Corps issued a Public Notice regarding Cypress Creek Town Center on October 31, 2005.  The remainder of this paragraph contains Plaintiffs' characterizations and selected purported quotations from the Public Notice and the Environmental Assessment, documents which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to those documents for a true statement of their contents.

83.     This paragraph contains Plaintiffs' characterizations of the Public Notice, which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to the document for a true statement of its contents.

84.     This paragraph contains Plaintiffs' characterizations of unidentified comments received by the Corps to the Public Notice, comments which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to the comments on the Public Notice for a true statement of their contents.

85.     This paragraph contains Plaintiffs' characterizations of unidentified comments received by the Corps to the Public Notice, comments which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to the comments on the Public Notice for a true statement of their contents.

86.     This paragraph contains Plaintiffs' characterizations of unidentified comments received by the Corps to the Public Notice, comments which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to the comments on the Public Notice for a true statement of their contents.

87. This paragraph contains Plaintiffs' characterizations of unidentified comments received by the Corps to the Public Notice, comments which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to the comments on the Public Notice for a true statement of their contents.

88. Intervening Defendants admit that the Corps issued an Environmental Assessment, and issued a Section 404 permit to Sierra Properties on May 15, 2007. The remainder of this paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, and characterizations of the permit, documents which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents.

89. This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, and characterizations of the permit, documents which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents. To the extent this paragraph is deemed to contain any factual allegations, Intervening Defendants deny such allegations.

90. This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, and characterizations of the permit, documents which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents.

91. The first, second, and third sentences of this paragraph contain Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants

respectfully refer the Court to this document for a true statement of its contents. The fourth sentence of this paragraph contains conclusion of law that require no response. To the extent this paragraph is deemed to contain any factual allegations, Intervening Defendants deny such allegations.

92.     This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

93.     The first sentence of this paragraph contains conclusions of law that require no response. Due to vagueness and ambiguity in the second sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same. The third, fourth, and fifth sentences contain Plaintiffs' characterizations of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents. To the extent this paragraph is deemed to contain any factual allegations, Intervening Defendants deny such allegations.

94.     This paragraph contains Plaintiffs' characterizations and selective quotations from the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to the document for a true statement of its contents. To the extent this paragraph is deemed to contain any factual allegations, Intervening Defendants deny such allegations.

95.     This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best

evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

96.     Due to vagueness and ambiguity in the first sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.  The remainder of the paragraph quotes from and cites to selected portions of the FWS's Multi-Species Recovery Plan, Attachment 3 to the Permit, and the Biological Research Associates Mitigation Plan, documents which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents.  To the extent this paragraph is deemed to contain any factual allegations, Intervening Defendants deny such allegations.

97.     This paragraph contains conclusions of law to which no response in required.  To the extent this paragraph is deemed to contain any factual allegations, Intervening Defendants deny such allegations.

98.     This paragraph contains Plaintiffs' characterizations of and selective quotations from the Environmental Assessment and the FWS Concurrence Letter, documents which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents.

99.      This paragraph contains Plaintiffs' characterizations of and selective quotations from the Environmental Assessment and the FWS Concurrence Letter, documents which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

100.     Intervening Defendants admit that the Corps never engaged in formal consultation with, or sought concurrence from, the FWS regarding the Manatee.  Intervening Defendants deny the remaining allegations in this paragraph.

101.     This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

102.     This paragraph contains conclusions of law to which no response is required.

103.     This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

104.     This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

105.     The Complaint does not contain a paragraph 105.

106.    This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

107.    This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

108.    This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

109.    This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

110.     This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

111.     This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

112.     This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

113.     This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no

response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

114.    This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

115.    This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

116.    This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

117.    This paragraph contains Plaintiffs' characterizations of and selective citations to portions of the Environmental Assessment, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document

for a true statement of its contents.  This paragraph also contains conclusions of law to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Intervening Defendants deny such allegations.

118.    The first sentence of this paragraph contains Plaintiffs' characterization of a May 14, 2007 Notice from the Corps, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to the document for a true statement of its contents.  With regard to the second sentence in this paragraph, Intervening Defendants admit that the Corps issued the Cypress Creek Town Center permit on May 15, 2007.  Intervening Defendants deny the remainder of the allegations in the second sentence.  Due to vagueness and ambiguity in the third sentence of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of its allegations and therefore deny same.

119.    Intervening Defendants deny the allegations in this paragraph.

120.    The first sentence of this paragraph contains Plaintiffs' characterizations of a July 2007 letter from the Sierra Club, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  Due to vagueness and ambiguity in the second and third sentences of this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of their allegations and therefore deny same.

121.    Due to vagueness and ambiguity in this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of their allegations and therefore deny same.

24

122.     This paragraph contains Plaintiffs' characterizations of a September 6, 2007 letter from the Sierra Club, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.

123.     The first sentence of this paragraph contains Plaintiffs' characterizations of a September 19, 2007 letter from the Sierra Club, a document which speaks for itself and is the best evidence of its contents.  Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore deny same.

124.     Due to vagueness and ambiguity of the allegations in this paragraph, Intervening Defendants lack knowledge or information sufficient to form a belief as to the truth of their allegations and therefore deny same.

### Plaintiffs' Purported Claims for Relief

125.     Intervening Defendants deny the allegations of this paragraph.

126.     Intervening Defendants deny the allegations of this paragraph.

127.     Intervening Defendants deny the allegations of this paragraph.

128.     Intervening Defendants deny the allegations of this paragraph.

129.     Intervening Defendants deny the allegations of this paragraph.

130.     Intervening Defendants deny the allegations of this paragraph.

131.     Intervening Defendants deny the allegations of this paragraph.

### Relief Requested

The Court should deny the relief requested by Plaintiffs.

## All Claims

To the extent any allegation in Plaintiffs' Complaint for Declaratory and Injunctive Relief remains unanswered, the Intervening Defendants deny such allegation.

## First Defense

The Court lacks subject-matter jurisdiction over Plaintiffs' claims on various grounds, including, but not limited to, that Plaintiffs lack standing and the claims in the Complaint are moot.

## Second Defense

Plaintiffs are estopped from challenging the Cypress Creek Town Center permit.

## Third Defense

Plaintiffs are barred from seeking equitable relief because of the doctrine of unclean hands.

## Fourth Defense

Plaintiffs have waived objections to the Cypress Creek Town Center permit that they did not raise during the permit process.

**Fifth Defense**

Plaintiffs' claims are barred by laches.

Dated:  October 16, 2007

Respectfully Submitted,

WHITE & CASE LLP

Eric Grannon (D.C. Bar No. 473778)
Erin M. Everitt (D.C. Bar No. 497407)
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

Of Counsel:

Douglas M. Halsey
T. Neal McAliley
Angela D. Daker
White & Case LLP
Wachovia Financial Center
Suite 4900
200 South Biscayne Blvd.
Miami, Florida  33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)