UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) Civ. Action No. 1:07-cv-01756 (RCL) | |
| LT. GEN. ROBERT L. VAN ANTWERP, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## RULE 16.3 REPORT

Pursuant to Local Rule 16.3(d), the parties represent that they have conferred on the matters set forth in Local Rule 16.3, and they submit the following Joint Report to the Court.

### STATEMENT OF THE CASE

**Plaintiffs' Statement**

Plaintiffs' Complaint challenges the United States Army Corps of Engineers' (Corps') issuance of a Clean Water Act ("CWA") section 404 permit for the fill of wetlands at a site known as Cypress Creek Town Center ("CCTC"), Permit No. SAJ-2003-2336 (IP-TEH), and the United States Fish and Wildlife Service's ("FWS's") concurrence therein under the Endangered Species Act ("ESA").  More specifically, Plaintiffs allege: 1) the Corps' issuance of the permit without engaging in formal section 7 consultation violated the ESA, 16 U.S.C. § 1532 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706; 2) the Corps violated the Clean Water Act, 33 U.S.C. § 1344 et seq., and the APA, 5 U.S.C. § 706, by, among other things, issuing the permit without requiring that all practicable alternatives be meaningfully analyzed and pursued; without requiring that impacts to wetlands and surface waters be avoided minimized and mitigated; without assuring that there would not be significant degradation of waters of the United States; and without meaningfully examining the secondary and cumulative impacts of the project in making its determinations; and 3) the Corps violated the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. ("NEPA"), and the APA, 5 U.S.C. § 706, because it failed to meaningfully and accurately assess the impacts of the project, including the

secondary and cumulative impacts of the project and potential alternatives, in its Environmental Assessment ("EA"), and because it failed to prepare an Environmental Impact Statement ("EIS"). Plaintiffs seek an expedited resolution of the merits of this case as Intervening Defendants are currently working on the CCTC site, clearing and grading land.

**Federal Defendants' and Intervening Defendants' Statement**

This case involves a challenge to the Corps' issuance of a CWA Section 404 permit to Sierra Properties. The permit authorizes the dredging and filling of wetlands and surface waters as part of the development of CCTC, a multi-use development that will include a regional mall, a variety of retail stores, financial institutions, hotels, restaurants, cinemas, offices, and multi-family residential housing. The Complaint claims that the Corps violated the CWA and NEPA, and that the Corps and the FWS violated the Endangered Species Act. The Corps' analysis in the EA showed that development of the CCTC would likely not cause significant environmental impacts, and further showed that the CCTC was not likely to adversely affect any endangered species. The Corps consulted with the FWS as part of the permitting process, and the FWS agreed that the project was not likely to adversely affect any federally listed species. No further environmental analyses are necessary for the CCTC project, as the Corps and FWS complied with the substantive and procedural requirements of all applicable federal environmental laws.

**LOCAL RULE 16.3 ITEMS**

With regard to the specific items set forth in Local Rule 16.3, the parties state as follows:

1. The parties agree that this action will likely be resolved on cross-motions for summary judgment.

2. All known interested parties are joined.

3. The case should not be assigned to a magistrate judge.

4. The parties do not believe there is any possibility of settling this case at this time.

5. The parties have discussed Alternative Dispute Resolution ("ADR") with their clients and do not believe that the case would benefit from the Court's ADR program at this time.

6. The parties have not agreed upon a single briefing schedule for the filing of their summary judgment motions, responses and replies.

Position of Plaintiffs and Federal Defendants:

Plaintiffs and Federal Defendants have agreed on and propose a scheduling order, a copy of which is attached as Attachment A. Plaintiffs and Federal Defendants believe that proceeding under their proposed schedule will streamline the briefing in this case and therefore conserve the resources of the parties and the court. Plaintiffs agree to this schedule in lieu of preliminary injunction proceedings provided that such briefing is completed - and the case presented to the court for resolution on the merits - by March 14, 2008, as provided for in Plaintiffs' and Federal Defendants' proposed scheduling order. Plaintiffs reserve the right to move for a preliminary injunction should the case become delayed for any reason, and Federal Defendants are not requesting Plaintiffs to relinquish their right to move for a preliminary injunction at any time. Plaintiffs and Federal Defendants respectfully request expedited resolution of the summary judgment motions at the Court's earliest convenience.

