# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SIERRA CLUB, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 1:07-cv-01756 (RCL) |
| ) | |
| LT. GEN. ROBERT L. VAN ANTWERP, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| SIERRA PROPERTIES I, LLC, et al, ) | |
| ) | |
| Intervening Defendants. ) | |

---

## PLAINTIFFS' EMERGENCY MOTION FOR A PROTECTIVE ORDER

Plaintiffs hereby move for a protective order to prohibit the Intervenors from taking five depositions they have noticed in this action **beginning January 30, 2008**. Fed. R. Civ. P. 26(c). Intervenors seek discovery of information that they assert "may lead to relevant evidence on issues and defenses, including, inter alia, Plaintiffs' standing." Rule 16.3 Report, ¶ 8 (DE 26).

As explained in the attached Memorandum, however, this is an administrative record review case under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the Court's resolution of it will be based primarily on the Administrative Record. Plaintiffs have now filed a motion for summary judgment in accordance with the Court's scheduling order, and, as required by Circuit precedent and practice, have filed the detailed standing declarations on which they are relying for standing. See Summary Judgment Memorandum ("Sum. Jud. Mem."), Exhs. 7-11.

Nonetheless, during the summary judgment briefing schedule approved by the Court, Intervenors seek to depose all of the Plaintiffs. If, however, Intervenors believe Plaintiffs'

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SIERRA CLUB, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 1:07-cv-01756 (RCL) |
| ) | |
| LT. GEN. ROBERT L. VAN ANTWERP, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| SIERRA PROPERTIES I, LLC, et al, ) | |
| ) | |
| Intervening Defendants. ) | |

---

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## EMERGENCY MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause, Plaintiffs hereby move for a protective order to prohibit the Intervenors from taking five depositions they have noticed in this administrative record review case. Plaintiffs' summary judgment motion is currently pending (DE 32), and Plaintiffs have submitted detailed declarations on which they are relying for Article III standing. In the midst of summary judgment briefing, however, Intervenors seek to take discovery that it asserts "may lead to relevant evidence on issues and defenses, including, inter alia, Plaintiffs' standing." Rule 16.3 Report, ¶ 8 (DE 26).

This is an action for review on an administrative record, and the Court's resolution of it will turn primarily, if not entirely, on the record produced by the governments as well as any other materials as to which the Court finds it may take judicial notice. There is no basis for

Intervenors to take depositions at this juncture, either on standing or other unidentified "issues and defenses." Id. Rather, upon reviewing Plaintiffs' declarations, Intervenors maintain they are unable to respond to Plaintiffs' motion for summary judgment without discovery, the Federal Rules of Civil Procedure specify the appropriate process and mechanisms for Intervenors to make that argument: through an affidavit filed pursuant to Federal Rule of Civil Procedure 56(f). At minimum, Intervenors should not be allowed to engage in vexatious discovery on matters unlikely to have any legal relevance, and should not be permitted to depose the two Plaintiffs upon whom Plaintiffs are not relying for standing purposes at the summary judgment stage. See, e.g., Massachusetts. v. EPA, (127 S. Ct. 1438, 1453) (2007) ("Only one of the petitioners needs to have standing" for a Court to resolve a claim).

Pursuant to Rule 26(c), Plaintiffs' counsel certifies that they have in good faith conferred with Intervenors' counsel in an effort to resolve this dispute without court involvement. See Exhibits ("Exhs.") 1-4 (correspondence on the matter); see also Exhs. 5-9 (Deposition Notices). Intervenors do not agree to the relief requested in the motion. Intervenors do not agree to continue the depositions until the Court has the opportunity to resolve this motion, unless the briefing schedule is abated for the period from the date Plaintiffs file their motion until the date the Court resolves it. Intervenors agree to file their opposition to Plaintiffs' motion on or before Tuesday, January 22, 2008, provided Plaintiffs serve the motion for protective order by noon, Friday, January 18, 2008. Plaintiffs will file their reply on or before Thursday, January 24, 2008. The government takes no position with respect to the relief Plaintiffs' request, but they reserve the right to be present at any depositions. Plaintiffs request that the Court stay any depositions

noticed by Intervenor Defendants until resolution of Plaintiffs' motion for a Protective Order, and

that the Court not abate the briefing schedule.

## **Background**

_____Plaintiffs filed this case on October 1, 2007 to challenge the U.S. Army Corps of

Engineers' ("Corps") decision to permit the destruction of over fifty acres of wetlands and the

habitat of several species protected under the Endangered Species Act ("ESA"), 16 U.S.C.

§ 1531, et seq., in order to allow construction of a massive complex that will include an

enormous mall, hotels and residences, and thousands of parking spaces.  Plaintiffs contend that

by failing to take the requisite steps to insure adequate protection of wetlands; failing to engage

in formal consultation and obtain a Biological Opinion from the U.S. Fish and Wildlife Service;

and issuing the permit based on an inadequate Environmental Assessment, the Corps is violating

the Clean Water Act ("CWA"), 33 U.S.C. § 1344, et seq., the ESA, and the National

Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, et seq.

Shortly after Plaintiffs filed suit, the Intervenors filed a motion seeking intervention as of

right, or alternatively permissive intervention, in this action.  In support of the latter request, they

represented that if granted permissive intervention their participation would "not cause any undue

delay" and would "not prejudice" Plaintiffs.  See Intervention Memorandum at 11 (Oct. 16,

2007), DE 8.  The Intervenors also joined the federal defendants in seeking to have this case

transferred to Florida.  See Federal Defendants' Oct. 2, 2008 Motion to Transfer, DE 5.

3

On December 4, 2007 the Court denied the motion to transfer, and granted the motion permitting Intervenors to participate in this action as permissive Intervenors.  DE 16.  The Court then directed the parties to develop a proposed Scheduling Order for resolution of the case.  DE 18.

