UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIERRA CLUB, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civ. No. 1:07-cv-01756 (RCL) |
| LT. GEN. ROBERT L. VAN ANTWERP, et al., | ) | |
| Defendants, | ) | |
| and | ) | |
| SIERRA PROPERTIES I, LLC, et al, | ) | |
| Intervening Defendants. | ) | |

**PLAINTIFF RICHARD SOMMERVILLE'S RESPONSES AND OBJECTIONS TO
PERMISSIVE INTERVENORS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, plaintiff Richard Sommerville ("Mr. Sommerville") hereby responds to the Permissive Intervenors' First Set of Interrogatories as follows:

**DEFINITIONS**

1.     As used herein, "not relevant" means not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

**GENERAL OBJECTIONS**

1.     Mr. Sommerville objects to discovery in this agency action litigation, which will be resolved based on the agencies' Administrative Records.  The discovery rules do not generally apply to such cases.  See Fed. R. Civ. P. 26(a)(1)(B)(i).

2.     Mr. Sommerville further objects to these Interrogatories because they have not been

**CASE NO. 1:07-cv-01756 (RCL)**

**INTERVENING DEFENDANTS'
EXHIBIT 1**

authorized by the district court, which approved plaintiffs' and the federal defendants' proposed Scheduling Order, which did not provide a period for discovery, rather than the Permissive Intervenor's proposed schedule.

3.      Mr. Sommerville further objects to Permissive Intervenors' right to propound these Interrogatories in light of their limited participation in this suit as permissive intervenors. See Order of Dec. 4, 2007 (granting only permissive intervention). In seeking Permissive Intervention, Permissive Intervenors represented that their participation in this action would not prejudice plaintiffs. See Intervention Memorandum at 11 (Oct. 16, 2007). Requiring plaintiffs to respond to unnecessary discovery is precisely the kind of prejudice that Permissive Intervenors represented would not occur should they be permitted to participate in this action.

4.      Mr. Sommerville further objects to Permissive Intervenors' Interrogatories to Mr. Sommerville as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Plaintiffs do not intend to, and will not, rely on Mr. Sommerville to establish standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Mr. Sommerville.

5.      Mr. Sommerville objects to each Interrogatory to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or seek irrelevant information.

6.      Mr. Sommerville also objects to each Interrogatory to the extent that they seek to impose any obligations beyond the requirements of the Federal Rules of Civil Procedure and the local rules of court.

7.     Mr. Sommerville objects to each Definition and each Interrogatory to the extent that they seek information protected against disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege, immunity, doctrine, or rule of confidentiality.

8.     Mr. Sommerville does not waive any of the foregoing objections in responding to these Interrogatories, or concede by responding that the information sought or produced is relevant to the subject matter of this action or is calculated to lead to the discovery of admissible evidence.

9.     Mr. Sommerville expressly reserves the right to object to further discovery into the subject matter of these Interrogatories and the right to object to the introduction into evidence of any of the information provided in response to the Interrogatories.

10.    Mr. Sommerville reserves the right to amend or supplement these responses and objections to the Interrogatories if additional or different responsive information is discovered during discovery or otherwise hereafter.

11.    These general objections are to be considered continuing objections and responses to the specific Interrogatories that follow, even if not referred to in the objection and response to a specific Interrogatory.  These objections and responses given herein shall not be construed to waive or preclude any objections that may be asserted at a later time.

## OBJECTIONS TO DEFINITIONS

1.     Mr. Sommerville objects to the definitions of the following terms to the extent they seek to impose discovery obligations exceeding those required by the applicable rules of civil procedure, and on the grounds that they are overly broad, unduly burdensome, oppressive, vexatious, vague, ambiguous, invades personal privacy rights and seeks overly broad, confidential and/or irrelevant information: "describe," "explain," "document," "documents,"

3

"identify," "refer," "referring", "relating to" or "relate to," "any," "all", and "each," and "every."

## RESPONSES AND SPECIFIC OBJECTIONS

Mr. Sommerville incorporates herein by reference his General Objections with respect to each Interrogatory to which those objections apply, as though fully set forth therein, and no specific objection or response is intended or shall be construed to waive any of those objections. Subject to and without waiving those objections, Mr. Sommerville answers Permissive Intervenors' Interrogatories as follows:

**Interrogatory No. 1:**
What is the name and address of the person answering these interrogatories and, if applicable, the person's office, position, or relationship with Plaintiff Richard Sommerville?

**Objection and Response to Interrogatory No. 1:**

Mr. Sommerville objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Mr. Sommerville does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Mr. Sommerville.

**Interrogatory No. 2:**
State how long Richard Sommerville has resided in Hillsborough and/or Pasco County and every address in Hillsborough and/or Pasco County at which he has resided.

**Objection and Response to Interrogatory No. 2:**

Mr. Sommerville objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Mr.

4

Sommerville does not seek to be found to have standing to pursue this action. See, e.g., Mass. v.

EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing").

Accordingly, Permissive Intervenors have no reason to obtain any information concerning Mr.

Sommerville.

**Interrogatory No. 3:**
How long has Richard Sommerville resided at his current address, and how many miles is that
address from the Cypress Creek Town Center project site?

