UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LT. GEN. ROBERT L. VAN ANTWERP, et al., )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>SIERRA PROPERTIES I, LLC, et al, )<br>)<br>Intervening Defendants. )<br>_____) | Civ. No. 1:07-cv-01756 (RCL) |

**PLAINTIFF GULF RESTORATION NETWORK'S RESPONSES AND OBJECTIONS TO PERMISSIVE INTERVENORS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, plaintiff Gulf Restoration Network hereby responds to the Permissive Intervenors' First Set of Interrogatories as follows:

**DEFINITIONS**

1. As used herein, "not relevant" means not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

**GENERAL OBJECTIONS**

1. Gulf Restoration Network objects to discovery in this agency action litigation, which will be resolved based on the agencies' Administrative Records. The discovery rules do not generally apply to such cases. See Fed. R. Civ. P. 26(a)(1)(B)(i).

2. Gulf Restoration Network further objects to these Interrogatories because they have not been authorized by the district court, which approved plaintiffs' and the federal defendants'

**CASE NO. 1:07-cv-01756 (RCL)**

**INTERVENING DEFENDANTS'**
**EXHIBIT 2**

proposed Scheduling Order, which did not provide a period for discovery, rather than the Permissive Intervenor's proposed schedule.

3. Gulf Restoration Network further objects to Permissive Intervenors' right to propound these Interrogatories in light of their limited participation in this suit as permissive intervenors. See Order of Dec. 4, 2007 (granting only permissive intervention). In seeking Permissive Intervention, Permissive Intervenors represented that their participation in this action would not prejudice plaintiffs. See Intervention Memorandum at 11 (Oct. 16, 2007). Requiring plaintiffs to respond to unnecessary discovery is precisely the kind of prejudice that Permissive Intervenors represented would not occur should they be permitted to participate in this action.

4. Gulf Restoration Network further objects to Permissive Intervenors' Interrogatories to Gulf Restoration Network as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Plaintiffs do not intend to, and will not, rely on Gulf Restoration Network to establish standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

5. Gulf Restoration Network objects to each Interrogatory to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or seek irrelevant information.

6. Gulf Restoration Network also objects to each Interrogatory to the extent that they seek to impose any obligations beyond the requirements of the Federal Rules of Civil Procedure and the local rules of court.

7.  Gulf Restoration Network objects to each Definition and each Interrogatory to the extent that they seek information protected against disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege, immunity, doctrine, or rule of confidentiality.

8.  Gulf Restoration Network does not waive any of the foregoing objections in responding to these Interrogatories, or concede by responding that the information sought or produced is relevant to the subject matter of this action or is calculated to lead to the discovery of admissible evidence.

9.  Gulf Restoration Network expressly reserves the right to object to further discovery into the subject matter of these Interrogatories and the right to object to the introduction into evidence of any of the information provided in response to the Interrogatories.

10. Gulf Restoration Network reserves the right to amend or supplement these responses and objections to the Interrogatories if additional or different responsive information is discovered during discovery or otherwise hereafter.

11. These general objections are to be considered continuing objections and responses to the specific Interrogatories that follow, even if not referred to in the objection and response to a specific Interrogatory. These objections and responses given herein shall not be construed to waive or preclude any objections that may be asserted at a later time.

## OBJECTIONS TO DEFINITIONS

1.  Gulf Restoration Network objects to the definitions of the following terms to the extent they seek to impose discovery obligations exceeding those required by the applicable rules of civil procedure, and on the grounds that they are overly broad, unduly burdensome, oppressive, vexatious, vague, ambiguous, invades personal privacy rights and seeks overly broad,

3

confidential and/or irrelevant information: "describe," "explain," "document," "documents," "identify," "refer," "referring", "relating to" or "relate to," "any," "all", and "each," and "every."

## RESPONSES AND SPECIFIC OBJECTIONS

Gulf Restoration Network incorporates herein by reference its General Objections with respect to each Interrogatory to which those objections apply, as though fully set forth therein, and no specific objection or response is intended or shall be construed to waive any of those objections. Subject to and without waiving those objections, Gulf Restoration Network answers Permissive Intervenors' Interrogatories as follows:

<u>Interrogatory No. 1:</u>
What is the name and address of the person answering these interrogatories and, if applicable, the person's office, position, or relationship with Plaintiff Gulf Restoration Network?

<u>Objection and Response to Interrogatory No. 1:</u>

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. <u>See, e.g.,</u> <u>Mass. v. EPA</u>, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

<u>Interrogatory No. 2:</u>
Identify the Gulf Restoration Network member(s) with the greatest personal knowledge of the allegations in the Complaint, and the work address, work telephone number, home address, and home telephone number for each individual identified.

<u>Objection and Response to Interrogatory No. 2:</u>

4

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 3:**
Does Gulf Restoration Network have a chapter in Hillsborough and/or Pasco County and, if so, state the address of each such chapter?

**Objection and Response to Interrogatory No. 3:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 4:**
How many Gulf Restoration Network members live in Hillsborough and Pasco Counties?

**Objection and Response to Interrogatory No. 4:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs

to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

### Interrogatory No. 5:
Identify each Gulf Restoration Network member who lives in Hillsborough and Pasco Counties, and state the work address, work telephone number, home address, and home telephone number for each individual identified.

