UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, et al., )<br>  )<br>   Plaintiffs, )<br>  )<br>   v. )<br>  )<br> LT. GEN. ROBERT L. VAN ANTWERP, et al., )<br>  )<br>   Defendants, )<br>  )<br>   and )<br>  )<br> SIERRA PROPERTIES I, LLC, et al., )<br>  )<br>   Intervening Defendants. )<br>  ) | Civ. No. 1:07-cv-01756 (RCL) |

**PLAINTIFFS' REPLY IN SUPPORT OF
EMERGENCY MOTION FOR A PROTECTIVE ORDER
REGARDING DEPOSITIONS NOTICED BEGINNING JANUARY 30, 2008[1]**

**INTRODUCTION**

Intervenors cannot dispute the fundamental principle that discovery is disfavored in Administrative Procedure Act ("APA") cases. Intervenors insist, however, that they are entitled to discovery at this time because of an alleged lack of specificity in Plaintiffs' standing declarations, and because of an asserted need to test the veracity of the statements in the standing declarations. Yet Intervenors' arguments, aside from the fact that Plaintiffs' declarations easily satisfy Supreme Court and Circuit standing requirements, are divorced from the current procedural posture of the case, and they cite no authority for their proposition that Fed. R Civ. P. ("Rule") 56(f) is inapplicable to this case. To the contrary, the proper procedure for Intervenors

---

[1] Plaintiffs respectfully urge that the Court resolve the motion for a protective order prior to January 30, 2008, or, in the alternative, stay the discovery until the Court has an opportunity to resolve Plaintiffs' motion.

to test the legal sufficiency of Plaintiffs' standing declarations is through Intervenors' filing their own motion for summary judgment according to the Scheduling Order in effect in this case. And, now that a summary judgment motion has been filed, the proper procedure - and standard - for Intervenors to seek discovery on the grounds that it is necessary to respond to Plaintiffs' summary judgment motion is through a Rule 56(f) affidavit.

The Court should therefore prohibit any depositions from going forward, at least during the pendency of summary judgment briefing. At minimum, the Court should disallow depositions with respect to those parties that Plaintiffs are not even relying on to satisfy their standing burden at the summary judgment stage, and with respect to any potential issues beyond standing that Intervenors have not sought to address in their opposition to Plaintiffs' motion for a protective order.

## ARGUMENT

Pursuant to the Court's scheduling order, Plaintiffs filed their motion for summary judgment on January 16, 2008. Plaintiffs recognize that they bear the burden to establish standing, and at the summary judgment stage plaintiffs routinely do so by submitting detailed declarations in support of standing. E.g., Nuclear Energy Institute, Inc. v. Environmental Protection Agency, 373 F.3d 1251, 1265-66 (D.C. Cir. 2004) (resolving issue of standing after reviewing Plaintiffs' declarations). As the Supreme Court has recently reaffirmed, standing need only be established for one of the Plaintiffs in order for a lawsuit to be resolved on the merits. See, e.g., Massachusetts v. Environmental Protection Agency, 127 S. Ct. 1438, 1453 (2007) ("Only one of the petitioners needs to have standing" for a Court to resolve a claim). Indeed, as the Court of Appeals has stressed, once the standing of one plaintiff is established, the Court

"ha[s] no need to consider the standing of the other . . . plaintiffs." Animal Legal Defense Fund, Inc. v. Glickman, 154 F.3d 426, 445 (D.C. Cir. 1998) (en banc).

In this case, therefore, Plaintiffs have filed five declarations to establish the standing of two of the organizational Plaintiffs - Sierra Club and Clean Water Action - and one of the individual Plaintiffs, Chris Loy, with their summary judgment motion. See Summary Judgment Memorandum ("Sum. Jud. Mem."), Exhs. 7-11.  In one such declaration, for example, a Sierra Club member has averred that he has canoed Cypress Creek, which borders the Cypress Creek Town Center ("CCTC") site, almost every year - as many as 27 times - since his first trip in 1986; that he lives only 6 miles from the CCTC site; that he has repeatedly observed imperiled species at issue in this case, such as the federally listed Wood Stork, on the CCTC site; and that the challenged permit authorizing the construction of the CCTC has allowed Cypress Creek and its environs, including Wood Stork habitat, to be degraded, as reflected in an Army Corps of Engineers notice of violation for discharges from the CCTC site to the Creek, and that it therefore adversely affects his aesthetic enjoyment of Cypress Creek and its environs. Sum. Jud. Mem., Exh. 9, C. Colson Decl. at ¶ 1, 5, 8, 18, 20.  Another standing declarant has averred that he enjoys recreating in a conservation land on Cypress Creek less than one mile from the CCTC site, where he also enjoys observing Wood Storks, and that CCTC's impacts to Cypress Creek water and its destruction of the Wood Stork's habitat will adversely affect his enjoyment of both. Sum Jud. Mem., Exh. 10, C. Loy Decl. at ¶¶ 10, 11.

