UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, et al., ) | |
|     Plaintiffs, ) | |
|     v. ) | Civ. No. 1:07-cv-01756 (RCL) |
| LT. GEN. ROBERT L. VAN ANTWERP, et al., ) | |
|     Defendants, ) | |
|     and ) | |
| SIERRA PROPERTIES I, LLC, et al., ) | |
|     Intervening Defendants. ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO FEDERAL DEFENDANTS'
MOTION FOR EXTENSION OF TIME OR STAY OF BRIEFING SCHEDULE AND
REQUEST FOR EXPEDITED CONSIDERATION (D.E. 42)
AND TO INTERVENING DEFENDANTS' JOINDER THEREIN (D.E. 43)**

INTRODUCTION

Plaintiffs oppose Federal Defendants' motion to stay the briefing schedule in this case pending resolution of the motion for voluntary remand without a corresponding cessation of all construction activities on site (D.E. 42). Plaintiffs also oppose Intervening Defendants' joinder therewith (D.E. 43).

As discussed below, notwithstanding Federal Defendants' representation to the Court that they have "suspended" all work except corrective actions in the wetlands subject to the permit, ongoing construction continues on the remainder of the site, and supporting construction related activities also continue in the wetlands. Such construction activities during a stay of the litigation will prejudice Plaintiffs and harm the environmental interests that they seek to protect.

Moreover, neither Federal Defendants nor Intervening Defendants will be prejudiced by a denial of the stay. In the alternative, should the Court stay briefing pending resolution of the Army Corps of Engineers' ("Corps's") remand motion, Plaintiffs respectfully request that the Court expeditiously resolve the motion for remand, with respect to which Plaintiffs will file an opposition in the next several business days.

ARGUMENT

In light of the Corps's permit suspension, there can be little question that the Cypress Creek Town Center ("CCTC") section 404 permit is unlawful, as Plaintiffs' have asserted in this litigation. Now, after repeated and voluminous discharges of polluted water from the CCTC construction site to Cypress Creek and its remaining wetlands, the Corps itself has concluded that "[i]t is clear to the Corps that [the permittees'] assurances" . . . "that the project would meet 404(b)(1) guidelines, would be in the public interest, and would not impose significant, unacceptable impacts to wetlands and water quality" . . . "have not been met." Corps' Notice of Permit Suspension, Ex. 1 at 2-3 ("Suspension") (emphasis added). Nor did the Intervening Defendants' "assurances" prove valid that wetlands would not be adversely affected and that "'adverse impacts to water quality or downstream ecosystems . . . would be avoided.'" Id. (citations omitted). The Corps, therefore, has purported to "suspend" the permit "until the permittee can provide assurance that an appropriate resolution to the [discharges] has been developed and implemented." Suspension, Ex. 1 at 3; see also Federal Defendants' Motion For Voluntary Remand And Stay Of The Litigation And Memorandum In Support Thereof, Ex. B, T. Hurst Declaration at ¶ 4 (permittee must "ensure future discharges do not occur" and investigate "the causes of the discharges") ("Federal Defendants' Remand Mem.") (D.E. 41).

Nonetheless, construction on the CCTC site races ahead. Indeed, far from a complete suspension of the permit, and contrary to Federal Defendants' representation to the Court in their brief, the Corps did not in fact "prohibit[ Intervening Defendants] from doing any new work in the filled jurisdictional wetlands on the project site, with the exception of corrective measures." See Federal Defendants' Remand Mem. at 2, 10 (D.E. 41). Rather, as the Corps's declarations make clear, the Corps is <u>actually facilitating</u> the ongoing construction of the CCTC project during the suspension by allowing Intervening Defendants to use such wetlands to continue construction around the wetlands. See id., Ex. C, T. Farrell Declaration at ¶ 4. Among other things, Intervening Defendants are being permitted to stage construction materials in the wetlands, including "stockpile[s of] soils and pipes;" they are permitted to maintain their construction office in the wetlands; and they are permitted to continue driving over the wetlands on the "site's main access road," all so that continued construction of the mall may proceed. Id. Yet this activity is being allowed under a permit that has now been conceded by the Corps to have unlawfully degraded an Outstanding Florida Water, and in support of a project that, according to Intervening Defendants, is not even viable unless the Corps ultimately allows the wetlands to be destroyed. Environmental Assessment at 11-15, AR06646-50. In short, on close inspection, the Corps's "suspension" is largely illusory.

