UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, CLEAN WATER ACTION, GULF RESTORATION NETWORK, CHRIS LOY, and RICHARD SOMMERVILLE,<br><br>       Plaintiffs,<br><br>       v.<br><br>LT. GEN. ROBERT L. VAN ANTWERP, in his official capacity as Chief of Engineers, U.S. Army Corps of Engineers, DIRK KEMPTHORNE, in his official capacity as Secretary, U.S. Department of the Interior, and H. DALE HALL, in his official capacity as Director, U.S. Fish and Wildlife Service,<br><br>       Defendants,<br><br>       and<br><br>SIERRA PROPERTIES I, LLC, PASCO 54, LTD., PASCO RANCH, INC., AND JG CYPRESS CREEK LLC,<br><br>       Intervening Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  1:07-cv-01756 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTERVENING DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
EXTENSION OR STAY OF BRIEFING SCHEDULE AND
REQUEST FOR EXPEDITED CONSIDERATION**

Sierra Properties I, LLC, Pasco 54, Ltd., Pasco Ranch, Inc., and JG Cypress Creek LLC (collectively, "Intervening Defendants"), by and through undersigned counsel, hereby file the instant Reply in Support of Motion for Extension or Stay of Briefing Schedule and Request for Expedited Consideration ("Motion for Extension") (D.E. 42).[1]

---

[1] Intervening Defendants joined in the Motion for Extension on February 15, 2008.  D.E. 43.

I.  **Plaintiffs Apply A Double Standard In Opposing The Motion For Extension Of Time**

Plaintiffs apply a blatant double standard in opposing the request for an extension of time. Only a few weeks ago, Plaintiffs themselves sought (and received) an extension of time to file their own motion for summary judgment. D.E. 30. It is surprising that Plaintiffs now oppose giving the Defendants a brief extension until the Court decides the Federal Defendants' Motion for Voluntary Remand and Stay of the Litigation and Memorandum in Support Thereof ("Motion for Voluntary Remand"), D.E. 41, in light of the circumstances. There is no more prejudice to such an extension of time than would have been caused by Plaintiffs' own request for extension a few weeks ago.[2] It is unreasonable for Plaintiffs now to apply a different standard to Defendants' request for a short extension.

II. **Intervening Defendants Will Be Unfairly Prejudiced If They Are Required To File Their Summary Judgment Brief On February 20, 2008**

Intervening Defendants will be unfairly prejudiced if the Court does not stay the briefing schedule pending resolution of the Motion for Voluntary Remand or extend the time within which Intervening Defendants are required to file their cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment. Since before the permit suspension on February 1, 2008, Intervening Defendants have been dealing with and attempting to remediate the cause of the discharges. This situation has taken up a great deal of time and resources that would have otherwise been focused on the summary judgment brief. If Intervening Defendants are required to file their cross-motion and opposition on February 20, 2008, they will be highly prejudiced.

---

[2] Any prejudice from a short extension on the briefing schedule pales in comparison to the delays caused by Plaintiffs' decision to file a complaint in the Middle District of Florida, dismiss the case the next day when they learned which judge was assigned to the case, and then wait several months before filing their complaint in this Court.

The prejudice to Intervening Defendants stands in contrast to a complete lack of prejudice to Plaintiffs. This Motion seeks a brief extension of time to file a brief – it does not prejudge the Federal Defendants' Motion for Voluntary Remand. The U.S. Army Corps of Engineers ("Corps") already has suspended the Intervening Defendants' permit, which limits activities on the project site. There is no danger of any new wetlands being filled during the permit suspension. In this context, Plaintiffs' opposition to the request for more time amounts to gratuitous and sharp litigation tactics.

### III. Plaintiffs Mischaracterize The Nature Of The Activities The Corps Has Allowed During The Permit Suspension

As the Federal Defendants indicated in their Motion for Voluntary Remand,[3] which is supported by two declarations of Corps personnel, the Corps has "prohibited [ ] any new work in the filled jurisdictional wetlands on the project site, with the exception of corrective measures." D.E. 41 at 2. The Corps has only allowed "continued use of an access road that traverses the filled wetlands and will allow a construction office trailer and previously stockpiled soils and pipes to remain in place." *Id*.

In their Opposition, D.E. 44 at 33, Plaintiffs mischaracterize the nature of the activities that the Corps has allowed during the suspension. First, to the extent that Plaintiffs focus on activities in upland areas, those areas are outside of Corps jurisdiction. The Corps only has jurisdiction over "waters of the United States," which excludes uplands. Plaintiffs therefore cannot complain about areas beyond the Corps' power to regulate.

Second, the former Corps jurisdictional wetlands authorized for impacts already have been filled.[4] Plaintiffs do not explain how any continuing activities in these areas, such as

---

[3] Intervening Defendants intend to respond to Federal Defendants' Motion for Voluntary Remand within the timeframe allotted under the Federal Rules of Civil Procedure unless the Court orders otherwise.

