UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, CLEAN WATER ACTION, GULF RESTORATION NETWORK, CHRIS LOY, and RICHARD SOMMERVILLE,<br><br>  Plaintiffs,<br><br>  v.<br><br>LT. GEN. ROBERT L. VAN ANTWERP, in his official capacity as Chief of Engineers, U.S. Army Corps of Engineers, DIRK KEMPTHORNE, in his official capacity as Secretary, U.S. Department of the Interior, and H. DALE HALL, in his official capacity as Director, U.S. Fish and Wildlife Service,<br><br>  Defendants,<br><br>  and<br><br>SIERRA PROPERTIES I, LLC, PASCO 54, LTD., PASCO RANCH, INC., AND JG CYPRESS CREEK LLC,<br><br>  Intervening Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civil Action No. 1:07-cv-01756 (RCL) |

## INTERVENING DEFENDANTS' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR VOLUNTARY REMAND AND STAY OF LITIGATION AND MEMORANDUM IN SUPPORT THEREOF

Sierra Properties I, LLC, Pasco 54, Ltd., Pasco Ranch, Inc., and JG Cypress Creek LLC (collectively, "Intervening Defendants"), by and through undersigned counsel, hereby respond to Federal Defendants' Motion for Voluntary Remand and Stay of Litigation and Memorandum in Support Thereof ("Motion for Voluntary Remand") (D.E. 41).

## Introduction

Federal Defendants have asked the Court to voluntarily remand this matter to the U.S. Army Corps of Engineers ("Corps") so that the Corps may consider new facts that have developed since it issued the Cypress Creek Town Center permit. On remand, the Corps has indicated that it intends to evaluate the new information and determine whether and the extent to which those facts affect its original decision to issue the permit, and whether additional National Environmental Policy Act ("NEPA") review is appropriate and whether it should further consult with the United States Fish and Wildlife Service ("FWS") regarding Endangered Species Act ("ESA") considerations. Under these circumstances, when new facts may impact an agency's decision, voluntary remand is the appropriate course of action. This is because basic administrative law principles require that the agency, not the Court, be the first to consider new facts and make factual findings. Thus, the Corps' request for voluntary remand should be granted.

Plaintiffs, however, ignore the limited scope of the Court's review in this administrative review case. Plaintiffs invite the Court to become the policy maker and fact finder by requesting that the Court find the original May 2007 permitting decision flawed based on **new facts**, **that were not before the Corps at the time it made its decision**, before the Corps has had the opportunity to consider such facts. The Administrative Procedure Act, which governs the Court's review of the agency's activities in this case, does not permit the Court to step into the shoes of the agency in the way urged by Plaintiffs. Agency actions are only to be reviewed based on materials that were "before the agency *at the time the decision was made*." *Piersall v. Winter*, 507 F.Supp.2d 23, 34 (D.D.C. 2007) (Lamberth, J.) (quoting *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996)) (emphasis added); *see also Environmental*

*Defense Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981) ("[t]he focal point for judicial review should be the administrative record already in existence, not some new record completed initially in the reviewing court."). Moreover, to the extent that new information affects the Corps' decision, it is the **agency** that first should evaluate that information, not the Court. *Nat'l Ass'n of Homebuilders v. Defenders of Wildlife*, ___ U.S. ____, 127 S. Ct. 2518, 2529 (2007) (criticizing the Ninth Circuit because it "jumped ahead to resolve the merits of the dispute" and "erroneously deprived the agency of its usual administrative avenue for explaining and reconciling the arguably contradictory rationales that sometimes appear in the course of lengthy and complex administrative decisions"). Plaintiffs' request that the Court rule on the merits now, based on events post-dating the challenged decision, and before the agency has had an opportunity to evaluate the new facts, completely ignores these basic principles.

Plaintiffs also consistently misrepresent the facts. They misrepresent the basis of the suspension of the Cypress Creek Town Center permit. They misrepresent the Corps' representations and actions regarding the permit suspension. And they misrepresent the limited nature of the activities that the Corps has allowed during the permit suspension.

