UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SIERRA CLUB, et al.,

    Plaintiffs,

v.                                                                                          Civ. No. 1:07-cv-01756

LT. GEN. ROBERT L. VAN ANTWERP,
in his official capacity as Chief of Engineers,
U.S. Army Corps of Engineers, et al.,

    Defendants,

and

SIERRA PROPERTIES I, LLC, et al.

    Intervening Defendants.
_____/

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR
VOLUNTARY REMAND AND STAY OF THE LITIGATION**

    Federal Defendants Lt. General Robert L. Van Antwerp, in his official capacity as Chief of Engineers, United States Army Corps of Engineers ("Corps"), Dirk Kempthorne, in his official capacity as Secretary, United States Department of Interior, and H. Dale Hall, in his official capacity as Director, United States Fish and Wildlife Service ("FWS"), by and through their undersigned counsel, hereby submit this reply brief in support of Federal Defendants' Motion for Voluntary Remand and Stay of the Litigation ("Motion for Remand"), Docket No. 41.

    Plaintiffs' Opposition to Federal Defendants' Motion for Remand ("Plaintiffs' Opposition"), Docket No. 47, is based on a misunderstanding of both the law and facts underlying the Corps' motion. As explained in the Motion for Remand, the Corps has suspended the Clean Water Act ("CWA") permit Plaintiffs challenge and has initiated an investigation of

two permit violations. The violations relate to findings the Corps made in issuing the permit pursuant to CWA section 404, 33 U.S.C. § 1341. Federal Defendants seeks a voluntary remand and stay of litigation because the Corps' investigation will generate new information that may have a bearing on the Corps' prior permit decision. The Corps therefore wishes to reevaluate its permit decision in light of the new information.[1]

Courts routinely grant voluntary remands to allow an agency to consider new evidence that may affect the validity of the prior decision. Plaintiffs err by arguing that a remand is not warranted unless the Corps admits it made a mistake. Circuit precedent makes clear that an agency need not confess error in seeking a remand, and, further, that a remand typically is required where the agency wishes to reconsider its decision in light of an intervening event, as is the case here.

Plaintiffs further err in making unsupported assertions that the Corps' permit is "admittedly unlawful." The Corps has not made any determination that its prior decision is unlawful or invalid. See Decl. of T. Hurst, dated Feb. 13, 2008, ¶ 3, attached as Ex. B to Corps' Mot. for Remand, Docket No. 41 (stating that the Corps intends to examine whether the permit violations "have any effect on the assurances provided by the Permittee and the Corps' reliance on them"). It would be premature for the Corps or the Court to make a determination regarding the affect, if any, of the violations on the validity of the permit until the Corps has an opportunity

---

[1] Rather than burden the Court and the parties with additional briefing that may be unnecessary if the Court grants Federal Defendants' Motion for Remand, Federal Defendants also filed a Motion to Extend or Stay the Briefing schedule until the Court rules on the Motion for Remand. Docket No. 42. Because the motion to extend or stay the briefing schedule is still pending, Federal Defendants did not file a brief on February 20, 2008, in accordance with the current briefing schedule. However, Federal Defendants are prepared to file a brief should the Court deny the motion to extend or stay the briefing schedule.

to consider the new information and render a decision. Based on its investigation, the Corps may determine that new evidence relating to the permit violations warrants a modification or even revocation. It also is possible that the Corps may determine that the validity of its prior decision is not affected by the intervening events and reinstate the permit. However, the relevant case law, as well as basic principles of administrative law, counsel in favor of a remand to allow the Corps, in the first instance, to determine the relevance of the new evidence and modify or reaffirm its initial decision.

