**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIERRA CLUB, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 1:07-cv-01756 (RCL) |
| ) | |
| LT. GEN. ROBERT L. VAN ANTWERP, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| SIERRA PROPERTIES I, LLC, et al, ) | |
| ) | |
| Intervening Defendants. ) | |
| ) | |

**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS'
NOTICE OF FILING OF DECLARATION**

Federal Defendants' April 28, 2008, Notice underscores why summary judgment briefing

should proceed in this case, notwithstanding the Army Corps of Engineers' ("Corps's") claim that

it is still addressing some of the issues raised by Plaintiffs in this case. Three months ago the

Corps sought a 3-6 month voluntary remand to review the Clean Water Act section 404 permit it

issued for the Cypress Creek Town Center ("CCTC") development. Motion For Voluntary

Remand And Stay Of The Litigation And Memorandum In Support Thereof at 1, 3 n.1 (Docket

No. 41) ("Remand Motion"). Plaintiffs opposed the stay because there was already significant

ongoing damage to the environment that the Corps refused to address on a remand, including the

destruction of over fifty acres of wetlands, of occupied habitat of threatened and endangered

species, of a "critical wildlife linkage," and of buffers that protect Cypress Creek, an Outstanding

Florida Water. Moreover, while the Corps intended to review the narrow - albeit significant -

issue of discharges of polluted water from the CCTC site to surrounding wetlands and Cypress

Creek, progressive development in and around the CCTC site would potentially undermine

Plaintiffs' remedies.

Now, three months later - at a time by which the Corps had predicted it might already be

done with its administrative review, see Remand Motion at 3 n.1 - the Corps is instead proceeding

with issuing yet another permit for more construction involving the CCTC site: an elevated

highway interchange serving CCTC and the other new developments in the area.  Federal

Defendants' Notice Of Filing Of Declaration, Ex. 1 at ¶ 5 ("Notice").  Indeed, the new permit

allows for construction in some of the very wetlands at the CCTC site that were the subject of the

now "suspended" CCTC permit, all in an effort to "accomodat[e] future traffic concerns of which

[CCTC] is [a] contributor[]."  Id.[1]

Yet, at the same time, the Notice provides no information as to the status of the Corps's

ongoing administrative review.  For example, the Corps has provided no information as to when it

predicts it may complete its review of the CCTC permit, or whether the Corps has even received

---

[1]  Nowhere in the CCTC Environmental Assessment ("EA") was an elevated highway interchange ever discussed, nor were the impacts of traffic and road expansion addressed in anything but a perfunctory manner.  E.g., EA at 46, AR06681.  Notwithstanding the Corps's assertion that the highway expansion has utility "independent" of the CCTC project, see Notice, Ex. 1 at ¶ 5, the elevated highway interchange – which will in fact facilitate traffic in and around the CCTC site – is plainly interrelated with the CCTC project and moreover has environmental impacts that should have been evaluated in the NEPA and section 404 documents under review. E.g., 40 C.F.R. § 1508.7, 8, 14 (defining impacts that an agency must consider during a NEPA review as including changes in patterns of land use and population density, impacts which result from the "incremental impact of the action when added to other past, present, and reasonably foreseeable future actions," and interrelated economic, social and physical impacts); see also Grand Canyon Trust v. FAA, 290 F.3d 339, 346-47 (D.C. Cir. 2002); Natural Resources Defense Council v. Hodel, 865 F.2d 288, 297-99 (D.C. Cir. 1988); TOMAC v. Norton, 240 F. Supp.2d 45 (D.D.C. 2003).

all of the information from the developers that the Corps needs for its review, much less whether

it is now ready to "take appropriate enforcement action, [or to] take action to modify, revoke, or

reaffirm the permit." Remand Motion at 3 n.1.

If anything, therefore, the Corps' Notice simply underscores the prejudice to Plaintiffs of

allowing the Corps to unilaterally refuse to proceed with litigation. NEPA - which Plaintiffs

contend was violated by the Corps - is specifically designed to inform and influence the decision

making process to address the risk "that real environmental harm will occur through inadequate

foresight and deliberation." Sierra Club v. Marsh, 872 F.2d 497, 504 (1st Cir. 1989). In this case,

the ongoing planning and development in and/or around the CCTC site, including the roads and

areas that surround and service it, undermine Plaintiffs' ability to obtain meaningful relief given

the "deeply rooted human psychological instinct not to tear down projects once they are built"

and the "difficulty of stopping the bureaucratic steamroller, once started." Id. Similarly,

significant and existing harm to threatened and endangered species such as the Eastern Indigo

Snake and the Wood Stork - which Congress has declared to be of incalculable value and of the

highest priority, Tenn. Valley Auth. v. Hill, 437 U.S. 153, 178-79, 194 (1978) - has and continues

to occur given the clearing of wetlands and uplands on the CCTC site that were occupied habitat

for federally listed species. Meanwhile the wetlands that the Clean Water Act was intended to

protect, 33 U.S.C. § 1344 - wetlands that purify and protect Cypress Creek and its waters - have

apparently been partially filled by the developers, and the CCTC site continues to discharge

polluted water to the creek.

Plaintiffs therefore respectfully request that the Court order defendants to proceed with

filing their summary judgment briefs in this case. In the alternative, the Court should order the

Corps to complete its administrative review in a limited time period - i.e., within the next several

weeks - and order defendants to file their summary judgment briefs immediately thereafter.

Respectfully submitted,

_____/s/_____
Joshua Stebbins
D.C. Bar No. 468542
Eric R. Glitzenstein
D.C. Bar No. 358287

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Ave., NW, Suite 700
Washington, D.C. 20009
(202) 588-5206

Attorneys for Plaintiffs

May 13, 2008