UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SIERRA CLUB, et al.,

       Plaintiffs,

v.                                                                  Civ. No. 1:07-cv-01756-RCL

LT. GEN. ROBERT L. VAN ANTWERP,
in his official capacity as Chief of Engineers,
U.S. Army Corps of Engineers, et al.,

       Defendants,

and

SIERRA PROPERTIES I, LLC, et al.,

       Intervening Defendants.

_____/

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' REVISED SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Federal Defendants, Lt. Gen. Robert L. Van Antwerp, in his official capacity as Chief of Engineers, U.S. Army Corps of Engineers ("Corps"), Ken Salazar, in his official capacity as Secretary of the U.S. Department of the Interior, and Sam Hilton, in his official capacity as Director, U.S. Fish and Wildlife Service ("Service" or "FWS"), hereby answer the allegations in the Revised Supplemental Complaint for Declaratory and Injunctive Relief (Doc. No. 67) filed by Plaintiffs Sierra Club, Inc., Clean Water Action, Gulf Restoration Network, Chris Loy, and Richard Sommerville.  All allegations not specifically admitted are denied.  The numbered paragraphs in this Answer correspond to the numbered paragraphs in Plaintiffs' Revised Supplemental Complaint.

1

1.      This paragraph characterizes Plaintiffs' Revised Supplemental Complaint, and no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.  As Plaintiffs' Revised Supplemental Complaint incorporates by reference Plaintiffs' October 1, 2007, Complaint, Federal Defendants similarly incorporate by reference their November 30, 2007, Answer (Doc. No. 15).

2.      This paragraph states legal conclusions, to which no response is required.

3.      Federal Defendants admit the allegations in this paragraph.

4.      The first sentence of this paragraph purports to characterize or paraphrase Plaintiffs' October 1, 2007, Complaint and the Corps' May 15, 2007, Environmental Assessment and statement of findings ("2007 EA"), which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with those documents, they are denied.  The allegations in the second, third, fourth, and fifth sentences of this paragraph purport to characterize or paraphrase the Corps' 2007 EA and August 31, 2009, supplemental environmental assessment and statement of findings ("2009 Supplemental EA"), which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with those documents, they are denied.  The sixth sentence of this paragraph purports to characterize or paraphrase Plaintiffs' October 1, 2007, Complaint, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that document, they are denied.

5.      Federal Defendants admit that at some point during the periods of approximately July 30 to August 3, 2007, January 22 to January 23, 2008, and April 6 to April 9, 2008, turbid water was discharged from the CCTC Project site into Cypress Creek and adjacent wetlands, but

deny the remaining allegations in the first and fourth sentences of this paragraph.  With regard to the second sentence of this paragraph, Federal Defendants admit that Pasco County issued citations for the CCTC Project site, and the Southwest Florida Water Management District (SWFWMD) issued correspondence regarding violations of the environmental resource permit for the site.  The remaining allegations in the second sentence purport to characterize or paraphrase those citations and correspondence, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with those documents, they are denied.  With regard to the third sentence of this paragraph, Federal Defendants admit that the Corps issued notices of noncompliance to Sierra Properties on August 22, 2007, and February 1, 2008, for noncompliance with the terms and conditions of Department of Army permit SAJ-2003-2336 ("2007 Permit"), in violation of the Clean Water Act.  Federal Defendants deny the remaining allegations of the third sentence of this paragraph.

6. Federal Defendants admit that the Corps received a notice of intent to sue under the Endangered Species Act from the Sierra Club, dated July 17, 2007.  The remaining allegations of this paragraph state legal conclusions, to which no response is required.

7. This paragraph purports to characterize or paraphrase Plaintiffs' October 1, 2007, Complaint and Plaintiffs' January 16, 2008, motion for summary judgment, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with those documents, they are denied

8. The first sentence of this paragraph purports to characterize or paraphrase the Corps' February 1, 2008, notice of permit suspension, Federal Defendants' February 13, 2008, motion for voluntary remand and stay of litigation, and the Court's June 11, 2008, order granting

Federal Defendants' motion for voluntary remand and stay of litigation, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with those documents, they are denied.  The second sentence of this paragraph purports to characterize or paraphrase the Corps' February 1, 2008, notice of permit suspension, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that document, they are denied.

