UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, CLEAN WATER ACTION, GULF RESTORATION NETWORK, CHRIS LOY, and RICHARD SOMMERVILLE,<br><br>    Plaintiffs,<br><br>    v.<br><br>LT. GEN. ROBERT L. VAN ANTWERP, in his official capacity as Chief of Engineers, U.S. Army Corps of Engineers, DIRK KEMPTHORNE, in his official capacity as Secretary, U.S. Department of the Interior, and H. DALE HALL, in his official capacity as Director, U.S. Fish and Wildlife Service,<br><br>    Defendants. | Civil Action No. 1:07-cv-01756 (RCL) |

**ANSWER OF SIERRA PROPERTIES I, LLC, PASCO 54, LTD., PASCO RANCH, INC., AND JG CYPRESS CREEK LLC TO PLAINTIFFS' REVISED SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Intervening Defendants Sierra Properties I, LLC, Pasco 54, Ltd., Pasco Ranch, Inc., and JG Cypress Creek LLC (collectively referred to hereinafter as "Intervening Defendants"), by and through undersigned counsel, hereby assert defenses and answer the Revised Supplemental Complaint for Declaratory and Injunctive Relief ("Revised Supplemental Complaint") that has been filed by Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy, and Richard Sommerville, dated December 14, 2009. This Answer supplements the Answer Intervening Defendants filed on December 4, 2007 to Plaintiffs' initial Complaint in this action, dated October 1, 2007.

## Answer to the Allegations of the Complaint

Intervening Defendants hereby answer the allegations made in each numbered paragraph of the Revised Supplemental Complaint as follows:

1. The first sentence of this paragraph contains Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent that the first sentence is deemed to contain factual allegations, Intervening Defendants deny those facts. The second and third sentences contain conclusions of law to which no response is required; however, to the extent the second and third sentences contain factual allegations, those allegations are denied. The fourth sentence contains Plaintiffs' characterization of the relationship between the initial Complaint and the Revised Supplemental Complaint, to which no response is required.

## Jurisdiction

2. This paragraph contains conclusions of law to which no response is required.

## Parties

3. The first, second and third sentences of this paragraph contain Plaintiffs' characterization of the relationship between the parties identified in the initial Complaint and the parties identified in the Revised Supplemental Complaint, to which no response is required. With regard to the fourth sentence, Intervening Defendants admit that Ken Salazar is currently the Secretary of the Interior and that Sam Hamilton is currently the Director of the United States Fish and Wildlife Service ("FWS"). The remainder of this paragraph contains conclusions of law to which no response is required.

## Relevant Facts

4. Intervening Defendants admit that the initial Complaint in this action was filed on October 1, 2007, and that Corps permit number SAJ-2003-2336 was originally dated May 15, 2007. Intervening Defendants also admit that parts of Cypress Creek have been designated an

"Outstanding Florida Water" by the State of Florida.  Intervening Defendants further admit that Pasco County has designated parts of the Cypress Creek Town Center site a "critical wildlife linkage."  Intervening Defendants admit that the U.S. Army Corps of Engineers ("Corps") prepared an Environmental Assessment for, and issued a permit for, the Cypress Creek Town Center project.  The remainder of the first, second, third, fourth and fifth sentences of this paragraph contain Plaintiffs' characterizations of, argument regarding, and citations to selective portions of the Environmental Assessment, and characterizations of the permit, documents which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents.  The sixth sentence of this paragraph contains Plaintiffs' characterization of this lawsuit and conclusions of law, to which no response is required.  To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

5. Intervening Defendants admit that in August 2007 and February 2008, the Corps issued notices of violation.  Intervening Defendants deny that any discharges from the Cypress Creek Town Center site resulted in any lasting environmental impacts.  Due to vagueness and ambiguity in the remainder of the allegations in this paragraph, Intervening Defendants deny same.

6. This paragraph contains Plaintiffs' characterization of a July 2007 letter from the Sierra Club, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents.  To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

7. Intervening Defendants admit that Plaintiffs filed the initial Complaint in this action on October 1, 2007. The remainder of the first sentence contains Plaintiffs' characterization of their lawsuit, to which no response is required. The second sentence contains Plaintiffs' characterization of portions of the procedural history of this case, and Plaintiffs' characterization of arguments that Plaintiffs have made in this case, to which no response is required. To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

8. Intervening Defendants admit that the Corps suspended the Cypress Creek Town Center permit on February 1, 2008. Intervening Defendants also admit that the Corps moved for voluntary remand, and that the Court granted the Corps' motion for voluntary remand on June 11, 2008. Intervening Defendants deny the remaining factual allegations in this paragraph.

9. Intervening Defendants admit that the Corps prepared a Supplemental Environmental Assessment for this project. This paragraph contains Plaintiffs' characterizations of, argument regarding, and citations to selective portions of the Supplemental Environmental Assessment, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents. To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

10. Intervening Defendants admit that Plaintiffs and Intervening Defendants submitted materials to the Corps during remand, and that Intervening Defendants met with the Corps during remand. The remainder of this paragraph contains Plaintiffs' characterization of information Plaintiffs and Intervening Defendants submitted to the Corps on remand and the Corps' response to such submissions. The submissions, and the Corps' written responses to such

submissions, speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents. To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

11.     The first and second sentences of this paragraph contain Plaintiffs' characterization of a December 16, 2008 public notice regarding whether to reinstate, revoke or modify the Cypress Creek Town Center permit. Intervening Defendants admit that the Corps issued a public notice on December 16, 2008. The document speaks for itself and is the best evidence of its contents, and Intervening Defendants respectfully refer the Court to this document for a true statement of its contents. The third and fourth sentences refer vaguely to public comments the Corps received. The public comments speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to the public comments for a true statement of their contents. The fifth sentence contains Plaintiffs' characterization of information they submitted to the Corps. Plaintiffs' submissions speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents. Due to vagueness and ambiguity in the remainder of the allegations in this paragraph, Intervening Defendants deny same.

