UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 1:07-cv-01756 (RCL) |
| ) | |
| LT. GEN. ROBERT L. VAN ANTWERP, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| SIERRA PROPERTIES I, LLC, et al., ) | |
| ) | |
| Intervening Defendants. ) | |

**PLAINTIFFS'**
**NOTICE OF COMMENCEMENT OF NEW CONSTRUCTION ACTIVITIES**
**AND MOTION FOR**
**EXPEDITED ARGUMENT ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs hereby notify the Court that Intervening Defendants have opted to initiate new construction activities on the Cypress Creek Town Center ("CCTC") site pursuant to the Army Corps of Engineers' ("Corps's") Section 404 permit under review in this case.  Pursuant to local rule 7, Plaintiffs respectfully request that – unless Defendants and Interveners agree to take steps to maintain the status quo until the Court can rule – the Court schedule a hearing on the parties' summary judgment motions as soon as the Court's docket permits.  Although Plaintiffs have urged Defendants and Interveners to take steps to maintain the status quo while the Court considers the parties' motions for summary judgment, it is Plaintiffs' understanding that Intervening Defendants' construction activities are taking place in locations that will affect the natural resources at issue in this litigation, such as in or near jurisdictional wetlands, Cypress

Creek, the critical wildlife linkage traversing the site and/or habitat for federally listed species.[1]

This is not a case of idle speculation as to the permit's significant environmental impacts. The Corps suspended the permit in February 2008 precisely because the permit was having significant impacts, and it then took until September 2009, over a year and a half, to issue a new permit. There is no doubt that Plaintiffs have at least raised serious issues going to the integrity of the permit challenged in this case.

Now, however, the Corps has refused to even respond to Plaintiffs' request that the Corps administratively suspend the permit and maintain the status quo while the Court reviews Plaintiffs' challenge to the permit – despite the fact that the parties just completed summary judgment briefing in February 2010. See Ex. 1. And Intervening Defendants – who waited six months to commence new construction activities, from the issuance of the new CCTC permit in September 2009 until after the parties finished summary judgment briefing in February 2010 – likewise refuse to simply defer construction during the pendency of the Court's review. Indeed, Intervening Defendants have refused to even provide Plaintiffs with basic information as to what specific construction activities they are undertaking and the time frame for those activities.

Plaintiffs therefore request that – unless Defendants and Interveners agree to maintain the environmental status quo until the Court can rule – the Court schedule a hearing on the parties' motions at the earliest opportunity in the Court's docket. Otherwise, defendants' refusal to maintain the environmental status quo – a status which has existed <u>for over two years</u> since the permit was first suspended in February 2008 due to illegal discharges into an Outstanding Florida

---

[1] Counsel for Defendants and Interveners take no position with respect to Plaintiffs' request for an expedited hearing and reserve the right to respond after reviewing Plaintiffs' motion.

Water – threatens to prejudice Plaintiffs' ability to protect the environmental interests at issue in this case.

                                                           Respectfully submitted,

                                                           _____/s/_____
                                                           Joshua Stebbins
                                                           D.C. Bar No. 468542
                                                          Eric R. Glitzenstein
                                                          D.C. Bar No. 358287

                                                           MEYER GLITZENSTEIN & CRYSTAL
                                                           1601 Connecticut Ave., NW, Suite 700
                                                           Washington, D.C. 20009
                                                           (202) 588-5206

                                                           Attorneys for Plaintiffs

April 5, 2010