**Meyer Glitzenstein & Crystal**
1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20009-1063

Katherine A. Meyer
Eric R. Glitzenstein
Howard M. Crystal
Joshua R. Stebbins
William S. Eubanks II

Telephone (202) 588-5206
Fax (202) 588-5049
www.meyerglitz.com

March 25, 2010

<u>Via Electronic Transmission and First Class Mail</u>

Mark Arthur Brown
Senior Trial Attorney
United States Department of Justice
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, DC 20044-7369

Doug Halsey
White & Case, LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL 33131

Re: <u>Sierra Club v. Lt. Gen. Robert L. Van Antwerp, et al.</u>

Dear Mr. Brown and Mr. Halsey:

  As you are aware, the parties have recently completed summary judgment briefing in the Cypress Creek Town Center ("CCTC") matter on February 12, 2010. The legality of the Army Corps of Engineers' ("Corps's") permit authorizing the destruction of wetlands under section 404 of the Clean Water Act is now, therefore, before the Court and awaiting the Court's judgment.

  Nonetheless, as expressed in Plaintiffs' earlier email communications to which Intervening Defendants have refused to respond, Plaintiffs have reason to believe that Intervening Defendants have commenced new construction activities on the Cypress Creek Town Center site in locations that can affect the natural resources at issue in the above referenced litigation, such as in or near jurisdictional wetlands, Cypress Creek and/or habitat for federally listed species. Plaintiffs reiterate their request that Intervening Defendants clarify what construction activities they have commenced and whether they are in fact in locations that may affect the natural resources at issue in the CCTC case. Should Intervening Defendants continue to refuse to provide Plaintiffs this information, Plaintiffs will accept Intervening Defendants' refusal as


recycled paper

confirmation that construction has begun in areas that may affect the natural resources at issue in the CCTC case.

Plaintiffs also request that Intervening Defendants suspend any such activities at least until the Court has had an opportunity rule on the legality of the CCTC permit. Despite the fact that the Corps issued a new CCTC permit over half a year ago, Intervening Defendants did not commence new construction on the CCTC site. It is only now – several weeks after the parties put the legality of the Corps's new permit before the Court – that Intervening Defendants suddenly seek to commence work on site. Plaintiffs urge Intervening Defendants to suspend their construction activities pending the Court's review of the CCTC permit.

If Intervening Defendants are unwilling to do so, Plaintiffs urge the Corps administratively to suspend the CCTC permit until the Court has an opportunity to review its legality. As the Corps itself noted in the new CCTC permit, the Corps certainly has the regulatory authority to do so. See e.g., 33 C.F.R. § 325.7. Although the parties dispute the validity of the Corps's permit, there is no genuine issue as to the significant environmental impacts that the Corps's CCTC permit has already had. Indeed, the Corps itself suspended the initial CCTC permit for a year and a half because of its impacts. In such circumstances the Corps, as the agency with statutory authority to protect waters of the United States, should administratively suspend its permit until the Court can resolve the issue of its legality.

Please let me know by Tuesday, March 30, 2010, what specific activities Intervening Defendants have commenced on the CCTC site, where, and whether defendants will suspend such activities as requested herein until the Court has had an opportunity to review the CCTC permit. If I do not hear from you I will understand that defendants have refused Plaintiffs' requests and will proceed accordingly, including by advising the Court that, although the important issues raised in this case are now fully briefed, defendants are apparently unwilling simply to maintain the status quo until the Court rules on the pending motions.

Sincerely

Joshua Stebbins