UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, et al.,                          )<br>                                                           )<br>     Plaintiffs,                                      )<br>                                                           )<br>     v.                                                  )<br>                                                           )<br>LT. GEN. ROBERT L. VAN ANTWERP, et al., )<br>                                                           )<br>     Defendants,                                   )<br>                                                           )<br>     and                                               )<br>                                                           )<br>SIERRA PROPERTIES I, LLC, et al.,       )<br>                                                           )<br>     Intervening Defendants.                )<br>                                                           ) | Civ. No. 1:07-cv-01756 (RCL) |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
NOTICE OF COMMENCEMENT OF NEW CONSTRUCTION ACTIVITIES
AND MOTION FOR
EXPEDITED ARGUMENT ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

In their responses to Plaintiffs' request for expedited hearing on the pending summary judgment motions now before the Court, neither Intervening Defendants nor Federal Defendants dispute that for the past two years – from February 2008 until sometime in March 2010 – the Cypress Creek Town Center ("CCTC") site was essentially dormant, except for site stabilization measures, and the construction of CCTC was at a standstill, because of past environmental problems and violations at the site. Nor does anyone dispute that – for whatever reason – Intervening Defendants chose to wait over six months since the issuance of the second CCTC permit and until summary judgment briefing was completed before they commenced new construction activities at the CCTC site several weeks ago. And Intervening Defendants do not contest the fact that their new construction activities are targeting locations that threaten the very

environmental features that Plaintiffs seek to protect in this litigation.  To the contrary, defendants effectively concede these points.

Instead, Intervening Defendants respond that all of their new construction work is in accordance with the new CCTC permit issued by the Army Corps of Engineers ("Corps").  Yet this simply reinforces why the status quo should be maintained while the Court resolves the validity of the Corps's permit and why, given Interveners' insistence on renewing construction after such a long delay, the Court should schedule a hearing on the pending dispositive motions.  Indeed, as discussed in the briefs on the merits, the new CCTC permit is essentially the same as the initial CCTC permit, and the initial permit led to such flagrant violations of federal, state and local environmental laws that the Corps itself suspended the permit for a year and a half.  There is no question, therefore, that the CCTC permit raises significant environmental concerns and that, in the very least, an Environmental Impact Statement should be prepared before construction under the permit proceeds.

Moreover, defendants' contention that Plaintiffs should move for a preliminary injunction <u>when the Court now has the final merits of the case pending before it</u> invites a terribly inefficient use of the Court's resources and is little more than a thinly veiled attempt to divert the Court from a final resolution of this case.  In essence, rather than have the Court rule expeditiously on the pending dispositive merits motions before it, defendants would have the Court spending its time ruling on Plaintiffs' likelihood of success on the pending motions.  This makes absolutely no sense whatsoever from a judicial economy or efficiency standpoint.

Plaintiffs therefore again respectfully submit that, in light of the pending dispositive motions, and given Interveners' and the governments' refusal to maintain the status quo as it has

existed for years, the most economical and appropriate use of the Court's resources is to set an expedited hearing on the parties' pending summary judgment motions.

                                                Respectfully submitted,

                                                _____/s/_____
                                                Joshua Stebbins
                                                D.C. Bar No. 468542
                                                Eric R. Glitzenstein
                                                D.C. Bar No. 358287

                                                MEYER GLITZENSTEIN & CRYSTAL
                                                1601 Connecticut Ave., NW, Suite 700
                                                Washington, D.C. 20009
                                                (202) 588-5206

                                                Attorneys for Plaintiffs

April 13, 2010