UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LT. GEN. ROBERT L. VAN ANTWERP, et al., )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>SIERRA PROPERTIES, et al., )<br>)<br>Intervenor-Defendants. )<br>) | Civ. No. 1:07-cv-01756 (RCL) |

**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS'**
**MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' REMEDY BRIEF**

Plaintiffs take no position on whether the Federal Defendants should be permitted to file yet another brief concerning remedies. But in the event the Court permits the filing, Plaintiffs note that their proposed relief – i.e, that Plaintiffs and the Court simply be kept notified concerning the progress on remand and any further work on the site and that the Federal Defendants address appropriate remediation measures as part of the remand – follows the approach the Supreme Court outlined in Monsanto v. Geerston Seed Farms, 130 S. Ct. 2743 (2010), by providing the minimum relief necessary, at this juncture, to redress the legal violations discerned by the Court. It is difficult to fathom how the government (or Intervenors) could have any objection to this modest relief. As Plaintiffs have explained, although the Court could indeed immediately order a partial vacatur of the permit that would track the Corps' own prior partial permit suspension, Plaintiffs have proposed an even more limited remand-only approach,

while simply insuring that Plaintiffs are in a position to seek further relief should that prove necessary.  Anything less would run the risk that extensive construction activity might proceed on the site without Plaintiffs' or the Court's knowledge, which simply makes no sense in light of both the Court's ruling, and the government's own suggestion that its options on remand would be constrained were major construction to go forward.   Fed. Def. Brief Regarding Remedies (DN 93) at 3 (July 20, 2010).[1]

                                                              Respectfully submitted,

                                                           /s/  *Howard M. Crystal*
                                                           Howard M. Crystal (D.C. Bar No. 446189)
                                                           Eric R. Glitzenstein ( (D.C. Bar No. 358287)
                                                           Meyer Glitzenstein & Crystal
                                                           1601 Connecticut Ave., N.W., Suite 700
                                                           Washington, D.C.  20009
                                                           (202) 588-5206
                                                           hcrystal@meyerglitz.com

August 11, 2010                                Attorneys for Plaintiffs

---

[1] In any event, what the Court should not do is leave Plaintiffs without a meaningful remedy.  Merely filing status reports is hardly burdensome, and will insure that the Court and Plaintiffs are kept informed as to what is happening during the remand period.  Alternatively, as Plaintiffs have also explained, partial vacatur is plainly authorized by the plain terms of the APA and Circuit precedent.