UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIERRA CLUB, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 07-1756 (RCL) |
| v. | ) ) ) | |
| ROBERT L. VAN ANTWERP, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION & ORDER

On June 30, 2010, the Court granted plaintiffs' motion for summary judgment on their National Environmental Policy Act (NEPA) and Clean Water Act (CWA) claims and remanded the Army Corps of Engineers' permit. The same day, the Court ordered government defendants and intervening defendants, either jointly or individually, to submit a proposed remediation plan and any comments on the injunctive relief sought by plaintiffs. Additionally, the Court provided that plaintiffs may file their response to the proposed plans and comments within twenty days thereafter. The issue is now ripe and before Court.

The Administrative Procedures Act (APA) provides that the reviewing court shall set aside any agency action that is arbitrary and capricious. 5 U.S.C. § 706; *see* Black's Law Dictionary (8th ed. 2004) (set aside means "to annul or vacate). "The decision whether to vacate depends on the seriousness of the order's deficiency . . . and the disruptive consequences of an interim change that may itself be changed." *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993); *see also, e.g., Advocates for Highway and Auto Safety*, 429 F.3d 1136, 1151 (D.C. Cir. 2005); *Ill. Pub. Telecomm. Ass'n v. FCC*, 123 F.3d 693,

1

693 (D.C. Cir. 1997); *Association of Battery Recyclers, Inc. v. EPA*, 208 F.3d 1047, 1061 (D.C. Cir. 2000); *American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 (D.C. Cir. 2001); *International Union UMW v. FMSHA,* 920 F.2d 960, 966-67 (D.C. Cir. 1990); *Sugar Cane Growers Cooperative of Florida v. Veneman*, 289 F.3d 89, 98 (D.C. Cir. 2002). *Cf. Canadian Pacific Railway Co. v. Surface Transp. Bd.,* 197 F.3d 1165 (D.C. Cir. 1999).

While the U.S. Supreme Court made clear in *Monsanto* that there is no presumption to other injunctive relief, *Mansanto*, 130 S. Ct. at 2757, both the Supreme Court and the D.C. Circuit Court have held that remand, along with vacatur, is the presumptively appropriate remedy for a violation of the APA. *Fed. Commc'ns Comm'n v. Nextwave Personal Commc'ns. Inc.*, 537 U.S. 293, 300 (2003) ("agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'") (other citations omitted); *see also, e.g., Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs.*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) ("We have made clear that '(w)hen a reviewing court determines that the agency regulations are unlawful, the ordinary result is that the rules are vacated . . .'") (quoting *Harmon v. Thornburgh*, 878 F.2d 484, 495, n.21 (D.C. Cir. 1989)); *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 (D.C. Cir. 2001) (explaining that a plaintiff who "prevails on its APA claim . . . is entitled to relief under that statute, which normally will be a vacatur"). *But see Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (where "the record before the agency does not support the agency action, . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). Indeed, the Court in *Monsanto* assumed that a remand and vacatur of the agency's decision was lawful. *Monsanto*, 130 S. Ct. at 2756.

In order to obtain permanent injunctive relief, plaintiffs much demonstrate: (1) that they will suffer an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardship between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Monsanto*, 130 S. Ct. at 2756. Plaintiffs have failed to demonstrate any of the four requirements. As such, the Court concludes injunctive relief is inappropriate.

However, federal defendants indicate that in the event that the developer intends to engage in "on-going activities within the jurisdictional wetlands, such work could impact the Corps' or the Court's ability to require future restoration efforts, to the extent such relief is appropriate." Fed. Def. Brief Regarding Remedy at 3; *see also id.* at 14 ("The Corps neither opposes nor supports Plaintiffs' request for an order that would preclude Intervening Defendants from undertaking additional activities on the project site pending a remand,' but "not[ing] that if the Court did not enjoin on-going activities within the jurisdictional wetlands, such work could impact the Corps' or the Court's ability to require wetlands restoration in the future, if, following remand, such relief is found to be appropriate").

Federal defendants argue that no further relief beyond the remand is necessary but request that, if the Court finds vacatur to be appropriate, to leave intact the portions of the permit requiring Intervenors to maintain the storm water management system because the system is "critical to preventing discharges of turbid water into Cypress Creek." *Id.* at 2.

Intervenors have made clear their intention to continue work on the CCTC site. Intervening Defs' Reply at 1 ("intervening Defendants intend to move ahead with the orderly development of the project in accordance with existing agreements and as soon as reasonably practicable, and at no time have advised Plaintiffs that they will discontinue development of the

3

project"); (". . . absent an injunction, Intervening Defendants intend to recommence work during remand, including in former Corps jurisdictional wetland areas, as appropriate, to complete development of CCTC in accordance with all applicable permits and approvals"). As such, it is necessary for the Court to resolve additional remedies beyond remand.

The Court finds that the appropriate remedy is remand along with a partial vacatur. Specifically, intervenors will be permitted to (1) complete the construction of County Road 54[1] and (2) continue to manage the storm water management system. Because the wetland areas have been filled, the Court agrees that the "constructed storm water management system is necessary to adequately manage and treat storm water inputs from the project site." Fed. Br. at 5 (citing Hurst Decl. ¶6). Since several current permit conditions pertain to the continued operation and maintenance of the storm water management system and ongoing stabilization of the site, the vacatur will not affect those provisions. While it is true that when there is "serious possibility" that the agency can correct the defect on remand, *see Milk Train, Inc. v. Veneman*, 3310 F.3d 747, 756 (D.C. Cir. 2002), and no significant harm would result from keeping the agency's decision in place, courts can remand with vacatur. Because intervenors intend on continuing development pursuant to the permit, vacatur is appropriate in order to prevent significant harm resulting from keeping the agency's decision in place. *See A.L. Pharma, Inc. v. Shalala*, 62 F.3d 1484, 1492 (D.C. Cir. 1995).

The Court declines to grant the issuance of the injunctive relief originally sought by plaintiffs. Additionally, the Court agrees with federal defendants and intervening defendants' contention that any further Court supervision would be improper. *See Palisades General Hospital v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005) (after a "court reviewing agency action

---

[1] Plaintiffs do not oppose completion of County Road 54. *See* Pls.' Resp. to Fed. Defs.' and Intervenors' Remedies Br. at 12.

4

determines that an agency made an error of law, the court's inquiry is at an end"). Accordingly, it is hereby

ORDERED that the Army Corps of Engineers' permit at issue be remanded and partially vacated. Intervenors will be permitted to (1) complete the construction of County Road 54 and (2) continue to manage the storm water management system.

This constitutes the Court's final decision in this case, and is an appealable order.

SO ORDERED.


AUGUST 20, 2010                                     /s/ Royce C. Lamberth
                                                    Chief Judge
                                                    United States District Court