UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SIERRA CLUB, *et al.*,

    Plaintiffs,

v.                                                                                                  Civ. No. 1:07-cv-01756-RCL

LT. GEN. ROBERT L. VAN ANTWERP, *et al.*,

    Defendants,

SIERRA PROPERTIES, *et al.*,

    Intervening Defendants.
_____/

## FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' REMEDY BRIEF

    Plaintiffs' response on remedy represents a change in the nature of their requested relief, and presents a proposed order wholly different from that which Plaintiffs submitted with their briefing on the merits. Federal Defendants therefore offer the following points in response to Plaintiffs' newly-requested relief.

    First, Plaintiffs now concede that remand without vacatur is appropriate in the present circumstances given the benefit of keeping certain permit conditions in place, including those relating to storm water management. See Pls.' Resp. at 12 (D.E. 95). Plaintiffs also agree that it "makes sense to finally resolve the <u>specific</u> remediation steps that should be taken in this case <u>after</u> the Corps has made a new decision on the permit." Pls.' Resp. at 13. But the Corps holds the discretion to make the initial determination on what, if any, remediation measures are appropriate.

1

Second, there is no need for the Court to retain jurisdiction over the case. Plaintiffs ask the Court to retain jurisdiction based upon the speculative belief that harm may arise at some future date. Pls.' Resp. at 12–13. In the process, however, Plaintiffs effectively concede that they are not currently suffering any irreparable harm. Pls.' Resp. at 12. And, given that all jurisdictional wetlands at the site have already been filled and permit conditions require continued site stabilization and operation of the storm water management system, any future change from the status quo is unlikely. Regardless, if the Court determines Plaintiffs have met their burden to show a likelihood of irreparable harm, see Monsanto Co. v. Geertson Seed Farms, 130 S. Ct. 2743, 2756 (2010), the proper course is not continuing jurisdiction, but narrowly-tailored injunctive relief against further site activity.[1] The Court should not interject itself, through reporting requirements or otherwise, into Corps decision-making upon remand, particularly where any Corps decision allowing future work would be a new agency action that Plaintiffs could separately challenge under the Administrative Procedure Act. The proper course under the APA is to remand the decision in question to the agency for further consideration, and Plaintiffs have not demonstrate how the facts here present a "rare circumstance" that requires anything more. See Florida Power & Light, 470 U.S. 729, 743–44 (1985).

Third, if the Court does decide to retain jurisdiction, the reporting requirements Plaintiffs propose are unnecessarily burdensome. Plaintiffs have presented no "rare circumstance" that justifies judicial oversight of the Corps' options, plans, or actions upon remand, particularly with respect to what, if any, remedial measures may be appropriate. As Plaintiffs acknowledge,

---

[1] Any injunctive relief should be narrowly-tailored to ensure that those permit conditions related to operation and maintenance of the storm water management system remain in full force and effect.

Monsanto clarifies that decisions upon remand are left to the agency's discretion. See Pls.' Resp. at 13–14; Monsanto, 130 S. Ct. at 2760 ("Until such time as the agency decides whether and how to exercise its regulatory authority, however, the courts have no cause to intervene."). Further, the Corps is unlikely to know what, if any, remedial measures are proper until it has made a decision upon remand. That decision, given the potential for appeal and the agency's normal administrative processes, may not be known for years. Thus, even if reports to the Court were appropriate, bi-monthly reports are unnecessary.

## CONCLUSION

For the foregoing reasons, and those stated in their remedy brief, Federal Defendants respectfully request that the Court enter an order (1) denying Plaintiffs' request that the permit be vacated; and (2) denying Plaintiffs' request for injunctive relief against the Corps, including relief related to restoration of the wetlands, submission of a remedial plan, and the filing of status reports. Federal Defendants also request that the Court enter final judgment.

Respectfully submitted this 9th day of August, 2010,

    IGNACIA S. MORENO
    Assistant Attorney General

    *s/ Kristofor R. Swanson*

    MARK ARTHUR BROWN
    D.C. Bar No. 470050
    Senior Trial Attorney
    U.S. Department of Justice
    Environment & Natural Resources Division
    Wildlife and Marine Resources Section
    P.O. Box 7369
    Washington, D.C. 20044-7369
    Telephone: (202) 305-0204

Facsimile: (202) 305-0275
mark.brown@usdoj.gov

JESSICA O'DONNELL
D.C. Bar No. 473166
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 305-085
Facsimile: (202) 514-8865
jessica.odonnell@usdoj.gov

KRISTOFOR R. SWANSON
Colo. Bar No. 39378
JODY SCHWARZ
D.C. Bar. No. 493998
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0248
Facsimile: (202) 305-0274
kristofor.swanson@usdoj.gov

Of Counsel:

Christina D. Storz
Assistant District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, Florida 32207
Telephone: (904) 232-1165
Facsimile: (904) 232-1954
Christina.D.Storz@usace.army.mil