UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, *et al.* )<br> )<br>  Plaintiffs, )<br> )<br> v. )<br> )<br>LT. GEN. ROBERT L. VAN ANTWERP, )<br>in his official capacity as Chief of )<br>Engineers, *et al.*, )<br> )<br>  Defendants, )<br> )<br> and )<br> )<br>SIERRA PROPERTIES I, LLC, *et al.*, )<br> )<br>  Intervening Defendants. )<br>_____/ | Civil Action No. 1:07-cv-01756 (RCL) |

### INTERVENING DEFENDANTS' REPLY TO
### PLAINTIFFS' REMEDIES BRIEF AND PROPOSED REMEDIES ORDER

For the reasons set forth below, Intervening Defendants file this reply to Plaintiffs' Response to Federal Defendants' and Intervening Defendants' Remedies Briefs ("Plaintiffs' Response") (D.E. 95) and Plaintiffs' Proposed Order (D.E. 95-1). First, Plaintiffs incorrectly suggest that Intervening Defendants have chosen not to proceed further with the project at this time. Plaintiffs are mistaken. Intervening Defendants intend to move ahead with the orderly development of the project in accordance with existing agreements and as soon as reasonably practicable, and at no time have advised Plaintiffs that they will discontinue development of the project. Second, this Court ordered the Federal Defendants and Intervening Defendants to provide "comments on the injunctive relief sought by Plaintiffs in their proposed order." D.E. 91. Federal Defendants and Intervening Defendants did so. In response, however, Plaintiffs submitted a <u>new</u> proposed order which, contrary to Plaintiffs' suggestion, is not "modest," but

would instead require this Court to actively monitor remand proceedings and ensure there is no finality to the Court's involvement in this matter. This reply addresses the completely different relief Plaintiffs now seek as well as Plaintiffs' incorrect assumptions regarding both past and future work on the Cypress Creek Town Center ("CCTC") site.

In its June 30, 2010 Order, the Court directed Defendants to provide "comments on the injunctive relief sought by Plaintiffs in their proposed order." D.E. 91. In that proposed order, Plaintiffs had requested this Court to order that:

1. The Army Corps of Engineers Permit at issue be vacated and remanded;

2. All activity on the site shall cease until further order of the Court; and

3. Defendants and Intervening Defendants shall restore jurisdictional wetlands and habitat for federally listed species on the CCTC site.

D.E. 70-1. Federal Defendants and Intervening Defendants responded to each of these forms of relief in their Memoranda filed on July 20, 2010. But in their response, Plaintiffs have abandoned each of these forms of relief and, in sharp contrast to their earlier filings, now ask the Court to refrain from entering <u>any</u> order that would constitute a final judgment and end this Court's role in this matter.

There is nothing "difficult to fathom" about Plaintiffs' new strategy. They want this Court to supervise remand proceedings, receiving and reviewing reports every 60 days during a process that could last several years. Jettisoning their earlier request for an injunction, Plaintiffs now ask the Court to retain jurisdiction "for the purpose of resolving any request by Plaintiffs for further relief that may become necessary" at any time during the remand. Plainly, Plaintiffs' seek to avoid entry of any order that would constitute a final judgment or would end this Court's role in this matter. Not only is Plaintiffs' new proposed order a repudiation of the relief they have sought throughout this entire case, it seeks to impose an intrusive and improper role for the Court

that is not warranted here.  *See, e.g., Palisades General Hospital Inc. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005) (after "court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end").   Far from being the "minimum relief necessary," Plaintiffs' new proposed order provides extraordinary relief: it would extend this Court's role indefinitely and provide no final judgment.

Plaintiffs mistakenly assume that there will be no construction work on the CCTC site during remand other than the completion of County Road 54.  They base this assumption on the mistaken belief that there has not been significant activity on the site since the CCTC permit was reinstated in September 2009.  D.E. 95 at 2, 6, 12-14.  Once again, Plaintiffs are incorrect. Intervening Defendants have never represented to this Court that they have terminated development or that they will not proceed with development activity on the CCTC site during the remand.  The Corps reinstated the CCTC permit in September 2009 and there is, therefore, currently a valid permit for the CCTC project.  Since the permit was reissued, Intervening Defendants have spent significant time and resources in the further development of the CCTC site, including designing and permitting roadway improvements for large portions of the CCTC site.  Moreover, Intervening Defendants have contracts to complete public roadway improvements and deliver over 55 acres of sites to major retail users who wish to proceed immediately with planning, construction and opening of their facilities.  Intervening Defendants are also contractually obligated to perform site work improvements for a retailer that acquired a portion of the project site from Intervening Defendants in 2007.  Because of these commitments, absent an injunction, Intervening Defendants intend to recommence work during remand, including in former Corps jurisdictional wetland areas, as appropriate, to complete development of CCTC in accordance with all applicable permits and approvals.

Respectfully submitted,

s/ Douglas M. Halsey
Counsel for Intervening Defendants

Douglas M. Halsey (Florida Bar No. 288586)
T. Neal McAliley (Florida Bar No. 172091)
Angela D. Daker (Florida Bar No. 681571)
White & Case LLP
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida  33131-2352
(305) 371-2700 (telephone)
(305) 358-5744 (facsimile)

Eric Grannon (D.C. Bar No. 473778)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005
(202) 626-3600 (telephone)
(202) 639-9355 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of August, 2010, the following was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel on the below service list via Notice of Electronic Filing generated by CM/ECF:

| | |
|---|---|
| Eric Glitzenstein<br>Howard M. Crystal<br>MEYER GLITZENSTEIN & CRYSTAL<br>1601 Connecticut Avenue, NW<br>Suite 700<br>Washington, DC  20009-1056<br>(202) 588-5206<br>Fax:(202) 588-5049<br>Email: eglitzenstein@meyerglitz.com<br>Email: hcrystal@meyerglitz.com<br><br>*Counsel for Plaintiffs Sierra Club, Clean Water Action, Gulf Restoration Network, Chris Loy and Richard Sommerville* | Kristofor Swanson<br>U.S. DEPARTMENT OF JUSTICE<br>Environment and Natural Resources Division<br>Natural Resources Section<br>P.O. Box 663<br>Washington, DC 20044-0663<br>(202) 305-0248<br>Fax: (202) 305-0274<br>Email: kristofor.swanson@usdoj.gov<br><br>*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall* |
| Mark Arthur Brown<br>U.S. DEPARTMENT OF JUSTICE<br>Environment and Natural Resources Division<br>Wildlife and Marine Resources Section<br>P.O. Box 7369<br>Ben Franklin Station<br>Washington, DC  20044-7369<br>(202) 305-0204<br>Fax: (202) 514-0097<br>Email: mark.brown@usdoj.gov<br><br>*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall* | Jessica O'Donnell<br>U.S. DEPARTMENT OF JUSTICE<br>Environment and Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 23986<br>Washington, D.C. 20026-3986<br>(202) 305-0856<br>Fax: (202) 514-8865<br>Email: jessica.odonnell@usdoj.gov<br><br>*Counsel for Federal Defendants Robert Van Antwerp, Dirk Kempthorne and Dale Hall* |

                                          s/ Douglas M. Halsey
                                          Douglas M. Halsey