**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIERRA CLUB, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>LT. GEN. ROBERT L. VAN ANTWERP, et al., )<br><br>Defendants. )<br><br>and )<br><br>SIERRA PROPERTIES, et al., )<br><br>Intervening Defendants ) | Civ. No. 1:07-cv-01756 (RCL) |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**
**AND SUPPORTING MEMORANDUM**

Plaintiffs hereby move for an award of attorneys' fees and litigation expenses against the federal defendants under the Endangered Species Act, 16 U.S.C. § 1540(g)(4) ("ESA"), and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"). For the reasons set forth below, an award of fees and costs under both statutes is justified here.[1]

Under the ESA, the Court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). Here, such an award to plaintiffs is "appropriate" because the Court of Appeals has held that the U.S. Army Corps of Engineers ("Corps"), in both granting and then

---

[1] Plaintiffs are also filing today a motion to hold this application for fees and costs in abeyance for 60 days so that the parties can ascertain whether a resolution of the fee issue is feasible without further involvement by the Court.

reissuing a permit for the Cypress Creek Town Center ("CCTC") project under review, failed to address the impacts of the project on the fragmentation of the habitat of the threatened Eastern Indigo Snake ("Snake), notwithstanding record evidence – including a detailed declaration from a leading expert on the Snake – that the project will adversely impact the Snake's habitat in a plethora of ways.  *See Sierra Club v. Van Antwerp*, 661 F.3d 1147, 1156-57 (D.C. Cir. 2012) (although "conservation guidelines submitted in CCTC's own application noted that the snake is 'especially vulnerable' to habitat 'fragmentation' because of the snake's large range . . . [n]evertheless, the Corps and FWS did not address the fragmentation risk"); *id*. ("In its second FONSI, issued in August 2009, the Corps again did not address the impacts of habitat fragmentation . . . Given Dr. Dodd's expertise and experience, and the seeming logic of his analysis, as well as CCTC's own acknowledgment of the snake's vulnerability to fragmentation risk, we think his comment qualifies as the sort of 'relevant and significant' public comment to which an agency must respond, lest its action be arbitrary and capricious.") (internal citation omitted).  Accordingly, in light of the Court of Appeals' ruling that the Corps and FWS failed adequately to address a potentially significant impact on a threatened species, an award of fees and costs under the ESA citizen suit provision is "appropriate," 16 U.S.C. § 1540(g)(4).

EAJA provides, in pertinent part, that a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by the party in any civil action . . . including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  With respect to the challenge to the renewed permit issued in 2009, plaintiffs, which include non-profit organizations and individuals who are eligible for an

2

award under EAJA, are "prevailing part[ies]" with regard to their NEPA claim, because the Court of Appeals affirmed this Court's holding that the Corps' 2009 NEPA analysis and finding that an Environmental Impact Statement could be avoided completely failed to address potential impacts on Snake habitat.  *See* 661 F.3d at 1157.  Insofar as plaintiffs' challenge to the 2007 permit is concerned, plaintiffs are also prevailing parties because the Court, *after* plaintiffs had originally moved for summary judgment and after the Corps had suspended the permit due to Clean Water Act ("CWA") violations, granted the government's motion for a voluntary remand; in doing so, the Court observed that this afforded plaintiffs essentially the same relief that they would have obtained had their summary judgment motion been granted.  *See Sierra Club v. Van Antwerp*, 560 F. Supp. 21, 26 (D.D.C. 2008) ("[E]ven if plaintiffs are ultimately successful in this forum, the likely relief would be in the form of setting aside the original permit decision and remanding to the Corps for reconsideration in light of applicable law . . . *The Corps' voluntary reconsideration of the permit appears to be a development along the lines of the relief that plaintiffs seek*.") (emphasis added; internal citations omitted).[2]

In short, plaintiffs are entitled to an award of fees and costs for the first round of litigation, culminating in the remand ordered by the Court in 2008, as well as fees and costs expended on their ESA and NEPA claims during the second round of litigation, culminating in

---

[2]  To obtain an award under EAJA, a prevailing party must "also allege that the position of the United States was not substantially justified."  28 U.S.C. § 2412(d)(1)(B).  The Court of Appeals' ruling makes clear that the Corps' failure to address adverse impacts on Snake habitat was not "substantially justified," especially in light of the detailed submission from a leading Snake expert setting forth various ways in which the Snake could be harmed.  Further, in failing even to respond to plaintiffs' original motion for summary judgment motion, and instead requesting a voluntary remand of the 2007 permit, the Corps essentially conceded that its defense of the permit was not substantially justified.

the D.C. Circuit's ruling that the Corps and FWS consistently failed adequately to address the project's impacts on the Snake.  With regard to the amount of time and costs expended on the litigation to date, plaintiffs are attaching as an exhibit a declaration of plaintiffs' counsel, which summarizes the pertinent information.

Respectfully submitted,

_____/S/_____
Eric R. Glitzenstein
(D.C. Bar. No. 358287)

Meyer Glitzenstein & Crystal
1601 Connecticut Ave., N.W., Suite 700
Washington, D.C.  20009

(202) 588-5206

Counsel for Plaintiffs

4