Position of Intervening Defendants:

Intervening Defendants propose an alternative scheduling order, attached as Attachment B, that they believe more closely conforms to the standard practice in this Circuit for the judicial review of federal agency decisions. This scheduling order also provides a brief interval between the filing of the Response and Reply Briefs of the Federal and Intervening Defendants to avoid repetition of arguments in the Defendants' briefs. Federal Defendants take no position on the staggering of the filing of Federal Defendants' and Intervening Defendants' Response and Reply Briefs. This Court should not adopt an expedited briefing schedule or otherwise accelerate its disposition of this case because Plaintiffs may otherwise seek preliminary injunctive relief. Plaintiffs have not sought injunctive relief since the Corps issued Intervening Defendants the Section 404 permit over seven months ago. The scheduling order for briefing the cross motions for summary judgment should not be affected by any party's request for or threatened request for preliminary injunctive relief.

7.      Federal Defendants anticipate producing and filing the agency Administrative Records in this case on or before January 3, 2008. The parties agree that initial disclosures under Rule 26(a)(1) are not required, pursuant to Fed. R. Civ. P. 26(a)(1)(E)(i), as this is an action for

review on an administrative record.

8.    Intervening Defendants have propounded discovery requests to Plaintiffs, the responses to which are due on January 15, 2008.

Plaintiffs' Position:

Plaintiffs contend that, because this is an Administrative Record case, no discovery is allowed . As is the standard practice in this Circuit, Plaintiffs will establish standing with declarations filed with their motion for summary judgment and accompanying brief. If Intervening Defendants contend they cannot respond to Plaintiffs' summary judgment motion based upon the submitted standing declarations, they can file a Fed. R Civ. P 56 affidavit with the Court at that time. If Intervening Defendants continue to propound discovery, Plaintiffs will continue to object to the discovery and will seek relief from the Court as they deem necessary.

Federal Defendants' Position:

Federal Defendants have not propounded discovery requests but reserve the right to have counsel participate in any depositions that may be noticed by Intervening Defendants.

Intervening Defendants' Position:

Intervening Defendants are entitled to discovery from Plaintiffs that may lead to relevant evidence on issues and defenses, including, inter alia, Plaintiffs' standing. If Plaintiffs do not comply with Intervening Defendants' discovery requests, including depositions, Intervening Defendants will seek relief from the Court, including postponement of the briefing schedule until Plaintiffs comply with such discovery requests.

9.    The parties agree that initial disclosures under Rule 26(a)(2) are not required as this is an action for review of an administrative record and will not go to trial. However, although Plaintiffs do not concede they are required to do so, and although Plaintiffs have no present intention to file for a preliminary injunction motion at this time provided the parties' briefing follows Plaintiffs and Federal Defendants' proposed scheduling order, Plaintiffs agree that no less than 25 days prior to moving for a preliminary injunction, they will disclose the identity of any experts and the topics of their intended statements used in conjunction therewith. Federal Defendants reserve the right to depose such experts prior to responding to any

preliminary injunction motion filed by Plaintiffs that relies on expert affidavits or testimony, and Plaintiffs reserve the right to object to any such depositions.  Intervening Defendants object to Plaintiffs' use in this case of the testimony of any person (whether in the form of declaration or otherwise), unless such person is made available to be deposed by Federal Defendants and Intervening Defendants.

10-13.   The parties do not believe that these items are applicable at this time and will inform the Court if any of these items become applicable.