On December 31, 2007 the parties submitted their Rule 16.3 Report.  DE 26.  Since this is an administrative record review case and the permitted activities are now proceeding, Plaintiffs and the federal defendants agreed to an expedited schedule for resolution of the action that did not contemplate a period for discovery.  Id. at 3.  The Intervenors sought a longer schedule in order to include a period for discovery.  Id.  The Court entered the schedule proposed by Plaintiffs and federal defendants.  DE 28.[1]

Despite this schedule, Intervenors informed Plaintiffs that they intend to depose each of the five Plaintiffs in the suit.  See Exhs. 1 and 3.  In response, Plaintiffs urged that, rather than proceeding with depositions, Intervenors should review the declarations Plaintiffs would be submitting in support of their summary judgment motion as an initial matter.  Exhs. 2 and 4.  Plaintiffs explained that, if, upon reviewing these declarations, Intervenors believe that the standing declarations are legally inadequate or that the case cannot be resolved on cross-motions for summary judgment until they obtain discovery, they can file a Rule 56(f) affidavit with their opposition in response to Plaintiffs' motion, as contemplated by the Federal Rules.  See Fed. R. Civ. P. 56(f).  In the meantime, Plaintiffs further explained, since the case will be resolved based

_____

[1]  The Court subsequently granted Plaintiffs' motion for a two-day extension of this schedule.  DE 31.

4

on the federal agencies' Administrative Records, and the Court has approved the parties'

expedited briefing schedule, depositions should not go forward.  Id.

    Nonetheless, on January 4, 2008, Intervenors served five deposition notices on Plaintiffs.

Exhs. 5-9.  The Notices are for the deposition of the two individual Plaintiffs (Chris Loy and

Richard Sommerville), and one or more representatives of each of the three organizational

Plaintiffs.  The depositions have been noticed for January 30-February 1, 2008.

    On January 16, 2008, Plaintiffs filed their motion for summary judgment.  DE 32.  In

support of their standing, Plaintiffs have submitted the declarations of individual plaintiff Chris

Loy; Clean Water Action representative Kathleen E. Aterno and member Thomas Armentano;

and Sierra Club representative Athan Manuel and member Clay Colson.  See Summary Judgment

Memorandum ("Sum. Jud. Mem."), Exhs. 7-11.[2]

**Argument**

    Rule 26(c) provides that, "for good cause," the Court may enter a protective order

to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or

expense," and that such an order may forbid the discovery or provide specific terms and

conditions for it to proceed.  Fed. R. Civ. P. 26(c).  As the Court of Appeals for this Circuit has

observed, "Rule 26(c) is highly flexible, having been designed to accommodate all relevant

interests as they arise," and the existence of "good cause" for a protective order "is a factual

---

    [2] In December, 2007, Intervenors also served a set of Interrogatories on each of the
Plaintiffs, seeking much of the information covered in the standing declarations.  For the three
Plaintiffs for whom standing declarations have been submitted, Plaintiffs have responded to
those Interrogatories, referring Intervenors to specific paragraphs of the declarations where
responsive information is provided.  For the two Plaintiffs upon whom Plaintiffs are not relying
to demonstrate standing (Richard Sommerville and Gulf Restoration Network), Plaintiffs have
objected to producing any responsive information.

5

matter to be determined from the nature and character of the information sought." United States v. Microsoft, 165 F.3d 952, 959 (D.C. Cir. 1999) (citations and quotations omitted); see also United States ex rel. Purcell v. MWI Corp., 209 F.R.D. 21, 27 (D.D.C. 2002) (holding that the Court has broad discretion to issue a protective order).

As discussed, this is a challenge to an agency action - the issuance of a permit - and Plaintiffs have filed their motion for summary judgment. The Court's resolution of the case - and of Plaintiffs' motion for summary judgment - will necessarily turn primarily, if not entirely, on the voluminous Administrative Records filed by the Corps and the Fish and Wildlife Service. E.g. Beverly Enterprises, Inc. v. Herman, 130 F.Supp. 2d 1, 6 (D.D.C. 2000) ("When a court reviews an administrative agency's decision under the APA, the court must limit its review to the administrative record").

Generally, therefore, discovery is not permitted in a record review case such as this one. Nonetheless, Intervenors seek to depose each of the Plaintiffs in this action. This discovery is unnecessary, irrelevant, and, at bare minimum, premature. As noted, Plaintiffs have submitted standing declarations with their motion for summary judgment that explain in detail the bases upon which three of the Plaintiffs have standing to pursue this action. Thus, the declarations of Kathleen E. Aterno and Thomas Armentano, and of Athan Manuel and Clay Colson, have been submitted to demonstrate the standing of Clean Water Action and Sierra Club respectively, see Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 342-43 (1977), and the declaration of Chris Loy demonstrates his standing as an individual plaintiff, and also of Sierra Club in so far as he is a member of Sierra Club. In this Circuit, the courts regularly determine standing based upon declarations. E.g. Nuclear Energy Institute, Inc. v. Environmental Protection Agency, 373

6

F.3d 1251, 1266 (D.C. Cir. 2004).  Since these declarations demonstrate that Plaintiffs visit the area impacted by the project at issue, and that their aesthetic and recreational interests are adversely impacted by the project, Plaintiffs have unassailable standing to pursue this case.  See, e.g., Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167, 181-82 (2000).  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Japan Whaling Ass'n v. American Cetacean Soc'y, 478 U.S. 221, 230, n.4 (1986).

Should Intervenors possess some information that would call into question the veracity of any of the averments made in these sworn declarations, or contend that they are unable to respond to Plaintiffs' motion for summary judgment based upon the administrative record and the declarations filed, the appropriate vehicle to seek discovery would be to file a Rule 56(f) affidavit when they oppose Plaintiffs' summary judgment motion.  Fed. R. Civ. P. 56(f).  In that affidavit Intervenors would explain the reasons they maintain discovery is necessary, and precisely how discovery may create a genuine issue of material fact precluding summary judgment.  Id.

However, in opposing summary judgment based on Rule 56(f), Intervenors must do more than simply claim the right to discovery, or to test the veracity of the statements made in Plaintiffs' declarations.  Instead, they will have "the burden of showing the trial court what facts [they] hope[ ] to discover that would create a triable issue . . . ."  See Hotel & Restaurant Employees Union, Local 25 v. Attorney General of the U.S., 804 F.2d 1256, 1269 (D.C. Cir. 1986) (emphasis added); Exxon Corp. v. FTC, 663 F.2d 120, 126-27 (D.C. Cir. 1980); cf. Crawford-El v. Britton, 523 U.S. 574, 600 (1998) (where a party has made a "properly supported summary judgment motion," the opposing party "may not respond simply with general attacks

upon the defendant's credibility, but rather must identify affirmative evidence" disputing the facts asserted) (emphasis added). Absent such a showing, discovery is not appropriate. See, e.g., Dunning v. Quander, 508 F.3d 8, 9-10 (D.C. Cir. 2007).