**Objection and Response to Interrogatory No. 3:**

Mr. Sommerville objects to this Interrogatory as unduly burdensome and vexatious and

unlikely to lead to the discovery of information relevant to the resolution of this litigation. Mr.

Sommerville does not seek to be found to have standing to pursue this action. See, e.g., Mass. v.

EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing").

Accordingly, Permissive Intervenors have no reason to obtain any information concerning Mr.

Sommerville.

**Interrogatory No. 4:**
State whether Richard Sommerville has ever been to the permitted property in the past five years,
and if so, also state 1) on how many occasions he has been to the permitted property in the past
five years, 2) the exact geographic location he went to on the permitted property, 3) the date(s)
upon which he was on the permitted property, and 4) what activity he engaged in on the
permitted property.

**Objection and Response to Interrogatory No. 4:**

Mr. Sommerville objects to this Interrogatory as unduly burdensome and vexatious and

unlikely to lead to the discovery of information relevant to the resolution of this litigation. Mr.

Sommerville does not seek to be found to have standing to pursue this action. See, e.g., Mass. v.

EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing").

5

Accordingly, Permissive Intervenors have no reason to obtain any information concerning Mr.

Sommerville.

**Interrogatory No. 5:**
With regard to the allegations in Paragraph 28 of the Complaint that Richard Sommerville has canoed Cypress Creek, state 1) the dates upon which he canoed Cypress Creek, including the date of his last canoe trip on Cypress Creek, referenced in Paragraph 28 of the Complaint, and 2) the precise geographic location of each such canoe trip.

**Objection and Response to Interrogatory No. 5:**

Mr. Sommerville objects to this Interrogatory as unduly burdensome and vexatious and

unlikely to lead to the discovery of information relevant to the resolution of this litigation. Mr.

Sommerville does not seek to be found to have standing to pursue this action. See, e.g., Mass. v.

EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing").

Accordingly, Permissive Intervenors have no reason to obtain any information concerning Mr.

Sommerville.

**Interrogatory No. 6:**
With regard to the allegation in Paragraph 29 that Richard Sommerville enjoys seeing rare and/or listed species such as the Wood Stork, the Eastern Indigo Snake, the Florida Scrub Jay, and the gopher tortoise, state 1) the exact geographic locations in the Hillsborough River and Cypress Creek basins where he has observed such species, 2) on how many occasions he had made such observations, 3) the date(s) upon which he made each such observation, and 4) which species he observed on each such occasion.

**Objection and Response to Interrogatory No. 6:**

Mr. Sommerville objects to this Interrogatory as unduly burdensome and vexatious and

unlikely to lead to the discovery of information relevant to the resolution of this litigation. Mr.

Sommerville does not seek to be found to have standing to pursue this action. See, e.g., Mass. v.

EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing").

**Interrogatory No. 7:**
With regard to the allegation in Paragraphs 29 and 30 of the Complaint that Richard Sommerville has an interest in enjoying flora and fauna in the Hillsborough River and geographic location where he engaged in such activity, and 3) on how many occasions he engaged in such activity.

**Objection and Response to Interrogatory No. 7:**

Mr. Sommerville objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Mr. Sommerville does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Mr. Sommerville.

**Interrogatory No. 8:**
State how Richard Sommerville will be harmed by issuance of the Cypress Creek Town Center Permit.

**Objection and Response to Interrogatory No. 8:**

Mr. Sommerville objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Mr. Sommerville does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Mr. Sommerville.

**Interrogatory No. 9:**
State the date upon which Richard Sommerville first learned of the Cypress Creek Town Center project and the manner in which Richard Sommerville first learned of the Cypress Creek Town Center project.

**Objection and Response to Interrogatory No. 9:**

      Mr. Sommerville objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Mr. Sommerville does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Mr. Sommerville.

_____
Joshua Stebbins
D.C. Bar No. 468542

Howard M. Crystal
D.C. Bar No. 446189

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Ave., NW, Suite 700
Washington, D.C. 20009
(202) 588-5206
Attorneys for Plaintiffs

January 15, 2008

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>LT. GEN. ROBERT L. VAN ANTWERP, et al., )<br><br>Defendants, )<br><br>and )<br><br>SIERRA PROPERTIES I, LLC, et al, )<br><br>Intervening Defendants. ) | Civ. No. 1:07-cv-01756 (RCL) |

## CERTIFICATE OF SERVICE

I, Joshua Stebbins, hereby certify that on this 15th day of January, 2008, I served the

forgoing Responses and Objections to the First Set of Interrogatories of Permissive Intervenors

on behalf of Chris Loy, Richard Sommerville, Gulf Restoration Network, Clean Water Action

and Sierra Club on the following counsel for defendants and intervening defendants by first class,

United States mail, postage prepaid, and via electronic transmission:

Mark A. Brown
Senior Trial Attorney
Wildlife & Marine Resources Section
U.S. Dept. of Justice
P.O. Box 7369
Washington DC 20044-7369
Street Address:
601 D Street, N.W. Room 3034
Washington, D.C. 20004

Douglas M. Halsey (Florida Bar No. 288586)

T. Neal McAliley (Florida Bar No. 172091)
Angela D. Daker (Florida Bar No. 681571)
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)



Joshua Stebbins

Dated: January 15, 2008