### Objection and Response to Interrogatory No. 5:

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

### Interrogatory No. 6:
Identify each Gulf Restoration Network member who has been to the permitted property in the past five years, and for each individual identified state 1) on how many occasions the individual has been to the permitted property in the past five years, 2) the exact geographic location the individual went to on the permitted property, 3) the date(s) upon which the individual was on the permitted property, 4) what activity the individual engaged in on the permitted property, and 5) the work address, work telephone number, home address, and home telephone number for each individual identified.

### Objection and Response to Interrogatory No. 6:

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs

to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 7:**
Identify each Gulf Restoration Network member who has observed the Wood Stork, the Florida Scrub Jay, or the Eastern Indigo Snake on the permitted property and for each individual identified state 1) which species the individual observed, 2) on how many occasions the individual has observed the species, 3) the date(s) upon which the individual observed the species, 4) the exact location on the permitted property where the individual observed the species, and 5) the work address, work telephone number, home address, and home telephone number for each individual identified.

**Objection and Response to Interrogatory No. 7:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 8:**
Identify each Gulf Restoration Network member who has observed, studied, or otherwise enjoyed the Wood Stork, the Florida Scrub Jay, or the Eastern Indigo Snake, in Cypress Creek or the wetlands and uplands in its basin, as alleged in Paragraph 20 of the Complaint, and state 1) which species the individual observed, studied, or otherwise enjoyed, 2) whether the individual observed, studied, or otherwise enjoyed the species and, if the individual otherwise enjoyed the species, in what way the individual otherwise enjoyed the species, 3) the exact geographic location at which the individual observed, studied, or otherwise enjoyed the species, 4) on how many occasions the individual observed, studied, or otherwise enjoyed the species, 5) the date(s) upon which the individual observed, studied, or otherwise enjoyed the species, and 6) the work address, work telephone number, home address, and home telephone number for each individual identified.

7

**Objection and Response to Interrogatory No. 8:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 9:**
Identify each Gulf Restoration Network member who has recreated in the Hillsborough River watershed, as alleged in Paragraph 17 of the Complaint, and, for each individual identified, state 1) what recreational activity the individual engaged in, 2) the date(s) upon which the individual engaged in the activity, 3) the precise geographic location where the individual engaged in the activity, 4) on how many occasions the individual engaged in the activity, and 5) the work address, work telephone number, home address, and home telephone number for each individual identified.

**Objection and Response to Interrogatory No. 9:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 10:**
With regard to Joseph Murphy, state 1) the dates upon which he has canoed in the Hillsborough River watershed, as alleged in Paragraph 17 of the Complaint, 2) the precise geographic location where he canoed in the Hillsborough River watershed, including each tributary he has canoed in, and 3) his work address, work telephone number, home address, and home telephone number.

8

**Objection and Response to Interrogatory No. 10:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 11:**
Identify each Gulf Restoration Network member who has hiked through the conservation lands in the Hillsborough River and Cypress Creek watersheds, as alleged in paragraph 17 of the Complaint, and state 1) whether the individual hiked through conservation areas in the Hillsborough River or the Cypress Creek watersheds or both, 2) the date(s) upon which the individual engaged in such activity, 3) the precise geographic location where the individual engaged in such activity, 4) on how many occasions the individual engaged in such activity, and 5) the work address, work telephone number, home address, and home telephone number for each individual identified.

**Objection and Response to Interrogatory No. 11:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 12:**
Identify each Gulf Restoration Network member who has observed and/or looked for flora and fauna in the Hillsborough River area, as alleged in paragraph 18 of the Complaint, and state 1) whether the individual observed or looked for flora and fauna, 2) the date(s) upon which the individual engaged in such activity, 3) the precise geographic location where the individual

engaged in such activity, 4) on how many occasions the individual engaged in such activity, and 5) the work address, work telephone number, home address, and home telephone number for each individual identified.

**Objection and Response to Interrogatory No. 12:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 13:**
Identify each Gulf Restoration Network member who will be harmed by the issuance of the Cypress Creek Town Center Permit, and state how each individual identified will be harmed, and the work address, work telephone number, home address, and home telephone number for each individual identified.

**Objection and Response to Interrogatory No. 13:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 14:**
State the date upon which Gulf Restoration Network first learned of the Cypress Creek Town Center project and the manner in which Gulf Restoration Network first learned of the Cypress Creek Town Center project.

**Objection and Response to Interrogatory No. 14:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs to have standing"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

**Interrogatory No. 15:**
Identify the individual Gulf Restoration Network member or staff person who first learned of the Cypress Creek Town Center project, and state 1) whether the individual is a member or a staff person, 2) how the individual learned of the Cypress Creek Town Center project, 3) if the individual is a member, when, and the manner in which, the individual communicated his or her knowledge of the Cypress Creek Town Center project to Gulf Restoration Network staff, and 4) the work address, work telephone number, home address, and home telephone number for the individual.

**Objection and Response to Interrogatory No. 15:**

Gulf Restoration Network objects to this Interrogatory as unduly burdensome and vexatious and unlikely to lead to the discovery of information relevant to the resolution of this litigation. Gulf Restoration Network does not seek to be found to have standing to pursue this action. See, e.g., Mass. v. EPA, 127 S. Ct. 1438, 1453 (2007)("Only one of the petitioners needs

to have *standing*"). Accordingly, Permissive Intervenors have no reason to obtain any information concerning Gulf Restoration Network.

_____
Joshua Stebbins
D.C. Bar No. 468542

Howard M. Crystal
D.C. Bar No. 446189

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Ave., NW, Suite 700
Washington, D.C. 20009
(202) 588-5206

Attorneys for Plaintiffs

January 15, 2008