Under Supreme Court and Circuit precedents, such declarations from individuals who live and recreate immediately adjacent to an environmentally destructive activity are clearly adequate to establish standing. Indeed, affiants are virtually indistinguishable from the Supreme

Court's paradigmatic example of a person "living adjacent to the site [of a] proposed construction of a federally licensed dam [who] has standing to challenge the licensing agency's failure to prepare an [EIS]." Defenders of Wildlife v. Lujan, 504 U.S. 504, 573 n.7 (1992).[2]

Nonetheless, Intervenors contend they are entitled to depose every Plaintiff to test their standing because, according to Intervenors, Plaintiffs' standing declarations are legally insufficient as they allegedly lack the required specificity to support standing. E.g., Intervening Defs.' Mem. at 8 ("Intervenors' Mem."). Plaintiffs strongly disagree, but more importantly, at this stage, if Intervenors contend that Plaintiffs' declarations lack the requisite specificity to support standing, that is a legal issue to be addressed in summary judgment briefing, and to be resolved by the Court as a matter of law, rather than a rationale for discovery. E.g., Nuclear Energy Institute, 373 F.3d at 1266 (concluding that standing declaration from one plaintiff was "more than sufficient" to meet standing requirements). This is precisely the purpose of summary judgment briefing, and the procedure wherein the legal sufficiency of Plaintiffs' standing declarations will be resolved, as reflected in numerous precedent. E.g., id. And, of course, if this Court ultimately agrees with Intervenors that Plaintiffs' declarations are inadequate to establish standing, Intervenors will prevail on that basis and there will be no need for discovery.

---

[2] In stark contrast to this case, standing in Lujan and Florida Audubon Society v. Bentsen, 94 F.3d 658 (D.C. Cir. 1996), for example, which Intervenors rely upon, was highly attenuated. In Lujan, the injury that members alleged was based in large part on a trip each member had taken years earlier to foreign countries and their "some day" intention to travel abroad again. 504 U.S. at 563-64 (rejecting "novel standing theories" such as an "eco-system nexus" and "animal nexus" theory). Similarly, in Florida Audubon, plaintiffs relied upon a "speculati[ve]" chain of causation that a tax credit would cause an increase in certain fuel use that would cause an increase in production of certain crops which would drive agricultural cultivation which would supposedly take place near areas of environmental concern to plaintiffs' members. 94 F.3d at 662.

Intervenors also contend that they are entitled to discovery to test the veracity of the Plaintiffs' standing declarations. E.g., Intervenors' Mem. at 7. Yet, once again, the proper procedure for seeking such discovery in the current procedural context is through filing a Rule 56(f) declaration, and it is Intervenors' burden to then demonstrate and provide particular reasons "'why discovery was necessary.'" See, e.g., Dunning v. Quander, 508 F.3d 8, 9-10 (D.C. Cir. 2007) (quoting Strang v. U.S. Arms Control and Disarmament Agency, 864 F.2d 859 (D.C. Cir. 1989)); see also, Scott-Blanton v. Universal Studios Prods. LLP, – F.R.D. – , 2007 WL 3381557 (D.D.C. 2007).