The ongoing construction – and hence any delay in the resolution of this case – is greatly prejudicial to Plaintiffs and their ability to obtain meaningful relief on their claims that the Corps and the Fish and Wildlife Service ("FWS") violated the Endangered Species Act, 16 U.S.C. §§ 1532-1544 ("ESA"), the Clean Water Act, 33 U.S.C. §§ 1251-1387 ("CWA"), and the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370f ("NEPA"). For example, a central focus of

Plaintiffs' ESA claim is the Corps's failure to formally consult with the FWS regarding the destruction of habitat in the uplands of the CCTC site for threatened species such as the Eastern Indigo Snake. See Memorandum Of Law In Support of Plaintiffs' Motion For Summary Judgment 8-9, 21-23 ("Plaintiffs' Summ. J. Mem.") (D.E. 32). Similarly, Plaintiffs contend that the CWA was violated because, among other things, there are practicable alternatives to CCTC as proposed, and because the Corps arbitrarily and wrongly concluded that the destruction of protective upland buffers would not cause or contribute to the significant degradation of Cypress Creek and its wetlands. Id. at 32-35. Plaintiffs' NEPA challenge also focuses, in part, on uplands, such as impacts to the government designated critical wildlife corridor running across the site. Id. at 38-42. Yet all of these areas are subject to continued degradation during the Corps' suspension and requested stay.[1]

On the other hand, neither the Corps nor Intervening Defendants will be prejudiced by simply having to comply with the briefing schedule, at least during the Court's resolution of the motion for a voluntary remand. Indeed, neither have even asserted that they will be prejudiced: to the contrary, the Corps asserts that a stay will "avoid unnecessary Court review of issues potentially mooted by the voluntary remand." Federal Defendants' Motion For Extension Or Stay Of Briefing Schedule And Request For Expedited Consideration at 2 (emphasis added)

---

[1] Indeed, the scope of the Corps's proposed remand, and its permit suspension, is exceedingly narrow and addresses only one part of one important issue raised by Plaintiffs in the litigation, that is, that the Corps arbitrarily determined the permit would not cause or contribute to significant degradation of Cypress Creek and its wetlands. Compare Federal Defendants' Remand Mem., Ex. B, T. Hurst Declaration at ¶ 4; Suspension, Ex. 1 at 3 with Plaintiffs' Summ. J. Mem. at 32-35 (D.E. 32). The proposed remand and suspension therefore fail to address other central issues raised by Plaintiffs such as their claims under the ESA and NEPA discussed above. See Plaintiffs' Summ. J. Mem. at 18-23, 23-32, 38-42 (D.E. 32).

(D.E. 42). Yet this is a specious argument as the parties can continue to brief this case on summary judgment over the coming weeks without the need for the Court to review those briefs before the Court resolves the Corps's motion for a voluntary remand. If the Court then denies the motion for remand and stay – as Plaintiffs will urge the Court to do in view of the ongoing destruction of the CCTC site and other factors – the Court will have fully briefed summary judgment motions that may be expeditiously resolved. And if the Court grants the remand motion, the Court will have expended no additional time or resources simply because the parties will have complied with the previously established briefing schedule.

Nonetheless, should the Court conclude that staying the briefing schedule pending resolution of the Corps's motion for a voluntary remand is appropriate, Plaintiffs respectfully request that the Court resolve the Corps's remand motion as expeditiously as practicable. In this regard, Plaintiffs will file an opposition to that motion within the next several business days.

                                                Respectfully submitted,

                                                _____/s/_____
                                                Joshua Stebbins
                                                D.C. Bar No. 468542
                                                Howard M. Crystal
                                                D.C. Bar No. 446189
                                                Eric R. Glitzenstein
                                                D.C. Bar No. 358287

                                                MEYER GLITZENSTEIN & CRYSTAL
                                                1601 Connecticut Ave., NW, Suite 700
                                                Washington, D.C. 20009
                                                (202) 588-5206

                                                Attorneys for Plaintiffs

February 15, 2008

CERTIFIED-RETURN RECEIPT REQUESTED



DEPARTMENT OF THE ARMY
JACKSONVILLE DISTRICT CORPS OF ENGINEERS
P. O. BOX 4970
JACKSONVILLE, FLORIDA 32232-0019

REPLY TO
ATTENTION OF

February 1, 2008

Regulatory Division
Special Projects/Enforcement Branch
Enforcement Section
SAJ-2003-2336 (IP-TEH)

Mr. John R. Sierra, Jr.
Sierra Properties
509 Guisando De Avila, STE 200
Tampa, Florida 33613

### NOTICE OF PERMIT SUSPENSION

Dear Mr. Sierra:

This letter is to notify you that the U.S. Army Corps of Engineers (Corps) is suspending Department of the Army (DA) permit No. 2003-2336 (IP-TEH), which authorized you to perform work in jurisdictional wetlands associated with the Cypress Creek Town Center commercial complex. The project is located immediately west of the junction of State Road 56 and I-75, Pasco County, Florida.

The site is adjacent to Cypress Creek, a regulated water of the United States. Cypress Creek is considered an Outstanding Florida Water, a designation that recognizes the creek's important environmental functions and resource value to the citizens of the State of Florida.

#### Background

The referenced DA permit was issued by the Corps to Sierra Properties on May 15, 2007. The permit contained general and specific conditions, which identified required actions that must be implemented by the permitee.

The referenced DA permit included, as an attachment, a State of Florida permit and water quality certification (No. 43026931.001), which was issued to you on January 30, 2007, by the Southwest Florida Water Management District. The state permit did not authorize offsite discharges to Cypress Creek. Compliance with the state permit is required as a condition of your Federal permit.