[4] The Corps permit authorized filling of approximately 53 acres of Corps jurisdictional wetlands. Another

leaving equipment in place or driving across roads, have any environmental impacts.

Third, despite the lack of any further impacts to the already-filled wetlands, the Corps has substantially restricted activities in these areas.  The only regulated activities the Corps has allowed in former jurisdictional wetlands that have already been filled is corrective measures designed to prevent stormwater discharges.  *See* Declaration of Thomas A. Farrell, attached as Exhibit C to Motion for Voluntary Remand, D.E. 41-2 ("During the permit suspension, new work on the wetlands that had been filled under the Corps authorization is prohibited except for the construction or completion of berms that will be used solely to contain surface water on the site.").  Surely Plaintiffs have no opposition to the construction of berms in former wetlands designed to prevent discharges of turbid water into Cypress Creek and other locations during the permit suspension.

On the other hand, the activities that Plaintiffs characterize as "supporting construction related activities," D.E. 44 at 3, are not even activities within the Corps' regulatory jurisdiction.  These activities include allowing "continued use of an access road that traverses the filled wetlands" and allowing "a construction office trailer and previously stockpiled soils and pipes to remain in place."  D.E. 41 at 2.  In other words, people are allowed to drive across an already constructed limerock road that crosses areas of former wetlands, and are allowed to keep a construction trailer and stockpiled materials exactly where they were prior to the permit suspension.  *Id*.

The Corps only has the authority to regulate the "*discharge* of *dredged or fill material* into" navigable waters.  *See* 33 U.S.C. § 1344(a) ("The Secretary may issue permits, after notice and opportunity for public hearings for the discharge of dredged or fill material into the

---

approximately 100 acres of Corps jurisdictional wetlands have been preserved on-site.

navigable waters at specified disposal sites.") (emphasis added); *see also Save Our Community v. U.S. Environmental Protection Agency*, 971 F.2d 1155, 1164, 1167 (5th Cir. 1992) (holding that wetlands draining activity does not require a Section 404 permit as it does not involve dredging, filling or discharging of effluent after finding that the "discharge" requirement as the "triggering mechanism for section 404 coverage is by no means novel."); *Florida Rock Industries, Inc. v. United States*, 791 F.2d 893, 898 (Fed. Cir. 1986) (holding that if there was no discharge of pollution, then the Corps "had no statutory authority to act' under section 404") (other internal citations omitted).

      Driving across a road and storing materials on top of filled former wetlands, the activities that Plaintiffs complain of, do not involve "the discharge of dredge or fill material." Driving across an existing road is not the "discharge of dredge or fill material" into "waters of the United States": if it were, then a federal permit would be required for all off-road vehicles in Florida, which is an absurd position. Simply leaving construction materials, such as a construction trailer and large concrete pipes, in place on top of a former wetland that was filled long ago, is not a "discharge of dredge or fill material": there is no "discharge" associated with leaving these objects in place on top of filled wetlands, and since these objects eventually will be removed, they are not "fill material." Plaintiffs cite to no authority to suggest that such activity is within the Corps' regulatory authority. At their root, Plaintiffs' complaints about the nature of activities on the site are disagreements with how Congress drafted the Clean Water Act.

      Thus, Intervening Defendants join in Federal Defendants' request that the Court revise the briefing schedule as requested by Federal Defendants in the Motion for Extension, D.E. 42 at 2, and also join in Federal Defendants' request that the Court decide the Motion for Extension at the earliest convenience of the Court.

Respectfully submitted,

_____/s/_____
Counsel for Intervening Defendants

Douglas M. Halsey (Florida Bar No. 288586)
T. Neal McAliley (Florida Bar No. 172091)
Angela D. Daker (Florida Bar No. 681571)
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida  33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

Eric Grannon (D.C. Bar No. 473778)
Erin M. Everitt (D.C. Bar No. 497407)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of February, 2008, the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel on the below service list via Notice of Electronic Filing generated by CM/ECF:

Joshua R. Stebbins
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009-1056
(202) 588-5206
Fax:(202) 588-5049
Email: jstebbins@meyerglitz.com

*Counsel for Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy and Richard Sommerville*

Kristofer Swanson
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
(202) 305-0248
Fax: (202) 305-0274
Email: kristofer.swanson@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

Mark Arthur Brown
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Wildlife and Marine Resources Section
P.O. Box 7369
Ben Franklin Station
Washington, DC 20044-7369
(202) 305-0204
Fax: (202) 514-0097
Email: mark.brown@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

Jessica O'Donnell
U.S. DEPARTMENT OF JUSTICE
Environmental and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 305-0856
Fax: (202) 514-8865
Email: jessica.odonnell@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

/s/
Angela D. Daker