This is surprising in light of the fact that the permit suspension gives Plaintiffs everything they reasonably could obtain given the limits of the Corps' regulatory jurisdiction. There will be no new wetland impacts. All of the wetlands authorized for impacts have been cleared and filled as part of routine site preparation. No new wetland impacts are authorized during the suspension. And the Corps has limited work in former jurisdictional wetlands and has "prohibited [] any new work in the filled jurisdictional wetlands on the project site, with the exception of corrective measures." D.E. 41 at 2. The Corps has even sought to restrict unregulated activities on filled wetlands, restricting such usage to "continued use of an access

road that traverses the filled wetlands and will allow a construction office trailer and previously stockpiled souls and pipes to remain in place." *Id.*  Thus, Plaintiffs' doomsday predictions regarding the potential impacts that will occur during any remand while the permit is suspended are unfounded.

While Plaintiffs also seem to be concerned about continued work in upland areas, those areas are outside of the Corps' jurisdiction: a Section 404 Clean Water Act permit is unnecessary to work in upland areas.  Plaintiffs' disagreement with the breadth of federal jurisdiction does nothing to change the fact that work in uplands is simply outside of the Corps' jurisdiction.  Moreover, Plaintiffs apparently ask the Court for a remedy that is beyond the Corps' regulatory jurisdiction in the first place: a restriction of activities **<u>outside</u>** the "waters of the United States." Thus, not only do they ask the Court to ignore the separation of powers between the judicial and the executive branches, but they ask the Court to ignore principles of federalism regarding the relative jurisdictions of federal and state governments.

Plaintiffs' suggestion that there have been continuous violations on the Cypress Creek Town Center site is unsupported.  As the Corps stated in its Motion, it suspended the permit as a result of discrete discharges of turbid, *i.e.* cloudy, water into Cypress Creek, which occurred after the permit was issued.  These discharges were unintentional and the permittees have been working diligently to take corrective measures to prevent any future turbid runoff.  Plaintiffs' suggestion that the Corps only suspended the permit to avoid having to write a summary judgment brief in this action takes paranoia to a new level.  When the Corps issued the permit, Plaintiffs criticized it and said that it should have conducted additional environmental analysis.  Now that the Corps has asked for a voluntary remand to conduct additional review in light of the discharges, Plaintiffs criticize the agency for that.

Plaintiffs' statement, without citation to any facts in support, that "Intervening Defendants will advance construction as rapidly as possible while the litigation is stayed" is perhaps the best example of Plaintiffs confusing their unsupported conjecture and supposition with fact. The Corps has severely restricted activities on the site and has prohibited any work beyond corrective measures in former Corps jurisdictional wetlands. Thus, there is simply no way that Intervening Defendants could "advance construction as rapidly as possible," because the work allowed on the site during the suspension is quite limited. More importantly, Intervening Defendants have never said or suggested that, even if there was no permit suspension, they would attempt to rapidly advance construction during the stay. In fact, Intervening Defendants have complied with the terms of the Corps' suspension and will continue to do so throughout the duration of the suspension.

Put simply, voluntary remand is appropriate here under the circumstances and the Federal Defendants' request for voluntary remand should be granted.

## Discussion

**I.    Federal Defendants' Request for Voluntary Remand Should Be Granted.**

On February 1, 2008, the Corps suspended the Clean Water Act Section 404 permit that it issued for the development of Cypress Creek Town Center. D.E. 41. As a result of the suspension, the Corps has prohibited virtually all regulated activities within areas under its jurisdiction at the site. D.E. 41 at 2. The agency also has indicated that it is reevaluating the permit, and may decide to revoke, reaffirm, or modify it after a period of review. *Id*. at 3. Contrary to Plaintiffs' suggestions, the Corps' suspension of the permit, and request for voluntary remand, does not mean that the permit is "unlawful" or that representations by the permittees during the permitting process were "hollow." Pl. Opp. at 8, 1. Instead, it means that

the Corps wants to determine what impact the facts that led to the suspension have, if any, on the original analysis that the Corps conducted with regard to the permit. The Corps may conclude that these facts have a substantial impact, it may conclude that these facts have no impact, or it may conclude something in-between. Unlike Plaintiffs, the Corps apparently has not predetermined the issue and has asked the Court to voluntarily remand the matter to the Corps so that it may make a determination regarding these issues.