Finally, Plaintiffs overstate their case when they argue they will be "tremendously prejudiced" by a remand and stay of litigation. Plaintiffs' claim that any delay to the litigation will allow construction to proceed and therefore will harm their interests cannot be reconciled with the fact that Plaintiffs themselves delayed more than four months in bringing this action and an additional three months before moving for summary judgment, without taking any action to stop the construction activities they evidently knew were occurring. In contrast, Federal Defendants and Intervening Defendants will be prejudiced if they are required to proceed to the merits of Plaintiffs' challenge to the Corps' prior permit decision before the Corps has an opportunity to consider the new evidence relating to the permit violations.

I.    **Circumstances Require a Remand and Stay of Litigation**

It is well-settled that "an agency may request a remand to reconsider its decision because of intervening events outside of the agency's control." SKF USA, Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001). Indeed, a "remand is generally required if the intervening event may affect the validity of the agency action." Id. (citing Ethyl Corp. v. Browner, 989 F.2d 522, 524 (D.C. Cir. 1993)). Here, Federal Defendants seek a remand to allow the Corps to reconsider

the permitting decision that is the basis for this action, in light of the Corps' February 1, 2008 decision to suspend the permit to address two permit violations.  The Corps plans to investigate the violations to determine whether they have any effect on the validity of its permit decision.  See Mot. for Remand, Docket No. 41, at 6; Hurst Declaration ¶¶ 3-4 (attached as Ex. B to Corps' Mot. for Remand, Docket No. 41).  Upon the conclusion of its investigation, the Corps will render a decision whether to modify, revoke, or reinstate the permit and take any appropriate enforcement action.  Hurst Decl. ¶ 4.  The permit violations are events outside of the agency's control that the Corps has determined *may* affect the validity of its decision.  Thus, this case presents precisely the circumstances in which a remand is appropriate.

     Plaintiffs' argument that the Court should deny the remand and require the litigation to proceed while the Corps undertakes its administrative review is contrary to basic principles of administrative law.  Where, as here, there is new evidence that may have a bearing on the Corps' prior decision, the appropriate course is to remand to the agency so that the agency may reconsider its decision, in the first instance, rather than have the court undertake such an inquiry.  Loma Linda Univ. v. Schweiker, 705 F.2d 1123, 1127 (9th Cir. 1983) ("Where the agency has failed to consider important evidence, the proper course is to remand for reconsideration rather than undertake its own inquiry into the merits.").  This is consistent with the narrow scope of review of agency action afforded under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Under the APA, the Court may not consider new evidence that was not before the agency when it made its decision, but, rather, must review the agency's decision based on the record the agency had before it.  Florida Power & Light Co. v. Lorion, 470 U.S. at 729, 743-44 (1985).  In arguing that the Court should undertake to review the Corps' permitting decision before the

Corps has had an opportunity to complete its investigation and consider any new evidence relating to the permit violations, Plaintiffs turn these principles of judicial review of agency action upside-down.

Moreover, judicial review of the Corps' permitting decision now – when the Corps has stated that it intends to reconsider that decision – would be an inefficient use of the parties' and the Court's resources. See Ethyl Corp., 989 F.2d at 524 (courts "commonly grant [remand] motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete"). While the Corps cannot predict the outcome of its investigation and has not predetermined its final action on remand, it is possible that the Corps will take some action that moots some or all of Plaintiffs' claims.

Plaintiffs do not dispute that the issues underlying the permit suspension relate to at least one of their claims under the Clean Water Act. See Pls. Opp., Docket No. 47, at 2. If, for example, the Corps were to modify the permit conditions relating to runoff into Cypress Creek, such modification and the underlying administrative record could have an effect on Plaintiffs' CWA claims. In addition, if the Corps' review reveals significant new or changed circumstances on site, the Corps may initiate additional review under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321(C) et seq., or further consultation under the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2). Thus, while the impetus for the Corps' reconsideration is based on outside events and not Plaintiffs' claims in this action, it is possible that the Corps' review would affect Plaintiffs' NEPA and ESA claims, as well. At the very least, there will be

additional information in the administrative record for the Corps' decision that may have some bearing on the Court's review of one or more of Plaintiffs' claims.