9. The allegations in this paragraph purport to characterize or paraphrase the Corps' 2009 Supplemental EA, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that document, they are denied.

10. With regard to the first sentence of this paragraph, Federal Defendants admit that the Corps received submittals of information from Plaintiffs on at least February 13, 2008, July 23, 2008, August 11, 2008, October 2, 2008, January 15, 2009, January 20, 2009, January 21, 2009, May 8, 2009, and August 21, 2009.  The remainder of the allegations in the first sentence of this paragraph purport to characterize or paraphrase these submittals, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with those documents, they are denied.  With regard to the second sentence of this paragraph, Federal Defendants admit that the Corps received a July 23, 2008, letter-request from Plaintiffs to meet with the Corps, and that the Corps did not meet with Plaintiffs.  Federal Defendants deny the remainder of the allegations in the second sentence.  Federal Defendants admit the allegations in the third sentence of this paragraph.

11. With regard to the first sentence of this paragraph, Federal Defendants admit that the Corps issued a public notice on December 16, 2008. The remainder of the allegations in the first and second sentence of this paragraph purport to characterize or paraphrase the December 16, 2008, public notice, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that document, they are denied. The third and fourth sentences of this paragraph purport to characterize or paraphrase the public comments submitted to the Corps in response to the December 16, 2008, public notice, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with those documents, they are denied. With regard to the fifth sentence of this paragraph, Federal Defendants admit that the Corps received submittals of information from the Plaintiffs on at least February 13, 2008, July 23, 2008, August 11, 2008, October 2, 2008, January 15, 2009, January 20, 2009, January 21, 2009, May 8, 2009, and August 21, 2009, and admit that the Corps received a July 23, 2008, letter-request from Plaintiffs to meet with the Corps. Federal Defendants deny any remaining allegations in the fifth sentence.

12. Federal Defendants admit the allegations in the first sentence of this paragraph. With regard to the second sentence of this paragraph, Federal Defendants admit that the Corps and FWS did not engage in formal consultation, but deny the remaining allegations in the second sentence.

13. Federal Defendants admit the allegations in this paragraph.

14. With regard to the allegations in the first sentence of this paragraph, Federal Defendants admit that the Corps issued a modified permit to Sierra Properties I, LLC on September 3, 2009 ("2009 Modified Permit"). The remainder of the allegations in the first

sentence of this paragraph purport to characterize or paraphrase the 2009 Modified Permit, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that document, they are denied. Federal Defendants admit the Corps made a Finding of No Significant Impact based upon the 2009 Supplemental EA. The remainder of the allegations in the second and third sentences of this paragraph purport to characterize or paraphrase the Corps' 2009 Supplemental EA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that document, they are denied.

15. The allegations in the first sentence of this paragraph purport to characterize the Corps' 2009 Modified Permit, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that document, they are denied. Federal Defendants deny the allegations in the second sentence of this paragraph. With regard to the allegations in the third sentence of this paragraph, Federal Defendants admit that the Corps used the 2006 fair market value of the CCTC Project site property, but deny the remaining allegations. With regard to the allegations in the fourth sentence of this paragraph, Federal Defendants admit that the Corps did not use the 2009 fair market value of the CCTC Project site property and that the Corps issued the 2009 Supplemental EA on August 31, 2009, and the 2009 Modified Permit on September 3, 2009. The remaining allegations in the fourth sentence of this paragraph purport to characterize or paraphrase the Corps' 2009 Supplemental EA and 2009 Modified Permit, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with those documents, they are denied. The allegations in the fifth sentence of this paragraph purport to characterize or paraphrase the Corps' 2009 Supplemental EA, which speaks for itself and is the best evidence of its content. To the extent the allegations

are inconsistent with that document, they are denied.

16.     The first sentence of this paragraph states legal conclusions, to which no response is required.  The first clause of the second sentence of this paragraph states legal conclusions, to which no response is required.  The second clause of the second sentence of this paragraph purports to characterize or paraphrase the Corps' 2007 Permit and 2009 Modified Permit, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with those documents, they are denied.  With regard to the third sentence of this paragraph, Federal Defendants admit that the stormwater management system was not modified in the Corps' 2009 Modified Permit, but deny the remaining allegations.