12.     This paragraph contains Plaintiffs' characterizations of and argument regarding selective portions of the Supplemental Environmental Assessment, a document which speaks for itself and is the best evidence of its contents. Intervening Defendants respectfully refer the Court to this document for a true statement of its contents. This paragraph also contains conclusions of

law to which no response is required. To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

13. This paragraph contains Plaintiffs' characterizations of and argument regarding another action that the Revised Supplemental Complaint does not identify by caption or case number. Intervening Defendants admit that the Corps filed an action in July 2009 in the Middle District of Florida related to Cypress Creek Town Center, Case No. 09-cv-1403. The pleadings, other filings and orders in that action speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to the documents regarding that action for a true statement regarding the action.

14. Intervening Defendants admit that the Corps prepared a Supplemental Environmental Assessment for this project. Intervening Defendants also admit that the Corps reissued the permit for Cypress Creek Town Center on September 3, 2009. This paragraph contains Plaintiffs' characterizations of and argument regarding selective portions of the Supplemental Environmental Assessment, and the permit, documents which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents. To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

15. This paragraph contains Plaintiffs' characterizations of and argument regarding selective portions of the Supplemental Environmental Assessment, and the permit, documents which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents. To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

16.     This paragraph contains Plaintiffs' characterizations of and argument regarding selective portions of the Supplemental Environmental Assessment, and the permit, documents which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents. This paragraph also contains conclusions of law to which no response is required. To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

17.     This paragraph contains Plaintiffs' characterizations of and argument regarding selective portions of the Supplemental Environmental Assessment, and the permit, documents which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents. Intervening Defendants admit that the FWS issued a decision with regard to the Cypress Creek Town Center project. This paragraph also contains Plaintiffs' characterization of and argument regarding that decision, a document which speaks for itself and is the best evidence of its content. Intervening Defendants respectfully refer the Court to the document for a true statement of its content. To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

18.     This paragraph contains Plaintiffs' characterizations of and argument regarding selective portions of the Supplemental Environmental Assessment, and the permit, documents which speak for themselves and are the best evidence of their contents. Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents. This paragraph also contains conclusions of law to which no response if required. To the extent this

paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

19.     This paragraph contains Plaintiffs' characterizations of and argument regarding selective portions of the Supplemental Environmental Assessment, and the permit, documents which speak for themselves and are the best evidence of their contents.  Intervening Defendants respectfully refer the Court to these documents for a true statement of their contents.  To the extent this paragraph is deemed to contain additional factual allegations, Intervening Defendants deny those facts.

## **Plaintiffs' Purported Claims for Relief**

20.     Intervening Defendants deny the allegations of this paragraph.

21.     Intervening Defendants deny the allegations of this paragraph.

22.     Intervening Defendants deny the allegations of this paragraph.

23.     Intervening Defendants deny the allegations of this paragraph.

24.     Intervening Defendants deny the allegations of this paragraph.

25.     Intervening Defendants deny the allegations of this paragraph.

26.     Intervening Defendants deny the allegations of this paragraph.

27.     Intervening Defendants deny the allegations of this paragraph.

## **Relief Requested**

The Court should deny the relief requested by Plaintiffs.

## **All Claims**

To the extent any allegation in Plaintiffs' Revised Supplemental Complaint for Declaratory and Injunctive Relief remains unanswered, Intervening Defendants deny such allegation.

## First Defense

The Court lacks subject-matter jurisdiction over Plaintiffs' claims on various grounds, including, but not limited to, that Plaintiffs lack standing and the claims in the Complaint are moot.

## Second Defense

Plaintiffs are estopped from challenging the Cypress Creek Town Center permit.

## Third Defense

Plaintiffs are barred from seeking equitable relief because of the doctrine of unclean hands.

## Fourth Defense

Plaintiffs have waived objections to the Cypress Creek Town Center permit and environmental documents that they did not raise during the administration process.

## Fifth Defense

Plaintiffs' claims are barred by laches.

Dated:  January 5, 2010.    Respectfully Submitted,

WHITE & CASE LLP

/s/ Douglas M. Halsey
Douglas M. Halsey
T. Neal McAliley
Angela D. Daker
White & Case LLP
Wachovia Financial Center
Suite 4900
200 South Biscayne Blvd.
Miami, Florida  33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

Eric Grannon (D.C. Bar No. 473778)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of January, 2009, the following was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel on the below service list via Notice of Electronic Filing generated by CM/ECF:

Joshua R. Stebbins
Eric Glitzenstein
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Suite 700
Washington, DC  20009-1056
(202) 588-5206
Fax:(202) 588-5049
Email: jstebbins@meyerglitz.com

*Counsel for Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy and Richard Sommerville*

Mark Arthur Brown
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Wildlife and Marine Resources Section
P.O. Box 7369
Ben Franklin Station
Washington, DC  20044-7369
(202) 305-0204
Fax: (202) 514-0097
Email: mark.brown@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

Kristofer Swanson
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resource Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
(202) 305-0248
Fax: (202) 305-0274
Email: kristofer.swanson@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

Jessica O'Donnell
U.S. DEPARTMENT OF JUSTICE
Environmental and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 305-0856
Fax: (202) 514-8865
Email:  jessica.odonnell@usdoj.gov

*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall*

       /s/ Angela D. Daker
       Angela D. Daker