14.   The parties believe all appropriate matters are included in the proposed scheduling order submitted herewith.


Respectfully submitted,


_____/s/_____
Joshua R. Stebbins  (D.C. Bar. No. 468542)
Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W.
Suite 700
Washington, D.C.  20009
(202) 588-5206

Counsel for Plaintiffs


_____/s/_____
Mark A. Brown
Senior Trial Attorney
Wildlife & Marine Resources Section
U.S. Dept. of Justice
P.O. Box. 7369
Washington DC 20044-7369
Street Address:
601 D Street, N.W. Room 3034
Washington, D.C. 20004
phone: 202-305-0204
fax: 202-305-0275
mark.brown@usdoj.gov

Counsel for Federal Defendants

_____/s/_____
Douglas M. Halsey (Florida Bar No. 288586)
T. Neal McAliley (Florida Bar No. 172091)
Angela D. Daker (Florida Bar No. 681571)

        White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida  33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

Eric Grannon (D.C. Bar No. 473778)
Erin M. Everitt (D.C. Bar No. 497407)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

Counsel for Intervening Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIERRA CLUB, et al.,                                )
                                                    )
       Plaintiffs,                                )
                                                    )
       v.                                           )
                                                    ) Civ. Action No. 1:07-cv-01756 (RCL)
LT. GEN. ROBERT L. VAN ANTWERP, et al.,             )
                                                    )
       Defendants.                                )
                                                    )

**PLAINTIFFS' AND FEDERAL DEFENDANTS'
PROPOSED SCHEDULING ORDER**

| | |
|---|---|
| January 3, 2008 | Federal Defendants file and serve on Plaintiffs and Intervening Defendants the administrative record. |
| January 14, 2008 | Plaintiffs file their motion for summary judgment. |
| February 15, 2008 | Federal Defendants and Intervening Defendant file their memorandums in opposition to Plaintiffs' motion and their cross motions for summary judgment combined with the opposition. |
| February 29, 2008 | Plaintiffs file a combined reply and memorandum in opposition to Federal Defendants' and Intervening Defendants' motion for summary judgment. |
| March 14, 2008 | Federal Defendants and Intervening Defendants file their replies in support of their cross motions for summary judgment. |

The Court will issue a separate order scheduling oral argument on the cross-motions for summary judgment.

_____
U.S. District Court Judge
Royce C. Lamberth

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIERRA CLUB, et al.,                      )
                                          )
        Plaintiffs,                       )
                                          )
        v.                                )
                                          ) Civ. Action No. 1:07-cv-01756 (RCL)
LT. GEN. ROBERT L. VAN ANTWERP, et al.,   )
                                          )
        Defendants.                       )
_____)

**INTERVENING DEFENDANTS'
PROPOSED SCHEDULING ORDER**

| | |
|---|---|
| January 10, 2008 | Lodging of the Administrative Record by Federal Defendants |
| January 28, 2008 | Plaintiffs' Motion for Summary Judgment |
| February 28, 2008 | Federal Defendants' Combined Opposition and Cross-Motion for Summary Judgment and/or to Dismiss |
| March 10, 2008 | Defendant-Intervenors' Combined Opposition and Cross-Motion for Summary Judgment and/or to Dismiss |
| March 31, 2008 | Plaintiffs' Combined Opposition to Defendants' and Defendant-Intervenors' Cross-Motions for Summary Judgment and/or to Dismiss, and Reply in Support of Motion for Summary Judgment |
| April 14, 2008 | Federal Defendants' Reply in Support of Cross-Motion For Summary Judgment and/or to Dismiss |
| April 28, 2008 | Defendant-Intervenors' Reply in Support of Cross-Motion For Summary Judgment and/or to Dismiss |

The Court will issue a separate order scheduling oral argument on the cross-motions for summary judgment.

```
                                         _____
                                         U.S. District Court Judge
                                         Royce C. Lamberth
```

**ATTACHMENT B**