Thus, for example, in Dunning, after the defendant submitted declarations in support of its motion for summary judgment, the plaintiff argued that he was entitled to test the accuracy of the facts asserted in the declarations before summary judgment was resolved. Id. at 9. The D.C. Circuit affirmed the district court's denial of discovery, explaining that "'[w]ithout some reason to question the veracity of affiants,'" the mere "desire to 'test and elaborate' affiants' testimony falls short . . . ." Id. at 10 (emphasis added) (quoting Strang v. U.S. Arms Control and Disarmament Agency, 864 F.2d 859 (D.C. Cir. 1989)).

This reasoning applies here to Intervenors' effort to take depositions at this time. If, in responding to Plaintiffs' motion for summary judgment, Intervenors can demonstrate an entitlement to take these depositions - i.e., they can come forward with some credible basis to "question the veracity of affiants" regarding their standing allegations or to seek other discovery - then the depositions may be appropriate at that time. However, if they are unable to do so, then there is no reason they should be permitted to take these depositions now, even before they have attempted to make this showing.

Moreover, it is not unusual for a court to prohibit discovery until the resolution of motions for summary judgment, which may demonstrate that the sought after discovery is not necessary. See Abourezk v. Reagan, 785 F.2d 1043, 1049 (D.C. Cir. 1986), aff'd 484 U.S. 1 (1987) ("The district court granted the defendants' request for a stay of discovery pending their filing of a motion for summary judgment"); Exxon Corp. v. F. T. C., 663 F.2d 120, 124-25 (D.C.

Cir. 1980); see also, Byrd v. E.P.A, 174 F.3d 239, 248 n.8 (D. C. Cir. 1999) ("district court did

not abuse its discretion in denying Byrd discovery before granting EPA's summary judgment

motion"). In short, because the summary judgment briefing may demonstrate that the discovery

Intervenors seek is not necessary, the Court should consider the parties' briefing before

permitting these depositions to go forward.[3]

Alternatively, even assuming arguendo that the Court were to conclude that Intervenors

should be allowed to take depositions at this time, Intervenors should not be allowed to engage in

vexatious discovery on matters of no relevance, and certainly should not be permitted to depose

Richard Sommerville or any representative from Gulf Restoration Network, since Plaintiffs are

not relying on these Plaintiffs in order to prove their standing in this case. See Mass. v. EPA,

127 S.Ct. at 1453 (reaffirming the principle that a coalition of Plaintiffs need only demonstrate

the standing of one for the case to proceed); Animal Legal Defense Fund v. Glickman, 154 F.3d

426, 429 (D.C. Cir. 1998) (en banc) (same). Instead, the court should limit the Intervenors to

deposing appropriate representatives for Sierra Club and Clean Water Action and Chris Loy.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a protective

order barring Intervenors from proceeding with the five depositions they have scheduled to

commence on January 30, 2007, and continue the depositions until resolution of this motion.

A proposed order is attached.

---

[3]    In this regard, Plaintiffs emphasize that the parties have already agreed that this action will be resolved on cross-motions for summary judgment based on the agencies' administrative records rather than a trial proceeding. See Rule 16.3 Report, ¶ 9.

Respectfully submitted,

_____/s/_____

Howard M. Crystal
D.C. Bar No. 446189
Joshua Stebbins
D.C. Bar No. 468542
Eric R. Glitzenstein
D.C. Bar No. 358287

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Ave., NW, Suite 700
Washington, D.C. 20009
(202) 588-5206

Attorneys for Plaintiffs

January 18, 2008

10

declarations are inadequate to establish standing, or that discovery is necessary on some other issue that precludes their ability to respond to Plaintiffs' motion for summary judgment, they can make those arguments pursuant to Rule 56(f) when they oppose Plaintiffs' motion under the current scheduling order. See Fed. R. Civ. P. 56(f). At minimum, Intervenors should not be allowed to engage in vexatious discovery on matters that may prove to have no relevance, and should not be permitted to depose the two Plaintiffs upon whom Plaintiffs are not relying to establish Article III standing.

In light of the dates for the depositions, Plaintiffs respectfully urge that the Court resolve the motion before January 30, 2008, or, in the alternative, otherwise stay the discovery by Intervenors until the Court has an opportunity to resolve Plaintiffs' motion for a Protective Order. Plaintiffs have conferred with opposing counsel. Intervenors do not agree to the relief requested in the motion. Intervenors do not agree to continue the depositions until the Court has the opportunity to resolve this motion, unless the briefing schedule is abated for the period from the date plaintiffs file their motion until the date the Court resolves it. Intervenors have agreed to file their opposition to Plaintiffs' motion on or before Tuesday January 22, 2008, provided Plaintiffs serve the motion for protective order by noon, Friday, January 18, 2008. Plaintiffs will file their reply no later than Thursday, January 24, 2008. Plaintiffs request that the Court not abate the briefing schedule. The government takes no position with respect to the relief Plaintiffs' request, but they reserve the right to be present at any depositions.

2

Respectfully submitted,

_____
/s/

Howard M. Crystal
D.C. Bar No. 446189
Joshua Stebbins
D.C. Bar No. 468542
Eric R. Glitzenstein
D.C. Bar No. 358287

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Ave., NW, Suite 700
Washington, D.C. 20009
(202) 588-5206

Attorneys for Plaintiffs

January 18, 2008

**WHITE & CASE**

White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352

Tel  + 1 305 371 2700
Fax  + 1 305 358 5744/5766
www.whitecase.com

Direct Dial + 305-995-5297

January 2, 2008

VIA FACSIMILE

Joshua Stebbins
Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W.
Suite 700
Washington, D.C. 20009

Re:   Sierra Club, et. al v. Lt. Gen. Robert L. Van Antwerp, et.al.