Thus, in Dunning, the district court correctly denied plaintiff's efforts to depose individuals that had supplied declarations in support of the defendant's motion for summary judgment. Dunning, 508 F.3d at 9. As the Court of Appeals explained in affirming the denial of discovery, it was the burden of the party seeking discovery to demonstrate why it could not respond to the motion for summary judgment without such discovery, and, "'[w]ithout some reason to question the veracity of affiants,'" the mere "desire to 'test and elaborate' affiants' testimony falls short . . . ." Id. at 10 (quoting Strang, 864 F.2d at 861). Numerous cases have denied discovery in similar contexts. E.g., Strang, 864 F.2d at 861 (affirming district court's denial of plaintiff's request for discovery); Scott-Blanton, – F.R.D. – , 2007 WL 3381557 at ** 3-5.[3]

---

[3] The language Intervenors cite regarding protective orders is inapposite as the cases they rely upon did not involve the procedural posture present in this case, wherein Plaintiffs have pending a motion for summary judgment, nor, for that matter, were those cases APA cases. See Intervenors' Mem. at 4-5 (citing cases). Intervenors also cannot claim a right to depositions based upon alleged deficiencies in Plaintiffs' interrogatory responses. Intervenors' Mem. at 2-3. Although Plaintiffs believe that they fully complied with Rule 33, in the event that Intervenors disagree, the proper procedure is to meet and confer with Plaintiffs, e.g. Rule 37, not to take

Here, Intervenors do not even try to meet Rule 56(f) standards. For example, they never explain what averments the Intervenors contend may not be accurate, or <u>why</u> they cannot respond to Plaintiffs' motion for summary judgment without further discovery. <u>See</u> Rule 56(f). Instead, they have done no more than assert they "must be given an opportunity to test the veracity of the standing allegations in Plaintiffs' Complaint and the Declarations." Intervenors' Mem. at 7. This is plainly insufficient. <u>See</u> <u>Dunning</u>, 508 F.3d at 10 (stating movant must provide "'reason to question the veracity of affiants,'" beyond stated "desire to 'test and elaborate' affiants' testimony . . .") (quoting <u>Strang</u>, 864 F.2d at 861). Rather, Intervenors simply assert that Rule 56(f) is inapplicable, without citing any authority to support their argument, on the grounds that - after the Court entered a scheduling order on January 4, 2008, setting the date for Plaintiffs' motion for summary judgment ten days later - Intervenors rushed to serve deposition notices on Plaintiffs. <u>See</u> Plfs'. Mot. Prot. Order, Ex. 3.[4]

In short, the Court should prohibit Intervenors from proceeding with depositions during summary judgment briefing. Alternatively, should the Court conclude that Intervenors should be

---

depositions.

[4] Intervenors' assertion that they must be allowed to test the veracity of Plaintiffs' standing allegations in their Complaint, Intervenors' Mem. at 7, is further evidence that Intervenors simply misunderstand the procedural context of this case. As the Supreme Court has explained, at the pleading stage Plaintiffs can meet their burden to establish standing with general factual allegations in their complaint, but at the summary judgment stage, Plaintiffs must provide specific evidentiary support to establish standing, such as through the declarations submitted by Plaintiffs. E.g., <u>Lujan</u>, 504 U.S. at 561. Thus, Plaintiffs in fact <u>cannot</u> rely upon the standing allegations in their Complaint to support standing, and they are therefore entirely immaterial with respect to any challenge Intervenors may mount to Plaintiffs' standing at the summary judgment stage. Accordingly, Intervenors' notion that they need to depose all of the Plaintiffs – even those whom Plaintiffs are <u>not</u> relying upon for their standing burden at the summary judgment stage – makes no legal sense.

allowed to take depositions at this time, they should not be permitted to depose Richard Sommerville or any representative from Gulf Restoration Network, since Plaintiffs are not relying on these Plaintiffs in order to establish standing at this stage: deposing these Plaintiffs on their standing allegations would be the ultimate make-work exercise.  See Massachusetts v. Environmental Protection Agency, 127 S.Ct. at 1453.  Nor should Intervenors be allowed to depose any of the Plaintiffs on any topic beyond standing, which is the only topic of discovery Intervenors have explicated and defended in their opposition to Plaintiffs' motion.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a protective order barring Intervenors from proceeding with the five depositions they have scheduled to commence on January 30, 2008.

Respectfully submitted,

_____/s/_____
Joshua Stebbins
D.C. Bar No. 468542
Howard M. Crystal
D.C. Bar No. 446189
Eric R. Glitzenstein
D.C. Bar No. 358287

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Ave., NW, Suite 700
Washington, D.C. 20009
(202) 588-5206

Attorneys for Plaintiffs

January 24, 2008