**Exhibit 1**

-2-

On August 22, 2007, the Corps issued to Sierra Properties a Notice of Noncompliance for failure to comply with the conditions of the referenced DA permit. Noncompliance activities cited in the notice included offsite discharge of sediments and turbid water to Cypress Creek.

On January 24, 2008, Corps staff inspected the construction site and again documented the discharge of turbid water to Cypress Creek and an associated wetland.

### Reasons for Suspension of the Permit

1. In discharging turbid water to Cypress Creek on two occasions and in failing to comply with your state permit, you have failed to comply with general conditions 2 and 5 of your Federal permit. General condition 2 requires that you maintain your site in good condition and in conformance with the terms and conditions of the permit. General condition 5 requires compliance with your state water quality certification.

2. The discharge of turbid water from the construction site to the creek is contrary to the basis of the Corps's authorization for the project. The Environmental Assessment and Statement of Findings are the Corps "decision documents" that reflect all the areas of consideration that were evaluated by the Corps project manager in order to determine compliance with our 404(b)1 guidelines and to arrive at the rationale for authorization of the project. A review of those documents reveals that on-site stormwater treatment and water quality in Cypress Creek and its associated wetlands were of paramount concern to the Corps reviewer for the Cypress Creek Town Center project. It is evident that the Corps reviewer relied heavily on the permittee's proposed plans and environmental controls to gain assurance that the project would meet the 404(b)1 guidelines, would be in the public interest, and would not impose significant, unacceptable impacts to wetlands and water quality.

In the secondary impact section of the 404(b)1 guidelines, the Corps reviewer felt assured that adverse secondary effects would be avoided as a result of the permittee's operation of a water management system that would pre-treat water before releasing it to adjacent wetlands.

-3-

In the water quality section of the 404(b)1 guidelines, the Corps reviewer found that "adverse impacts to water quality or downstream ecosystems as a result of the proposed project" would be avoided if the permittee pre-treated stormwater, obtained state water quality certification for a water management system, and established a water quality monitoring a program.

It is clear to the Corps that these assurances have not been met and that the lack of compliance warrants suspension of the permit until the permittee can provide assurance that an appropriate resolution to the observed problems has been developed and implemented.

### Initial Corrective Action

The Corps seeks initial corrective actions for immediate assurance that additional offsite discharges will not occur. The Corps has identified pond D on the construction site as the main source of the turbid discharges. We require a written plan to reinforce the barrier at the discharge point of pond D and to address improved storage capability of pond D and any other ponds as necessary to prevent additional discharges. The plan must be developed and sealed by a Florida-registered professional engineer and must include a time schedule for immediate implementation of the remedial measures. We also seek a report from a qualified environmental professional to assess possible sedimentation or other environmental damage that may have resulted downstream in Cypress Creek and in the receiving wetland below pond D. These assurances should be provided to the Corps Tampa Regulatory Office within ten (10) days.

Compliance with this order for corrective action will not foreclose the Federal Government's options to initiate appropriate legal action or to later require the submission of a permit application or other remedial actions.

### Suspension Guidance

Accordingly, DA permit SAJ-2003-2336 (IP-TEH) is now suspended. Except as authorized by the Corps for remediation, you are prohibited from working in any areas of the Cypress Creek Town Center site that have been identified as waters of the United States.

-4-

    Following this suspension the Corps will decide whether to reinstate, modify, or revoke the permit. Within ten (10) days after receiving this notice of suspension, you may request a meeting with the district engineer or request a public hearing to present information regarding this matter. If you request a hearing, we will follow the procedures prescribed in 33 CFR part 327. After completion of the meeting or hearing (or in a timely manner, if you chose neither) we will take action to reinstate, modify, or revoke the permit.

    If you have questions regarding this notice, please contact Thomas Farrell at the letterhead address or by telephone at 813-769-7072.

    Sincerely,

Paul L. Grosskruger
Colonel, U.S. Army
District Engineer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, et al., Plaintiffs )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LT. GEN. ROBERT L. VAN ANTWERP, et al., )<br>)<br>Defendants. )<br>)<br>and )<br>)<br>SIERRA PROPERTIES, et al., )<br>)<br>Intervening Defendants )<br>) | Civ. No. 1:07-cv-01756 (RCL) |

**[PROPOSED] ORDER DENYING
FEDERAL DEFENDANTS' MOTION FOR EXTENSION OF TIME OR STAY OF
BRIEFING SCHEDULE AND REQUEST FOR EXPEDITED CONSIDERATION**

This matter is before the Court on Federal Defendants' Motion For Extension of Time Or Stay Of Briefing Schedule And Request For Expedited Consideration, Intervening Defendants' Joinder therewith, and Plaintiffs' Opposition thereto. Upon consideration of the briefs, as well as the entire record in this case, it is, by the Court, this __ day of ____, 2008, hereby

ORDERED that Federal Defendants' request for an extension of time or stay of the briefing schedule pending resolution of Federal Defendants' motion for voluntary remand, and Intervening Defendants' joinder therewith, be denied.

_____
U.S. District Court Judge
Royce C. Lamberth