In addition, the agency may conduct additional environmental evaluation – such as additional NEPA review and consultation under the ESA – regarding issues that are the subject of Plaintiffs' claims. D.E. 41 at 3 ("[i]n addition, should the Corps' review reveal significant or new changed circumstances on-site, the Corps may initiate additional review under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq., and further consultation under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1536(a)(2)."). Thus, Plaintiffs' protestations that there is no chance that the Corps will conduct any additional NEPA analysis or initiate additional consultation with the United States Fish and Wildlife Service ("FWS") are unfounded. Pl. Opp. at 4 ("the Corps has no intention of addressing on remand Plaintiffs' Endangered Species Act ("ESA") claims, their National Environmental Policy Act ("NEPA") claims . . . .").

In light of the permit suspension, it makes little sense to continue briefing summary judgment in this case. The Corps already has given Plaintiffs the primary relief that they seek through suspension of the permit. Even if Plaintiffs were to prevail on these claims, the typical remedy would be to remand the permit to the agency for further review. *Nat'l Ass'n of Home Builders*, 127 S. Ct. at 2529. Since the Corps has indicated that it will be conducting additional environmental review in light of new facts, the agency effectively is doing the very same thing

that it would do if Plaintiffs prevailed on the merits and the Court remanded the permit following summary judgment.

"A remand is generally required if the intervening event may affect the validity of the agency action." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028-29 (Fed.Cir. 2001); *see also Kean for Congress Committee v. Federal Election Comm'n*, No. Civ. A. 04-0007JDB, 2005 WL 354484, * 1 (D.D.C. February 15, 2005) ("A remand is generally granted if an intervening event 'affect[s] the validity of the agency action'") (quoting *SKF USA Inc.*, 254 F.3d at 1028). This is because federal courts "prefer[] to allow agencies to cure their own mistakes . . . ." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993).

The D.C. Circuit has routinely granted motions for voluntary remand so that the agency with primary jurisdiction may reconsider its decision. *See Ethyl Corp.*, 989 F.2d at 524 (granting Environmental Protection Agency's ("EPA") request for voluntary remand so that EPA could reconsider its denial of manufacturer's request for Clean Air Act waiver in light of new test results); *Wilkett v. Interstate Commerce Comm'n*, 710 F.2d 861, 863 (D.C. Cir. 1983) (court granted Interstate Commerce Commission's pre-oral argument request for voluntary remand for reconsideration of decision); *see also Anchor Line Ltd. v. Federal Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("when an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency").

Because new facts have developed that may impact the Corps' ultimate conclusion regarding the permit, the Corps' request for voluntary remand should be granted. This action was just filed in October 2007. Federal Defendants filed the Motion for Voluntary Remand before they and the Intervening Defendants have filed substantive summary judgment briefs. D.E. 41. As the Federal Defendants stated in the Motion at 9, the additional review the Corps

conducts during remand could well render moot some, if not all, of Plaintiffs' claims.

Plaintiffs completely ignore that requests for voluntary remand to consider new facts that develop after an agency has taken final agency action are routinely granted. Instead, Plaintiffs point the Court to "stay" cases that do not involve any of the relevant facts present here: new factual developments that occur after final agency action that may impact the agency's original decision. Pl. Opp. at 5-6. In fact, none of the "stay" cases Plaintiffs discuss even address stays during voluntary remand periods, which is what the Federal Defendants have requested here. To the limited extent that Plaintiffs discuss voluntary remand cases, they do not identify a single case in which voluntary remand was denied when new facts developed that may impact the agency's original decision. Pl. Opp. at 11-12.