Plaintiffs suggestion that a remand is not warranted unless the Corps admits a mistake with regard to issues raised by Plaintiffs, see Pls. Opp., Docket No. 47, at 11, shows a misunderstanding of the standard for a remand. The case law is clear that an agency is not required to admit legal error as a precondition for remand. Ethyl Corp., 989 F.2d at 524. Rather, an "agency may request a remand (*without confessing error*) in order to reconsider its previous position." Id. (emphasis added); see also id. (citing Southwestern Bell Tel. Co. v. Fed. Communic. Comm'n, 10 F.3d 892, 896 (D.C. Cir. 1993) (noting that the court had previously allowed a remand to the FCC where the FCC sought "to give further consideration to matters addressed in the [FCC's] orders"); Wilkett v. Interstate Commerce Comm'n, 710 F.2d 861, 863 (D.C. Cir. 1983) (noting that the court had granted the Commission's remand for purposes of reconsideration); Anchor Line Ltd. v. Fed. Maritime Comm'n, 299 F.2d 124, 125 (D.C. Cir. 1962) (noting that "when an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency").

When an agency requests a remand because it wishes to reconsider its decision, a remand is appropriate if the "agency's concern is substantial and legitimate." Ethyl Corp., 989 F.2d at 524. Here, Federal Defendants are requesting a remand so that the Corps may reconsider its permitting decision in light of two permit violations that relate to the Corps' CWA findings that support its permit decision. The Corps suspended the permit on February 1, 2008, only days after documenting a second permit violation had occurred, on January 24, 2008. See Hurst Declaration ¶ 2 (attached as Ex. B to Corps' Mot. for Remand, Docket No. 41). Following the

permit suspension, on February 1, 2008, Federal Defendants promptly moved this Court for voluntary remand on February 13, 2008. The Corps has a substantial and legitimate interest in investigating the violations, assuring itself of the correctness of its decision, and taking appropriate action to address the permit violations, including modifying, revoking, or reinstating the permit, requiring corrective measures, and taking other appropriate enforcement action. Accordingly, the Court should grant the Motion for Remand.

## II.  Plaintiffs Will Not Be Prejudiced by a Stay of Litigation

Plaintiffs ask the Court to deny Federal Defendants' Motion for Remand based on illusory claims of prejudice. As an initial matter, Plaintiffs can hardly claim that they will be prejudiced by any delay in the proceedings in this Court when Plaintiffs themselves waited several months before commencing this action. Plaintiffs were active project opponents during the permitting process. However, after the permit was issued on May 17, 2007, Plaintiffs waited more than four months, until October 1, 2007, to file their complaint in this Court, even though Plaintiffs evidently were aware that work was proceeding on site, see Complaint ¶ 119, and were "greatly concerned that CCTC runoff was degrading Cypress Creek," Colson Affidavit ¶¶ 18 (attached as Ex. 3 to Pls. Opp., Docket No. 47).[2] Further, despite their knowledge that work under the permit was proceeding and their concern over its impacts, Plaintiffs waited more than three additional months to file their summary judgment motion, without seeking any preliminary

---

[2] Notably, individuals and organizations aligned with Plaintiffs in this case (and represented by the same counsel) filed an action on June 26, 2007, in the Southern District of Florida, challenging the Corps' permit and the FWS's concurrence in the Corps' ESA determinations, and then dismissed the case the next day, once again demonstrating a lack of urgency in bringing these claims before a court. See Citizens for Sanity.Com and Danieal Rametta v. Antwerp and Hall, Case No. 8:07-cv-01106-SDM-MSS.

injunctive relief during the intervening period. Against this backdrop, Plaintiffs' assertion that they will be prejudiced by any delay while the Corps reconsiders its permit decision on remand rings hollow.