17.     The allegations in the first sentence of this paragraph purport to characterize the Corps' 2009 Modified Permit and 2009 Supplemental EA, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with those documents, they are denied.  Federal Defendants deny the allegations in the second and third sentences of this paragraph.  With regard to the fourth sentence of this paragraph, Federal Defendants admit that on August 3, 2009, the FWS concurred with the Corps' determination that the proposed CCTC Project "may affect, but is not likely to adversely affect" listed species, but deny the remaining allegations.  Federal Defendants admit the allegations in the fifth sentence of this paragraph.

18.     With regard to the allegations in the first sentence of this paragraph, Federal Defendants admit that the Corps did not prepare an environmental impact statement.  The remaining allegations in the first sentence state legal conclusions, to which no response is required.  With regard to the second sentence of this paragraph, Federal Defendants admit that

the State of Florida has designated Cypress Creek as an Outstanding Florida Water and that a small portion of the CCTC Project site is included in an area Pasco County has designated as a critical wildlife linkage, but deny any remaining allegations. Federal Defendants deny the allegations in the third sentence of this paragraph. With regard to the fourth sentence of this paragraph, Federal Defendants admit that the CCTC Project will destroy marginal wood stork foraging habitat and suitable eastern indigo snake habitat, but deny the remaining allegations. With regard to the fifth sentence of this paragraph, Federal Defendants admit that the Pasco 54 Ltd., Pasco 54, Inc., Pasco Properties of Tampa Bay, Inc., and Pasco Ranch, Inc., have been penalized by the SWFWMD for violations of state water quality standards, but deny the remaining allegations. Federal Defendants deny the allegations in the sixth sentence of this paragraph.

19.     The allegations in this paragraph purport to characterize or paraphrase the Corps' June 17, 2009, response to the permittee's reinstatement request, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that document, they are denied

**CLAIM ONE**
**THE CORPS: ALLEGED VIOLATIONS OF NEPA**

20.     Federal Defendants hereby incorporate their responses to the allegations in Plaintiffs' initial complaint and to the allegations in paragraphs 1-19 above. The remaining allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

21. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

## CLAIM TWO
## THE CORPS: ALLEGED VIOLATIONS OF THE CLEAN WATER ACT

22. Federal Defendants hereby incorporate their responses to the allegations in Plaintiffs' initial complaint and to the allegations in paragraphs 1-21 above. The remaining allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations

23. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations

## CLAIM THREE
## THE FWS: ALLEGED VIOLATION OF THE ESA

24. Federal Defendants hereby incorporate their responses to the allegations in Plaintiffs' initial complaint and to the allegations in paragraphs 1-23 above. The remaining allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations

25. The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations

## CLAIM FOUR
## THE CORPS: ALLEGED VIOLATION OF THE ESA

26. Federal Defendants hereby incorporate their responses to the allegations in Plaintiffs' initial complaint and to the allegations in paragraphs 1-25 above. The remaining allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

27.     The allegations in this paragraph state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

**PRAYER FOR RELIEF**

The remainder of Plaintiffs' Revised Supplemental Complaint is Plaintiffs' prayer for relief. Federal Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1.     Plaintiffs fail to state a claim on which relief may be granted as to some or all claims.

Respectfully submitted this 4th day of January, 2010,

IGNACIA S. MORENO
Assistant Attorney General

  s/ Jessica O'Donnell

MARK ARTHUR BROWN
D.C. Bar No. 470050
Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0204
Facsimile: (202) 305-0275
mark.brown@usdoj.gov

JESSICA O'DONNELL
D.C. Bar No. 473166
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986

Washington, D.C. 20026-3986
Telephone:  (202) 305-085
Facsimile:  (202) 514-8865
jessica.odonnell@usdoj.gov

KRISTOFOR R. SWANSON
Colo. Bar No. 39378
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0248
Facsimile: (202) 305-0274
kristofor.swanson@usdoj.gov

Of Counsel:

Christina D. Storz
Assistant District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, Florida 32207
Telephone: (904) 232-1165
Facsimile: (904) 232-1954
Christina.D.Storz@usace.army.mil

Delores Young
Department of the Interior
Office of the Regional Solicitor
Southeast Region
75 Spring St., S.W.
Suite 304
Atlanta, GA 30303
Telephone: (404) 331-3379
Facsimile: (404) 730-2682
delores.young@sol.doi.gov