Dear Josh:

As Doug Halsey informed you, we intend to take the depositions of the two individually-named Plaintiffs and corporate representatives for the three organizational Plaintiffs in the above-captioned matter. We will proceed with each deposition in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Columbia. In light of the proposed expedited schedules the parties have submitted to the Court, we would like to take these depositions between the dates of January 24, 2008 and February 1, 2008. We have no preference regarding the sequence of the depositions and are happy to work with you in getting mutually convenient deposition times between these dates. Please confirm, by noon on Friday, January 4, 2008, when the two individually-named Plaintiffs and corporate representatives for the three organizational Plaintiffs will be available for deposition during this time-frame.

Regards,

Angela D. Daker

**Exhibit 1**

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG   HELSINKI
HO CHI MINH CITY   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUMBAI   NEW YORK   PALO ALTO
PARIS   PRAGUE   RIYADH   ROME   SAN FRANCISCO   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

MIAMI 762642 (2K)

# Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20009-1056

Katherine A. Meyer
Eric R. Glitzenstein
Howard M. Crystal
Kimberly D. Ockene
Tanya M. Sanerib
Joshua R. Stebbins

Telephone (202) 588-5206
Fax (202) 588-5049
www.meyerglitz.com

January 4, 2008

**Via Electronic Transmission**

Angela D. Daker
White & Case, LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL 33131

Re: Sierra Club v. Lt. Gen. Robert L. Van Antwerp, et al.

Dear Angela:

I received your request to schedule depositions in the Cypress Creek Town Center ("CCTC") matter yesterday. In your correspondence, you demand that I provide, by noon today, the dates Plaintiffs will be available for deposition.

As you know, just four days ago we put before the Court our respective positions on discovery, with related proposed scheduling orders. Plaintiffs expect that it is very likely the Court will address the issue of discovery and provide direction as to how the parties are to proceed. Moreover, Plaintiffs' summary judgment motion, with the declarations Plaintiffs intend to rely upon for standing in this case, is not to be filed until January 14, 2008. In light of this, your request that Plaintiffs be available for depositions is premature, and I suggest that we revisit the matter once the Court has ruled, and Plaintiffs have filed their summary judgment motion. In the meantime, in the event that discovery is allowed by the Court and still sought by the Intervening Defendants once they have seen Plaintiffs' standing declarations, I will begin to coordinate with Plaintiffs to determine when they may be able to be available for depositions.

Sincerely,

Joshua Stebbins

cc:   Mark Brown



recycled paper

**Exhibit 2**

**WHITE & CASE**

White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352

Tel  + 1 305 371 2700
Fax + 1 305 358 5744/5766
www.whitecase.com

Direct Dial + 305-995-5297

January 4, 2008

<u>VIA FACSIMILE</u>

Joshua Stebbins
Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W. Suite 700
Washington, D.C. 20009

Re:   Sierra Club, et. al v. Lt. Gen. Robert L. Van Antwerp, et.al.

Dear Josh:

I write in response to your January 4, 2008 letter regarding scheduling depositions in this matter.
In your letter, you suggested that we wait to schedule depositions until we receive guidance from
the Court regarding discovery in the scheduling order. As you know, the Court issued the
scheduling order today and did not address discovery. In light of the expedited summary
judgment briefing schedule that the Court has ordered, we believe it is imperative that we
immediately schedule deposition dates for your clients and their representatives. There is no
reason to wait until after you have filed your summary judgment motion to schedule depositions.
As I said in my January 2, 2008 letter, we would like to schedule the depositions between
January 24, 2008 and February 1, 2008. We have no preference regarding the sequence of the
depositions and are happy to work with you in getting mutually convenient deposition times
between these dates. Please confirm, by the end of the day today, when the two individually-
named Plaintiffs and corporate representatives for the three organizational Plaintiffs will be
available for deposition during this time-frame. Otherwise, we will set the times and dates of the
depositions as we deem appropriate.

Regards,

Angela D. Daker

**Exhibit 3**

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG   HELSINKI
HO CHI MINH CITY   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUMBAI   NEW YORK   PALO ALTO
PARIS   PRAGUE   RIYADH   ROME   SAN FRANCISCO   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

MIAMI 763090 (2K)

# Meyer Glitzenstein & Crystal

1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20009-1056

Katherine A. Meyer
Eric R. Glitzenstein
Howard M. Crystal
Kimberly D. Ockene
Tanya M. Sanerib
Joshua R. Stebbins

Telephone (202) 588-5206
Fax (202) 588-5049
www.meyerglitz.com

January 4, 2008

**Via Electronic Transmission**

Angela D. Daker
White & Case, LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL 33131

Re: Sierra Club v. Lt. Gen. Robert L. Van Antwerp, et al.

Dear Angela:

As you are aware, the Court entered the proposed scheduling order advanced by Plaintiffs and Federal Defendants with the parties' Rule 16.3 Report. In our view, the summary judgment scheduling order entered suggests that the Court agrees with Plaintiffs' position that, given that this is an administrative record case, no discovery should be allowed, at least at this juncture. If Intervening Defendants believe that for some reason they are unable to respond to Plaintiffs' motion for summary judgment, they can file a Rule 56(f) affidavit at that time and the Court can then assess whether Intervening Defendants have established a legitimate need for discovery. Because Plaintiffs have not yet filed for summary judgment and provided the declarations that they intend to rely upon for standing – which presumably, given their statements in the Rule 16.3 Report, is a primary focus of Intervening Defendants' discovery – scheduling depositions is at the very least premature. If Intervening Defendants believe otherwise, nothing precludes them from seeking relief from the Court.

Sincerely,

Joshua Stebbins

cc:    Mark Brown


recycled paper

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIERRA CLUB, CLEAN WATER )
ACTION, GULF RESTORATION )
NETWORK, CHRIS LOY, and RICHARD )
SOMMERVILLE, )
                                                        )
              Plaintiffs, )
                                                        )
       v. )
                                                        )
LT. GEN. ROBERT L. VAN ANTWERP, )
in his official capacity as Chief of )
Engineers, U.S. Army Corps of Engineers, )
DIRK KEMPTHORNE, in his official )
capacity as Secretary, U.S. Department of )     Civil Action No.  1:07-cv-01756 (RCL)
the Interior, and H. DALE HALL, in his )
official capacity as Director, U.S. Fish and )
Wildlife Service, )
                                                        )
              Defendants, )
                                                        )
       and )
                                                        )
SIERRA PROPERTIES I, LLC, PASCO )
54, LTD., PASCO RANCH, INC., )
AND JG CYPRESS CREEK LLC, )
                                                        )
              Intervening Defendants. )
_____ /

## NOTICE OF DEPOSITION TO PLAINTIFF CHRIS LOY

**TO:  ALL COUNSEL LISTED ON THE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| **NAME OF DEPONENT** | **DATE AND TIME** | **LOCATION** |
|---|---|---|
| Chris Loy | February 1, 2008 2:00 p.m. | White & Case LLP 701 Thirteenth Street, NW Washington, DC 20005 |

**Exhibit 5**

The deposition will continue from day to day before a person duly authorized to administer oaths until concluded and shall be recorded by any means authorized under Rule 30 of the Federal Rules of Civil Procedure, including but not limited to stenographical, sound and/or by videotape and may be used for all purposes under the Rules.