Plaintiffs ask the Court to conclude now, before the Corps has collected and evaluated the facts on remand, that the original permit was issued in violation of NEPA, the ESA, and the CWA. In so doing, they request the Court to reach conclusions regarding events that occurred **after** issuance of the permit, but **before** the Corps has had the opportunity to consider the facts and circumstances surrounding such events. Pl. Opp. at 9. This is completely inconsistent with fundamental principles of administrative law that require that the agency with primary fact finding responsibility and expertise first be allowed to consider the new evidence before its decision is reviewed by the Court. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("the factfinding capacity of the district court is thus typically unnecessary. . . . [The court is] to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate standard of review."); *Kleppe v. Sierra Club*, 427 U.S. 390, 410 (1976) ("[t]he only role for a court is to insure that the agency has taken a 'hard look' at environmental consequences; it cannot 'interject itself within the area of discretion of the executive as to the

choice of the action to be taken.'") (quoting *Natural Res. Def. Council v. Morton*, 458 F.2d 827, 838 (D.C. Cir. 1972)); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (the focal point for judicial review of a final agency action is "the administrative record already in existence, not some new record made initially in the reviewing court."); *Defenders of Wildlife v. Hogarth*, 330 F.3d 1358, 1368 (Fed. Cir. 2003) ("[f]actual findings are properly left to the agency that oversees a statute.").

## II.  Plaintiffs Will Not Be Prejudiced By The Remand.

Plaintiffs will not be prejudiced if the case is remanded. The Corps has already suspended the permit it issued for Cypress Creek Town Center. D.E. 41. As soon as the Corps decides whether to reinstate, modify or revoke the permit, it has indicated that it will inform the Court and the parties. D.E. 41 at 11. Plaintiffs will then have the opportunity to bring to the Court's attention any concerns they may have regarding the Corps' final action on the remanded permit.

Other than corrective measures, no new wetland impacts are authorized during the suspension. All of the wetlands authorized for impacts were filled months ago as part of routine site preparation. During the suspension, the Corps has "prohibited [ ] any new work in the filled jurisdictional wetlands on the project site, with the exception of corrective measures." D.E. 41 at 2. In other words, the only regulated activities the Corps has allowed in the former jurisdictional wetlands (that have already been filled) are **corrective measures** designed to prevent stormwater discharges such as the discharges that led to the suspension of the permit. *See* Declaration of Thomas A. Farrell, attached as Exhibit C to Motion for Voluntary Remand, D.E. 41-2. With regard to **unregulated** activities in former wetlands, the Corps has allowed "continued use of an access road that traverses the filled wetlands and will allow a construction office trailer and

previously stockpiled souls and pipes to remain in place." *Id*.  To the extent that there will be work in upland areas, those areas are outside of Corps jurisdiction and Intervening Defendants do not need a Corps permit to work in those areas.

Plaintiffs' feigned sense of urgency is totally transparent.  The Permit was issued on May 17, 2007.  On June 27, 2007, the same lawyers who filed this action filed essentially the same action in the Middle District of Florida.  *See* Complaint in *Citizens for Sanity.Com., Inc. and Daniel Rametta v. Antwerp and Hall*, Case No. 8:07-cv-01106-SDM-MSS, a copy of which was attached to Federal Defendants' Motion to Transfer Venue (D.E. 5).  One day after the case was assigned to the Honorable Judge Steven D. Merryday, Plaintiffs' counsel immediately dismissed the case.  *See* Notice of Dismissal, *Citizens for Sanity.Com., Inc.*, a copy of which was attached to Federal Defendants' Motion to Transfer Venue (D.E. 5).  Plaintiffs' counsel then waited for approximately three months before filing this virtually identical action.[1]  D.E. 1.  Under the circumstances, their protestations about the Corps' request for a three to six month remand to consider new evidence ring hollow.