Further, all activities in wetlands being carried out pursuant to the permit Plaintiffs are challenging are either completed or have been suspended pending the Corps' decision whether to modify, revoke, or reinstate the challenged permit. The wetlands Plaintiffs seek to protect have already been filled. Intervening Defendants' Response to Federal Defendants' Motion for Voluntary Remand and Stay, Docket No. 48. Additionally, during the suspension, new work in the filled wetlands is prohibited, except for corrective measures described in the declaration of Thomas Farrell submitted in support of the Motion for Remand. See Declaration of T. Farrell, Feb. 13, 2008, ¶ 4 (attached as Ex. C. to Mot. for Voluntary Remand, Docket No. 41). In other words, as far as the activities authorized by the challenged permit are concerned, the status quo ante will be preserved for the duration of the remand and stay of litigation requested by Federal Defendants.

While Plaintiffs also are opposed to work in the upland areas of the site, Intervening Defendants do not need a Corps permit to carry on construction activities in upland areas that are not waters of the United States. The Corps' regulatory jurisdiction under CWA Section 404, 33 U.S.C. § 1344, is limited to discharges of dredged or fill material into wetlands determined to be waters of the United States under the CWA and accompanying regulations. See 33 C.F.R. Part 323 (setting forth policies, practices, and procedures to be followed by the Corps in connection with the review of applications for the agency to discharge dredged or fill material into waters of the United States). The Corps does not regulate discharges on uplands. See 33 C.F.R. § 328.3(a)

(defining the term "waters of the United States").  Therefore, a person need not obtain a Section 404 permit from the Corps in order to undertake construction activities on uplands.  For these same reasons, the Corps' authority to suspend a permit does not extend to activities on uplands.  See 33 C.F.R. § 325.8 (authorizing the Corps to "order the permittee to stop those activities previously authorized by the suspended permit").

To be sure, in deciding whether to grant a permit to discharge dredged or fill material into waters of the United States, the Corps considers the environmental consequences of associated upland activities in accordance with its public interest review, the Section 404(b)(1) guidelines, and NEPA.  See 33 C.F.R. § 320.4 (public interest review); 40 C.F.R. Part 230 (EPA's Section 404(b)(1) Guidelines for Specification of Disposal Sites for Dredged or Fill Material); 33 C.F.R. Part 325 App. B (the Corps' NEPA Implementation Procedures for the Regulatory Program); see also 40 C.F.R. Part 1500 (Council on Environmental Quality regulations for implementing NEPA).  Also, the Corps may condition the grant of a Section 404 permit on environmentally protective measures in upland areas (or in waters outside of the permit area).  See 33 C.F.R. § 325.4.  However, the Corps' permitting authority extends only to the discharge of dredged or fill material into waters of the United States.  As noted, the suspension ensures that no new discharges into waters of the United States will occur during the requested remand and stay of litigation.

In the event Plaintiffs are still dissatisfied with the Corps' decision on remand, Plaintiffs will have a forum to raise their concerns.  If the Corps decides to modify the permit, the public will have notice and an opportunity to comment.  See Hurst Declaration, ¶ 6 (attached as Ex. B. to Mot. for Remand, Docket No. 41).  Further, once the Corps makes a determination whether to

modify, revoke, or reinstate the permit, it will notify the Court and the parties. At that point, Plaintiffs will have the opportunity to raise any challenges to the Corps' final action on the remanded permit.

### III. Plaintiffs Are Not Entitled to Injunctive Relief

This Court should not entertain Plaintiffs' suggestion that a remand and stay should be accompanied by a preliminary injunction against all activities on site. First, for the reasons discussed in part II, above, no injunction is necessary. The wetlands Plaintiffs seek to protect have already been filled and the Corps has suspended any new work authorized by the permit. No permit is required for the activities in the uplands that Plaintiffs wish to enjoin and therefore there is no basis for the Corps to suspend or for this Court to enjoin those activities.