Respectfully submitted,

_____
Counsel for Intervening Defendants

Douglas M. Halsey (Florida Bar No. 288586)
T. Neal McAliley (Florida Bar No. 172091)
Angela D. Daker (Florida Bar No. 681571)
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida  33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

Eric Grannon (D.C. Bar No. 473778)
Erin M. Everitt (D.C. Bar No. 497407)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on the ___4th___ of January, 2008, I caused the foregoing to be served via facsimile and U.S. mail upon the following:

Joshua R. Stebbins
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009-1056
(202) 588-5206
Fax:(202) 588-5049
Email: jstebbins@meyerglitz.com

*Counsel for Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy and Richard Sommerville*

Mark Arthur Brown
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Wildlife and Marine Resources Section
P.O. Box 7369
Ben Franklin Station
Washington, DC 20044-7369
(202) 305-0204
Fax: (202) 514-0097
Email: mark.brown@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

Kristofer Swanson
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
(202) 305-0248
Fax: (202) 305-0274
Email: kristofer.swanson@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

_____
Angela D. Daker

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIERRA CLUB, CLEAN WATER )
ACTION, GULF RESTORATION )
NETWORK, CHRIS LOY, and RICHARD )
SOMMERVILLE, )
)
Plaintiffs, )
)
v. )
)
LT. GEN. ROBERT L. VAN ANTWERP, )
in his official capacity as Chief of )
Engineers, U.S. Army Corps of Engineers, )
DIRK KEMPTHORNE, in his official )
capacity as Secretary, U.S. Department of )    Civil Action No.  1:07-cv-01756 (RCL)
the Interior, and H. DALE HALL, in his )
official capacity as Director, U.S. Fish and )
Wildlife Service, )
)
Defendants, )
)
and )
)
SIERRA PROPERTIES I, LLC, PASCO )
54, LTD., PASCO RANCH, INC., )
AND JG CYPRESS CREEK LLC, )
)
Intervening Defendants. )
_____ /

## NOTICE OF DEPOSITION TO PLAINTIFF RICHARD SOMMERVILLE

TO:  ALL COUNSEL LISTED ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| NAME OF DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| Richard Sommerville | February 1, 2008 9:00 a.m. | White & Case LLP 701 Thirteenth Street, NW Washington, DC 20005 |

**Exhibit 6**

MIAMI 763061 (2K)

WHITE & CASE LLP  Wachovia Financial Center, Miami, Florida 33131-2352   Tel+ 1 305 371 2700

The deposition will continue from day to day before a person duly authorized to administer oaths until concluded and shall be recorded by any means authorized under Rule 30 of the Federal Rules of Civil Procedure, including but not limited to stenographical, sound and/or by videotape and may be used for all purposes under the Rules.

Respectfully submitted,

_____

Counsel for Intervening Defendants

Douglas M. Halsey (Florida Bar No. 288586)
T. Neal McAliley (Florida Bar No. 172091)
Angela D. Daker (Florida Bar No. 681571)
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

Eric Grannon (D.C. Bar No. 473778)
Erin M. Everitt (D.C. Bar No. 497407)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ January, 2008, I caused the foregoing to be served via facsimile and U.S. mail upon the following:

Joshua R. Stebbins
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009-1056
(202) 588-5206
Fax:(202) 588-5049
Email: jstebbins@meyerglitz.com

*Counsel for Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy and Richard Sommerville*

Mark Arthur Brown
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Wildlife and Marine Resources Section
P.O. Box 7369
Ben Franklin Station
Washington, DC 20044-7369
(202) 305-0204
Fax: (202) 514-0097
Email: mark.brown@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

Kristofer Swanson
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
(202) 305-0248
Fax: (202) 305-0274
Email: kristofer.swanson@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

Angela D. Daker

WHITE & CASE LLP   Wachovia Financial Center, Miami, Florida 33131-2352   Tel+ 1 305 371 2700

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIERRA CLUB, CLEAN WATER ACTION, GULF RESTORATION NETWORK, CHRIS LOY, and RICHARD SOMMERVILLE, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| LT. GEN. ROBERT L. VAN ANTWERP, in his official capacity as Chief of Engineers, U.S. Army Corps of Engineers, DIRK KEMPTHORNE, in his official capacity as Secretary, U.S. Department of the Interior, and H. DALE HALL, in his official capacity as Director, U.S. Fish and Wildlife Service, | ) ) ) ) ) ) ) ) | Civil Action No. 1:07-cv-01756 (RCL) |
| Defendants, | ) ) ) | |
| and | ) ) | |
| SIERRA PROPERTIES I, LLC, PASCO 54, LTD., PASCO RANCH, INC., AND JG CYPRESS CREEK LLC, | ) ) ) ) | |
| Intervening Defendants. | ) ) | |

NOTICE OF DEPOSITION TO PLAINTIFF GULF RESTORATION NETWORK
PURSUANT TO FED. R. CIV. P. 30(B)(6)

TO: ALL COUNSEL LISTED ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| NAME OF DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| Member, staff person, or other person designated by Gulf Restoration Network to testify about those items set forth in Exhibit "A" hereto pursuant to Fed. R. Civ. P. 30(b)(6) | January 31, 2008 9:00 a.m. | White & Case LLP 701 Thirteenth Street, NW Washington, DC 20005 |

**Exhibit 7**

The deposition will continue from day to day before a person duly authorized to administer oaths until concluded and shall be recorded by any means authorized under Rule 30 of the Federal Rules of Civil Procedure, including but not limited to stenographical, sound and/or by videotape and may be used for all purposes under the Rules.