At no time since Plaintiffs filed their Complaint in this matter, in October 2007, have they sought preliminary injunctive relief.  Ironically, it is only after the Corps permit has already been suspended that Plaintiffs engage in injunction saber-rattling.

Moreover, on remand, the agency can shape appropriate relief to respond to any legitimate concerns Plaintiffs may raise.  It is for the Corps to assess new information, to evaluate technical scientific information regarding impacts, and to consider recommendations by members of the public and interested organizations.  Thus, while Intervening Defendants do not

---

[1] The only "difference" between the two suits is the technical names of the Plaintiffs.  D.E. 1.  Even then, Plaintiffs in this case are linked to the plaintiffs in *Citizens for Sanity.Com*. *Id*.  Both lawsuits were filed by the same law firm.  *Id*.  Both lawsuits bring the same three claims under the NEPA, the CWA, and the ESA.  *Id*.  Both lawsuits also attack Cypress Creek Town Center, and name the same agency defendants.  *Id*.

believe that any of the concerns Plaintiffs have raised have merit, Plaintiffs will nonetheless have a forum on remand to raise their concerns.

### III. Injunctive Relief Should Not Be Granted.

Finally, this Court should deny Plaintiffs' belated request for a preliminary injunction during any remand period. Plaintiffs now seek an injunction against all activities on the Cypress Creek Town Center site, regardless of whether these activities are in areas within Corps jurisdiction or are even regulated activities, *i.e.* the discharge of dredged or fill material into waters of the United States. Pl. Opp. at 5 ("Plaintiffs request that the Court set an expedited schedule for Plaintiffs' filing of a motion for a preliminary injunction of <u>all</u> construction activities on the CCTC during the Corps's remand, save for any necessary remediation activities") (emphasis in original).

First, the request ignores that work in upland areas is simply not within the Corps jurisdiction and no Clean Water Act Section 404 permit is needed to conduct such work.

Second, the request also ignores that the Corps has already prohibited regulated activities in former Corps jurisdictional wetlands except for corrective measures. So, as set forth above, the Corps has already sought to restrict the regulated activities in former Corps jurisdictional wetlands as Plaintiffs have requested.

Third, and most importantly, Plaintiffs are not entitled to an injunction. Plaintiffs have the burden of proving all four of the traditional elements of injunctive relief: 1) irreparable harm to Plaintiffs in the absence of an injunction, 2) substantial likelihood of success on the merits, 3) that an injunction would not substantially injure other interested parties, and 4) that an injunction is in the public interest. *CityFed Financial Corp. v. OTS*, 58 F.3d 738, 747 (D.C. Cir. 1995). "[I]f a party makes no showing of irreparable injury, the court may deny the motion for

injunctive relief without considering the other factors." *St. Croix Chippewa Indians of Wisconsin v. Kempthorne*, Case No. 07-2210, 2008 WL 474162, * 2 (D.D.C. Feb. 22, 2008) (quoting *Dodd v. Flemming*, 223 F.Supp.2d 15, 20 (D.D.C. 2002)). To establish irreparable injury, the injury must be "certain and great" and "actual not theoretical." *Id*. at * 2 (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

If the Court is inclined to entertain Plaintiffs' request for injunctive relief, Defendants are entitled to an evidentiary hearing where they will demonstrate that there are no facts that support the relief that Plaintiffs seek. *See United States v. Microsoft*, 253 F.3d 34, 100 (D.C. Cir. 2001) ("[o]ther than a temporary restraining order, no injunctive relief may be entered without a hearing."); *United States v. International Harvester Co.*, 387 F.Supp. 1338, 1341 (D.C. Cir. 1974) ("the Court, sitting as a court of equity, must hear evidence before acting on a prayer for injunctive relief."); *see also United States v. McGee*, 714 F.2d 607, 613 (6th Cir. 1983) ("[n]ormally, an evidentiary hearing is required before an injunction may be granted."). Plaintiffs would have the burden of presenting evidence carrying their burden of proof, and Intervening Defendants should have the opportunity to conduct discovery into Plaintiffs' evidence before the evidentiary hearing.