Second, Plaintiffs have not filed a separate application for a preliminary injunction, supported by affidavits, as required by this Court's rules. See LCvR 65.1(c). "It is frequently observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (citation omitted). To prove an injunction is warranted, Plaintiffs have the burden of proving: (1) irreparable harm to Plaintiffs in the absence of an injunction; (2) substantial likelihood of success on the merits; (3) that an injunction would not substantially injury other interested parties; and (3) that an injunction is in the public interest. City of Tempe, AZ v. FAA, 239 F. Supp. 2d 55, 59 (D.D.C. 2003) (citations omitted).

Plaintiffs have not even attempted to make *any* showing that a preliminary injunction should be granted, despite their professed concern over the project's impacts and their knowledge of construction activities on site. Yet, nothing prevented Plaintiffs from moving for a

preliminary injunction. Thus, there simply is no basis upon which the Court could determine that Plaintiffs have met the heavy burden of proving any entitlement to preliminary injunctive relief.

Further, Plaintiffs' delay in seeking an injunction negates any claim of irreparable harm that they might make. See Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995); Crucible Materials Corp. v. Sumitomo Special Metals Co. Ltd., 719 F. Supp. 14, 17 (D.D.C. 1989) (finding that plaintiffs delay in seeking an injunction "belied its argument that its ongoing injury is truly irreparable"). Plaintiffs' allegations make clear that they were well aware construction activities at the site were ongoing. See Complaint ¶ 119. Yet, in the more than eight months since the Corps issued the permit, in May 2007, Plaintiffs elected not to file a motion for preliminary injunction. Indeed, even now, Plaintiffs appear content to wait to file a motion for a preliminary injunction until the Court orders them to do so. See Plaintiffs' Alternative [Proposed] Order Establishing a Briefing Schedule for Temporary Injunctive Relief, Docket No. 47-11. Plaintiffs' continued delay undercuts any sense of urgency in their claims of irreparable harm and it would be futile for them Court to permit them to file a motion for preliminary injunction. See St. Croix Chippewa Indians of Wisconsin v. Kempthorne, Case No. 07-2210, 2008 WL 474162, * 2 (D.D.C. Feb. 22, 2008) (noting that in the absence of irreparable injury, the court may deny injunctive relief without considering the other factors).

Accordingly, the Court should grant Federal Defendants' request for a remand and stay of litigation, without entertaining Plaintiffs' request for preliminary relief. However, if the Court were persuaded to consider Plaintiffs belated request for a preliminary injunction, the Court should first require Plaintiffs to make the required application and permit Federal Defendants an opportunity to respond.

## CONCLUSION

For the foregoing reasons and those stated in the Corps' Motion for Remand, the Court should remand the challenged permit to the Corps and stay the litigation pending a final decision on remand.

Dated: March 6, 2008

Respectfully submitted,
RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division


   /s/ Jessica O'Donnell
MARK A. BROWN
D.C. Bar No. 470050
Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0204
Facsimile: (202) 305-0275
mark.brown@usdoj.gov

JESSICA O'DONNELL
D.C. Bar No. 473166
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 305-085
Facsimile: (202) 514-8865
D.C. Bar No. 473166
jessica.odonnell@usdoj.gov

KRISTOFOR SWANSON
Colo. Bar No. 39378
Trial Attorney

        U.S. Department of Justice
        Environment and Natural Resources Division
        Natural Resources Section
        P.O. Box 663
        Washington, D.C. 20044-0663
        Telephone:  (202) 305-0248
        Facsimile:  (202) 305-0274
        kristofor.swanson@usdoj.gov

        Attorneys for Defendants

Of Counsel:

Dorothy L. Boardman
U.S. Army Corps of Engineers
Jacksonville District
P.O. Box 4970
Jacksonville, Florida 32232-0019
Telephone: (904) 232-1165
Facsimile: (904) 232-3692
Dorothy.L.Boardman@saj02.usace.army.mil

Delores Young
Department of the Interior
Office of the Regional Solicitor
Southeast Region
75 Spring St., S.W.
Suite 304
Atlanta, GA  30303
Telephone: (404) 331-3379
Facsimile: (404) 730-2682