Respectfully submitted,

Counsel for Intervening Defendants

Douglas M. Halsey (Florida Bar No. 288586)
T. Neal McAliley (Florida Bar No. 172091)
Angela D. Daker (Florida Bar No. 681571)
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

Eric Grannon (D.C. Bar No. 473778)
Erin M. Everitt (D.C. Bar No. 497407)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

## DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1.     The term "Complaint" shall mean the "Complaint for Declaratory and Injunctive Relief" filed by Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy, and Richard Sommerville in the instant action, Civil Action No. 1:07-cv-01756 (RCL).

2.     The term "Cypress Creek Town Center" shall mean the entire planned development project consisting of "regional mall and supporting commercial enterprises, including retail businesses, financial institutions, hotels, restaurants, cinemas, offices and multifamily residential housing" as described in Plaintiffs' Complaint.

3.     The term "permit" shall mean the permit issued by the U.S. Army Corps of Engineers for the Cypress Creek Town Center project.

4.     The term "Gulf Restoration Network" shall mean Plaintiff, Gulf Restoration Network.

## EXHIBIT A

1.   Gulf Restoration Network's belief that it has standing to bring the instant action, including:

    A)   Whether and how Gulf Restoration Network has suffered an injury by the issuance of the Cypress Creek Town Center permit, whether directly or indirectly, through its members.

    B)   How any alleged injury was caused by issuance of the Cypress Creek Town Center permit.

    C)   How a favorable ruling will redress the injury to Gulf Restoration Network.

2.   How and when Gulf Restoration Network first learned of the Cypress Creek Town Center project.

3.   Daniel Rametta's current or past affiliation, if any, with Gulf Restoration Network.

4.   The allegation in Paragraph 17 of the Complaint that:

> Members of GRN enjoy recreating in conservation lands and waters in the Gulf of Mexico region, including in Florida and in the Hillsborough River watershed in particular. For example, Joseph Murphy, a member of GRN, has canoed regularly in the Hillsborough River watershed since the late 1980's, logging hundreds of hours in the Hillsborough River watershed, and plans to continue to do so. He lives in the Tampa Region and over the last fifteen years or so he has worked to canoe every significant tributary to the Hillsborough River. As part of this continuing plan, he expects to canoe the entire fifty four mile stretch from Green Swamp, down Cypress Creek to Tampa Bay, in the future. Members of GRN, like Joseph Murphy, also hike through the conservation lands in the Hillsborough River and Cypress Creek watersheds numerous times, and Joseph Murphy drives past the Cypress Creek site on a weekly basis.

5.   The allegation in Paragraph 18 of the Complaint that:

> GRN's members recreate in such areas, including the lands and waters in the Hillsborough River area, because they derive a sense of peace and happiness from being in the natural environment. They enjoy observing and/or looking for various flora and fauna in the area, including rare species such as the Wood Stork, the Manatee, the Eastern Indigo Snake, and the gopher tortoise. GRN's members that live in Tampa also rely upon the Hillsborough River, and Cypress Creek, for drinking water and other uses.

6.    The allegation in Paragraph 19 of the Complaint that:

> The interests of GRN and its members in recreating in and utilizing such wetlands, rivers and streams, including Cypress Creek, are harmed by the defendants' issuance of the section 404 permit because the permit will lead to the destruction and degradation of such waters and their surrounding environment, and the degradation and depletion of drinking water and groundwater, and absent the issuance of the permit the destruction and degradation of the waters would not occur.

7.    The allegation in Paragraph 20 of the Complaint that:

> The interests of GRN, and of its members, in observing, studying, and otherwise enjoying wildlife such as the Wood Stork, the Manatee, and the Eastern Indigo Snake, in their natural habitat, including Cypress Creek and the wetlands and uplands in its basin, are harmed by the defendants' issuance of the section 404 permit, because activities permitted as a result of the permit, including the destruction of habitat for such species, are harming and contributing to the extirpation of the Wood Stork, the Manatee, and the Eastern Indigo Snake, and reducing their opportunity to observe other species, and absent the issuance of the permit, the permitted activities would not occur.

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ of January, 2008, I caused the foregoing to be served via facsimile and U.S. mail upon the following:

Joshua R. Stebbins
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009-1056
(202) 588-5206
Fax:(202) 588-5049
Email: jstebbins@meyerglitz.com

*Counsel for Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy and Richard Sommerville*

Mark Arthur Brown
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Wildlife and Marine Resources Section
P.O. Box 7369
Ben Franklin Station
Washington, DC 20044-7369
(202) 305-0204
Fax: (202) 514-0097
Email: mark.brown@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

Kristofer Swanson
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
(202) 305-0248
Fax: (202) 305-0274
Email: kristofer.swanson@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

_____
Angela D. Daker

MIAMI 763031 (2K)

**WHITE & CASE** LLP   Wachovia Financial Center, Miami, Florida 33131-2352   Tel+ 1 305 371 2700

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIERRA CLUB, CLEAN WATER ACTION, GULF RESTORATION NETWORK, CHRIS LOY, and RICHARD SOMMERVILLE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| LT. GEN. ROBERT L. VAN ANTWERP, in his official capacity as Chief of Engineers, U.S. Army Corps of Engineers, DIRK KEMPTHORNE, in his official capacity as Secretary, U.S. Department of the Interior, and H. DALE HALL, in his official capacity as Director, U.S. Fish and Wildlife Service, | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:07-cv-01756 (RCL) |
| Defendants, | ) ) ) | |
| and | ) ) | |
| SIERRA PROPERTIES I, LLC, PASCO 54, LTD., PASCO RANCH, INC., AND JG CYPRESS CREEK LLC, | ) ) ) ) ) | |
| Intervening Defendants. | ) ) / | |

**NOTICE OF DEPOSITION TO PLAINTIFF CLEAN WATER ACTION
PURSUANT TO FED. R. CIV. P. 30(B)(6)**

TO: **ALL COUNSEL LISTED ON THE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| **NAME OF DEPONENT** | **DATE AND TIME** | **LOCATION** |
|---|---|---|
| Member, staff person, or other person designated by Clean Water Action to testify about those items set forth in Exhibit "A" hereto pursuant to Fed. R. Civ. P. 30(b)(6) | January 31, 2008 | White & Case LLP 701 Thirteenth Street, NW Washington, DC 20005 |

**Exhibit 8**

## DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1.    The term "Complaint" shall mean the "Complaint for Declaratory and Injunctive Relief" filed by Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy, and Richard Sommerville in the instant action, Civil Action No. 1:07-cv-01756 (RCL).