Plaintiffs cannot establish even the first element – there simply will be no irreparable harm in the absence of an injunction. Plaintiffs state that the impacts they are concerned about are "destruction of occupied habitat for federally listed species; the destruction of a critical wildlife linkage between protected conservation lands in the area; and the destruction of over fifty acres of wetlands." Pl. Opp. at 2. However, the Corps jurisdictional wetlands authorized for impacts were filled months ago, there are no endangered species on the site today, and continued activities in upland areas may actually reduce any problems related to stormwater in

the future.[2] And Plaintiffs are simply incorrect that the project will result in "the destruction of a critical wildlife linkage." Pl. Opp. at 2. The Environmental Assessment makes clear that the "critical wildlife linkage" will be completely preserved. AR 6672. *See Natural Resources Defense Council v. Kempthorne*, 525 F.Supp.2d 115, 124 (D.D.C. 2007) (because "ground disturbing activities in the Atlantic Rim area [were] largely complete, the issuance of a preliminary injunction would have little, if any, practical effect.").

Intervening Defendants are prepared to present evidence refuting Plaintiffs' factual assertions at an evidentiary hearing if Plaintiffs file a motion for preliminary injunction. This evidence will establish that Plaintiffs cannot carry the necessary burden of proof in order to support their request for injunctive relief.

---

[2] Plaintiffs suggest incorrectly that they would be entitled to an injunction if they were successful on the merits. Pl. Opp. at 13. However, an injunction does not issue as a matter of course in environmental cases. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982); *United States v. Lambert*, 695 F.2d 536, 540 (11th Cir. 1983) ("[e]nvironmental litigation [does] not exempt" a Plaintiff from proving irreparable harm, and a showing on the merits "does not obviate the necessity to show irreparable harm.").

**CONCLUSION**

Based on the foregoing, and the reasons set forth in Federal Defendants' Motion for Voluntary Remand, the Court should grant the Motion for Voluntary Remand.

Respectfully submitted,

/s/
Counsel for Intervening Defendants

Douglas M. Halsey (Florida Bar No. 288586)
T. Neal McAliley (Florida Bar No. 172091)
Angela D. Daker (Florida Bar No. 681571)
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida  33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

Eric Grannon (D.C. Bar No. 473778)
Erin M. Everitt (D.C. Bar No. 497407)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of February, 2008, the following was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel on the below service list via Notice of Electronic Filing generated by CM/ECF:

| | |
|---|---|
| Joshua R. Stebbins<br>MEYER GLITZENSTEIN & CRYSTAL<br>1601 Connecticut Avenue, NW<br>Suite 700<br>Washington, DC  20009-1056<br>(202) 588-5206<br>Fax:(202) 588-5049<br>Email: jstebbins@meyerglitz.com<br><br>*Counsel for Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy and Richard Sommerville* | Kristofer Swanson<br>U.S. DEPARTMENT OF JUSTICE<br>Environment and Natural Resource Division<br>Natural Resources Section<br>P.O. Box 663<br>Washington, DC 20044-0663<br>(202) 305-0248<br>Fax: (202) 305-0274<br>Email: kristofer.swanson@usdoj.gov<br><br>*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall* |
| Mark Arthur Brown<br>U.S. DEPARTMENT OF JUSTICE<br>Environment and Natural Resource Division<br>Wildlife and Marine Resources Section<br>P.O. Box 7369<br>Ben Franklin Station<br>Washington, DC  20044-7369<br>(202) 305-0204<br>Fax: (202) 514-0097<br>Email: mark.brown@usdoj.gov<br><br>*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall* | Jessica O'Donnell<br>U.S. DEPARTMENT OF JUSTICE<br>Environmental and Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 23986<br>Washington, D.C. 20026-3986<br>(202) 305-0856<br>Fax: (202) 514-8865<br>Email: jessica.odonnell@usdoj.gov<br><br>*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall* |

                                                                                /s/
                                                                       Angela D. Daker