2.    The term "Cypress Creek Town Center" shall mean the entire planned development project consisting of "regional mall and supporting commercial enterprises, including retail businesses, financial institutions, hotels, restaurants, cinemas, offices and multifamily residential housing" as described in Plaintiffs' Complaint.

3.    The term "permit" shall mean the permit issued by the U.S. Army Corps of Engineers for the Cypress Creek Town Center project.

4.    The term "Clean Water Action" shall mean Plaintiff, Clean Water Action.

WHITE & CASE LLP   Wachovia Financial Center, Miami, Florida 33131-2352   Tel+ 1 305 371 2700

## EXHIBIT A

1.    Clean Water Action's belief that it has standing to bring the instant action, including:

    A)    Whether and how Clean Water Action has suffered an injury by the issuance of the Cypress Creek Town Center permit, whether directly or indirectly, through its members.

    B)    How any alleged injury was caused by issuance of the Cypress Creek Town Center permit.

    C)    How a favorable ruling will redress the injury to Clean Water Action.

2.    How and when Clean Water Action first learned of the Cypress Creek Town Center project.

3.    Daniel Rametta's current or past affiliation, if any, with Clean Water Action.

4.    The allegation in Paragraph 14 of the Complaint that:

> Clean Water Action's members enjoy exploring the nation's wetlands, rivers, and streams, including Hillsborough River and Cypress Creek, and observing the flora and fauna therein, including threatened and endangered species such as those implicated by this project. They depend upon the water that the nation's wetlands, rivers and streams, including Hillsborough River and Cypress Creek, provide – both directly and indirectly such as through groundwater recharge – for drinking and other household uses.

5.    The allegation in Paragraph 15 of the Complaint that:

> The interests of Clean Water Action's members in observing, studying, and otherwise enjoying the flora and fauna of ecosystems, including threatened and endangered species, are harmed by the defendants' issuance of the section 404 permit because activities permitted as a result of the permit reduce Clean Water Actions' members' opportunity to observe such flora and fauna, and absent the issuance of the permit, the permitted activities would not occur. The interests of Clean Water Action's members in recreating in such wetland, rivers and streams, and utilizing the drinking water they provide, are also harmed by the defendants' issuance of the section 404 permit, because the permit will lead to the destruction and degradation of such water resources, and absent the issuance of the permit, the destruction and degradation of the waters would not occur. Clean Water Action is also injured because the Corps' noncompliance with the ESA, the Clean Water Act, and NEPA, including with regard to the

permit at issue in this case, causes Clean Water Action to have to expend additional funds informing the public as to the importance of wetlands, the requirements of the law, and the Corps' failure to implement the law and protect such wetlands.

5

## CERTIFICATE OF SERVICE

I hereby certify that on the ___4th___ of January, 2008, I caused the foregoing to be served via

facsimile and U.S. mail upon the following:

Joshua R. Stebbins
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009-1056
(202) 588-5206
Fax:(202) 588-5049
Email: jstebbins@meyerglitz.com

*Counsel for Plaintiffs Sierra Club, Clean Water
Action, Gulf Restoration Network, Chris Loy
and Richard Sommerville*

Mark Arthur Brown
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Wildlife and Marine Resources Section
P.O. Box 7369
Ben Franklin Station
Washington, DC 20044-7369
(202) 305-0204
Fax: (202) 514-0097
Email: mark.brown@usdoj.gov

*Counsel for Federal Defendants Robert Van
Antwerp, Dirk Kempthorne and Dale Hall*

Kristofer Swanson
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
(202) 305-0248
Fax: (202) 305-0274
Email: kristofer.swanson@usdoj.gov

*Counsel for Federal Defendants Robert Van
Antwerp, Dirk Kempthorne and Dale Hall*

_____
Angela D. Daker

MIAMI 763025 (2K)

WHITE & CASE LLP    Wachovia Financial Center, Miami, Florida 33131-2352    Tel+ 1 305 371 2700

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIERRA CLUB, CLEAN WATER              )
ACTION, GULF RESTORATION             )
NETWORK, CHRIS LOY, and RICHARD      )
SOMMERVILLE,                          )
                                      )
            Plaintiffs,               )
                                      )
    v.                                )
                                      )
LT. GEN. ROBERT L. VAN ANTWERP,      )
in his official capacity as Chief of  )
Engineers, U.S. Army Corps of Engineers, )
DIRK KEMPTHORNE, in his official      )
capacity as Secretary, U.S. Department of  )    Civil Action No.  1:07-cv-01756 (RCL)
the Interior, and H. DALE HALL, in his  )
official capacity as Director, U.S. Fish and  )
Wildlife Service,                     )
                                      )
            Defendants,               )
                                      )
    and                               )
                                      )
SIERRA PROPERTIES I, LLC, PASCO      )
54, LTD., PASCO RANCH, INC.,          )
AND JG CYPRESS CREEK LLC,             )
                                      )
            Intervening Defendants.   )
_____     /

## NOTICE OF DEPOSITION TO PLAINTIFF SIERRA CLUB
## PURSUANT TO FED. R. CIV. P. 30(B)(6)

TO:  **ALL COUNSEL LISTED ON THE ATTACHED SERVICE LIST**

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| **NAME OF DEPONENT** | **DATE AND TIME** | **LOCATION** |
|---|---|---|
| Member, staff person, or other person designated by Sierra Club to testify about those items set forth in Exhibit "A" hereto pursuant to Fed. R. Civ. P. 30(b)(6) | January 30, 2008 9:00 a.m. | White & Case LLP 701 Thirteenth Street, NW Washington, DC 20005 |

## Exhibit 9

The deposition will continue from day to day before a person duly authorized to administer oaths until concluded and shall be recorded by any means authorized under Rule 30 of the Federal Rules of Civil Procedure, including but not limited to stenographical, sound and/or by videotape and may be used for all purposes under the Rules.

Respectfully submitted,

_____
Counsel for Intervening Defendants

Douglas M. Halsey (Florida Bar No. 288586)
T. Neal McAliley (Florida Bar No. 172091)
Angela D. Daker (Florida Bar No. 681571)
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

Eric Grannon (D.C. Bar No. 473778)
Erin M. Everitt (D.C. Bar No. 497407)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

## DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1.      The term "Complaint" shall mean the "Complaint for Declaratory and Injunctive Relief" filed by Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy, and Richard Sommerville in the instant action, Civil Action No. 1:07-cv-01756 (RCL).

2.      The term "Cypress Creek Town Center" shall mean the entire planned development project consisting of "regional mall and supporting commercial enterprises, including retail businesses, financial institutions, hotels, restaurants, cinemas, offices and multifamily residential housing" as described in Plaintiffs' Complaint.

3.      The term "permit" shall mean the permit issued by the U.S. Army Corps of Engineers for the Cypress Creek Town Center project.

4.      The term "Sierra Club" shall mean Plaintiff, Sierra Club.

W H I T E & C A S E LLP   Wachovia Financial Center, Miami, Florida 33131-2352   Tel+ 1 305 371 2700

## EXHIBIT A

1.  The Sierra Club's belief that it has standing to bring the instant action, including:

    A)  Whether and how Sierra Club has suffered an injury by the issuance of the Cypress Creek Town Center permit, whether directly or indirectly, through its members.

    B)  How any alleged injury was caused by issuance of the Cypress Creek Town Center permit.

    C)  How a favorable ruling will redress the injury to Sierra Club.

2.  How and when the Sierra Club first learned of the Cypress Creek Town Center project.

3.  Daniel Rametta's current or past affiliation, if any, with Sierra Club.

4.  The allegation in Paragraph 9 of the Complaint that:

    > Sierra Club members enjoy observing, studying, photographing and appreciating wildlife, including threatened and endangered species such as the Word Stork, the Florida Scrub Jay, the Eastern Indigo Snake, and the Manatee, as well as their habitat. These species depend on habitat that exists in and around waters of the United States, including Cypress Creek, its watershed basin, and the lower Hillsborough River which Cypress Creek feeds, as well as habitat on the CCTC site itself.

5.  The allegation in Paragraph 10 of the Complaint that:

    > The interests of the Sierra Club, and of its members, both now and in the future, in observing, studying, and otherwise enjoying wildlife such as the Wood Stork, the Florida Scrub Jay, and the Eastern Indigo Snake, in their natural habitat, including Cypress Creek and the wetlands and uplands in its basin, are harmed by the defendants' issuance of the section 404 permit, because activities permitted as a result of the permit and the concurrence letter, including the destruction of habitat for such species, are harming and contributing to the extirpation of the Wood Stork, the Eastern Indigo Snake, and the Florida Scrub Jay, and reducing their opportunity to observe other species, and absent the issuance of the permit and the concurrence letter, the permitted activities would not occur.

6.  The allegation in Paragraph 11 of the Complaint that:

WHITE & CASE LLP  Wachovia Financial Center, Miami, Florida 33131-2352  Tel+ 1 305 371 2700

Sierra Club members also enjoy hiking, kayaking and canoeing in and around wild and scenic wetlands, rivers, and streams throughout the United States, including Hillsborough River and Cypress Creek. Sierra Club members have canoed on Cypress Creek for well over a decade. They do so because they enjoy the natural tranquility of such areas, because they appreciate its scenery, and because they enjoy experiencing, observing and exploring the natural flora and fauna in the environment around them. The Sierra Club has sponsored "Inner City Outings" for its members and children and residents of the inner city in which it takes them to conservation lands near metropolitan areas like Tampa, including to Cypress Creek. In addition, Sierra Club and its members rely upon such resources, including Cypress Creek, both directly and indirectly such as through use of recharged groundwater, for water for drinking and for other household uses.

7.    The allegation in Paragraph 12 of the Complaint that:

The interests of the Sierra Club and its members in recreating in and utilizing such wetlands, rivers and streams, including Cypress Creek, are harmed by the defendants' issuance of the section 404 permit because the permit will lead to the destruction and degradation of such waters and their surrounding environment, and the degradation and depletion of drinking water and groundwater, and absent the issuance of the permit the destruction and degradation of the waters would not occur.

WHITE & CASE LLP    Wachovia Financial Center, Miami, Florida 33131-2352    Tel+ 1 305 371 2700

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ of January, 2008, I caused the foregoing to be served via facsimile and U.S. mail upon the following:

Joshua R. Stebbins
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009-1056
(202) 588-5206
Fax:(202) 588-5049
Email: jstebbins@meyerglitz.com

*Counsel for Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy and Richard Sommerville*

Mark Arthur Brown
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Wildlife and Marine Resources Section
P.O. Box 7369
Ben Franklin Station
Washington, DC 20044-7369
(202) 305-0204
Fax: (202) 514-0097
Email: mark.brown@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

Kristofer Swanson
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
(202) 305-0248
Fax: (202) 305-0274
Email: kristofer.swanson@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

_____
Angela D. Daker

WHITE & CASE LLP   Wachovia Financial Center, Miami, Florida 33131-2352   Tel+ 1 305 371 2700

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

SIERRA CLUB, et al., Plaintiffs   )
           )
   Plaintiffs,     )
           )
   v.        )  Civ. No. 1:07-cv-01756 (RCL)
           )
LT. GEN. ROBERT L. VAN ANTWERP, et al., )
           )
   Defendants.    )
           )
   and       )
           )
SIERRA PROPERTIES, et al.,   )
           )
   Intervening Defendants  )
_____)

## [PROPOSED] ORDER GRANTING
## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

This matter is before the Court on Plaintiffs' motion for a protective order, Intervenors'

opposition thereto, and Plaintiffs' reply.  Upon consideration of the briefs, as well as the entire

record in this case, it is, by the Court, this __ day of ____, 2008, hereby

ORDERED that plaintiffs' motion for a protective order be granted; and it is further

ORDERED that Intervenors are barred from taking the depositions of Sierra Club, Gulf

Restoration Network, Clean Water Action, Chris Loy and Richard Sommerville without leave of

Court.

         _____
         U.S. District Court Judge
         Royce C. Lamberth

Dated _____